IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARK G. ABBEY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07-272C |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

Gregory K. McGillivary
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC 20005
Phone: (202) 833-8855

Attorney of Record for Plaintiffs

Lauren E. Schwartzreich
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC 20005
Phone: (202) 833-8855

Of Counsel

Table of Contents

Table of Authorities……………………………………………………………..i

PLAINTIFFS' BRIEF…………………………………………………………..2

STATEMENT OF THE CASE…………………………………………………………2

I. Nature of the Case……………………………………………………2

II. Issues Presented………………………………………………………4

III. Statement of Facts…………………………………………………….5

A. FAA Provides Compensatory Time at the Straight Rate for Hours Worked in Excess of 40 Hours in a Week………………………5

B. Plaintiffs' Performance of Pre-Shift and Post-Shift Uncompensated Work…………………………………………………………6

C. Plaintiffs' Performance of Bidding Duties is Not *De Minimis*……7

SUMMARY OF THE ARGUMENT…………………………………………………..8

ARGUMENT……………………………………………………………………….13

I. Defendant Must Establish It is Entitled to Summary Judgment with Respect to Counts III and IV, and Bears the Burden of Establishing it Can Avoid Summary Judgment With Respect to Count II…………………13

II. Defendant's Payment of Hour-for-Hour Compensatory Time for Overtime Work Violates the FLSA………………………….15

A. The FLSA Requires Overtime Compensation to be Paid at the Rate of One and One-Half Times An Employee's Regular Rate of Pay...........................................................................................15

B. The FLSA Requires *Monetary* Overtime Compensation………...17

C. The FLSA Contains Express Exceptions to the Requirement that Monetary Compensation Be Paid for Overtime, but None of These Exceptions Apply to Plaintiffs…………………………………..19

D. The Only Statutory Authority that Permits Payment of Compensatory Time in Lieu of Cash for Federal Employees Does Not Apply to Plaintiffs……………………………………….22

E. Defendant's Arguments to Justify its Violation of the FLSA's Prohibition Against Compensatory Time and Straight Time Overtime Pay are Without Merit………………………………..24

F. Defendant is Liable for its Failure to Compensate Plaintiffs for FLSA Overtime Compensation…………………………………33

III. Defendant Has Failed to Demonstrate That Plaintiffs Do Not Perform Uncompensated Pre-Shift and Post-Shift Duties………………………..33

IV. Defendant Has Failed to Show that Plaintiffs' Uncompensated Bidding Time is *De Minimis*……………………………………………………37

CONCLUSION…………………………………………………………………..38

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

469 U.S. 528 (1985) ......21

*Aamold v. United States*, 39 Fed. Cl. at 739 ......31

*Acs v. Detroit Edison Co.*, 444 F.3d 763 (6th Cir. 2006) ......16

*Adams v. United States*, 36 Fed. Cl. 91 (1996) ......31

*Adams v. United States*, 40 Fed. Cl. 303 (1998) ......15, 31

*Adams v. United States*, 78 Fed. Cl. 556 (2007) ......19

*Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970) ......13

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ......14

*Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388 (1960) ......19, 34

*Ballaris v. Wacker Siltronic Corp.*, 370 F.3d 901 (9th Cir. 2004) ......34

*Bankston v. State of Ill.*, 60 F.3d 1249 (7th Cir. 1995) ......19

*Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728 (1981) ......32

*Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446 (1948) ......16

*Berg v. Newman*, 982 F.2d 500 (Fed. Cir. 1992) ......13

*Bernard v. IBP, Inc.*, 154 F.3d 259 (5th Cir. 1998) ......32

*Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993) ......17

*Billings v. U.S.*, 322 F.3d 1328 (Fed. Cir. 2003) ......27, 31

*Birdwell v. City of Gaston*, 970 F.2d 802 (11th Cir. 1992) ......19

*Blair v. United States*, 15 Cl. Ct. 763 (Cl. Ct. 1988) ......23, 30

*Bobo v. U.S.*, 136 F.3d 1465 (Fed. Cir. 1998) ......37

*Boyke v. Superior Credit Corp.*, 2006 U.S. Dist. LEXIS 93928 (N.D.N.Y. 2006) ......17, 21

*Brennan v. Heard*, 491 F.2d 4 (5th Cir. 1974)....................17

*Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)....................32

*Bull v. U.S.*, 68 Fed. Cl. 212 (2007)....................18, 31, 37

*Bull v. United States*, 479 F.3d 1365 (Fed. Cir. 2007)....................16

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)....................14

*Christensen v. Harris County*, 529 U.S. 576 (2000)....................16, 20

*Cincom System, Inc. v. United States*, 37 Fed. Cl. 663 (1997)....................13

*Corning Glass Works v. Brennan*, 417 U.S. 188 (1974)....................19

*Dairyland Power Cooperative v. United States*, 16 F.3d 1197 (Fed. Cir. 1994)....................14

*De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361 (3rd Cir. 2007)....................23

*Diefenderfer v. MSPB*, 194 F.3d 1275 (Fed. Cir. 1999)....................16

*Dodd v. United States*, 545 U.S. 353 (2005)....................22

*Doe v. United States*, 74 Fed. Cl. 592 (2007)....................10, 21, 25, 27

*Federal Air Marshals v. United States*, 74 Fed. Cl. 484 (2006)....................15, 16, 32

*Gieg v. DRR, Inc.*, 407 F.3d 1038 (9th Cir. 2005)....................19

*Green v. United States*, 79 F.3d 1348 (2d Cir. 1996)....................26

*Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432 (1999)....................16

*IBP v. Alvarez*, 546 U.S. 21 (2005)....................23, 33

*Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190 (1966)....................34

*Indus. Door Contrs., Inc. v. United States*, 2007 U.S. Claims LEXIS 349 (Ct. Cl. 2007)....................14

*Kanehl v. United States*, 38 Fed. Cl. 89 (1997)....................14

*Lindow v. U.S.*, 738 F.2d 1057 (9th Cir. 1984).....37

*Moreau v. Klevenhagen*, 508 U.S. 22 (1993).....20

*Nicholson v. United States*, 77 Fed. Cl. 605 (Ct. Cl. 2007).....13

*Nigg v. United States Postal Serv.*, 501 F.3d 1071 (9th Cir. 2007).....34

*Pearson Hardwood Flooring Co.*, 39 F. Supp. 300 (E.D. Tenn. 1941).....17

*Reich v. Department of Conservation & Natural Resources*, 28 F.3d 1076 (11th Cir. 1994).....34

*Reneria v. Italia Foods, Inc.*, 2003 U.S. Dist. LEXIS 14698 (N.D. Ill. 2003).....17

*Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560 (Fed. Cir. 1987).....14

*Thompson v. Gjivoje*, 896 F.2d 716 (2d Cir. 1990).....14

*United States Department of Labor. v. Cole Enterprises Inc.*, 62 F.3d 775 (6th Cir. 1995), *quoting* 29 C.F.R. §785.13.....34

*United States v. Smith*, 499 U.S. 160 (1991).....26

*Vela v. City of Houston*, 216 F.3d 659 (5th Cir. 2001).....19

*Water Transport Association v. Interstate Commerce Commission*, 722 F.2d 1025 (2d Cir. 1983).....26

*Zumerling v. Devine*, 769 F.2d at 750.....31

**FEDERAL STATUTES**

5 C.F.R. § 551.501.....23, 29

5 C.F.R. § 551.531.....9, 28, 29, 30

5 U.S.C. § 5543.....8, 23, 28, 29

5 U.S.C. § 6121 et seq.....23, 28, 29, 30

5 U.S.C. §§ 6128.....23

62 Fed. Reg. 28305-06.....29

56 Fed. Reg. 20339 .......... 29

29 C.F.R. § 516.6 .......... 33

29 C.F.R. § 531.27 .......... 18

29 C.F.R. § 778.107 .......... 17

29 C.F.R. §778.315 .......... 18

29 C.F.R. §778.317 .......... 18

29 C.F.R. § 790.6 .......... 33

29 U.S.C. § 203 .......... 15, 20, 33

29 U.S.C. § 204 .......... 18

29 U.S.C. § 207 .......... 2, 3, 8, 10, 15, 16,17, 19, 20, 23, 25, 26, 33

29 U.S.C. § 211 .......... 33

29 U.S.C. §213(a) .......... 19, 27

29 U.S.C. § 255 .......... 3

49 U.S.C. § 40122 .......... 8, 22, 24, 29, 30

**MISCELLANEOUS**

*DOL W&H Opinion Letter* (May 8, 1984) .......... 15, 17,

*DOL W&H Opinion Letter* (November 19, 1998) .......... 17, 21

*DOL W&H Opinion Letter* (April 24, 1999) .......... 21, 22

*DOL W&H Opinion Letter* (September 17, 1992)............................................................21

1990 Pub. L. 101-509.....................................................................................................30

H.R. Rep. 93-913 at 28 (1974), *reprinted in* 1974 U.S.C.C.A.N. 2811, 2837-38.............18

Pub. L. 99-150, 99 Stat. 787 ..........................................................................................20

Pub. L. 104-264, 110 Stat. 3237 ....................................................................................30

Pub. L. No. 95-390, 92 Stat. 755 (1978)........................................................................30

Pub. L. No. 99-196, § 1, 99 Stat. 1350 (1985)...............................................................30

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARK G. ABBEY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07-272C |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

Plaintiffs respectfully submit plaintiffs' opposition to defendant's motion to dismiss and defendant's motion for summary judgment. Pursuant to Rule 56(a) of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiffs move for partial summary judgment regarding defendant's liability with respect to Count II of plaintiffs' complaint. In support of plaintiffs' motion and in opposition to defendant's motion, plaintiffs rely upon the complaint, the following brief, Plaintiffs' Proposed Findings of Uncontroverted Facts, Plaintiffs' Response to Defendant's Proposed Findings of Uncontroverted Facts and the materials in the attached appendix. For the reasons set forth below, defendant's motion should be denied and summary judgment should be entered in plaintiffs' favor with respect to Count II of plaintiffs' complaint.

**PLAINTIFFS' BRIEF**

**STATEMENT OF THE CASE**

## I. Nature of the Case

Plaintiffs bring this case under section 207(a) of the Fair Labor Standards Act ("FLSA") for unpaid overtime compensation and other relief. 29 U.S.C. § 207(a). In their complaint, plaintiffs assert four claims under the FLSA: 1) defendant's failure to include certain premium payments in the rate at which overtime is paid in violation of the FLSA's requirement that overtime be paid at one and one-half times the regular rate of pay; 2) defendant's crediting of straight time compensatory time or "credit hours" in lieu of monetary compensation in violation of the FLSA's requirement that monetary overtime compensation be paid for hours worked in excess of 40 hours in a workweek at the rate of one and one-half times the regular rate of pay; 3) defendant's failure to compensate plaintiffs for pre-shift and post-shift activities that plaintiffs are "suffered or permitted" to work in violation of sections 203(g) and 207(a) of the FLSA; and 4) defendant's failure to compensate plaintiffs for time spent off-duty bidding on work schedules in violation of sections 203(g) and 207(a) of the FLSA. Defendant has moved to dismiss Count II of plaintiffs' complaint and has moved for summary judgment with respect to Counts III and IV.[1] Plaintiffs now cross move for summary judgment with respect to Count II and oppose defendant's motion to dismiss Count II and oppose defendant's motion for summary judgment with respect to Counts III and IV.

Plaintiffs - Air Traffic Control Specialists ("ATCS"), Traffic Management Coordinators ("TMC"), and Staff Support Specialists - are currently or formerly employed by the Federal

[1] FAA does not move regarding Count I of plaintiffs' complaint, i.e., concerning FAA's failure to compensate plaintiffs at a rate not less than one and one-half times their regular rate for each hour plaintiffs worked in excess of 40 hours per week in violation of 29 U.S.C. § 207(a).

Aviation Administration ("FAA"). They seek overtime pay pursuant to section 207(a) of the FLSA, 29 U.S.C. § 207(a), for hours worked in excess of 40 hours per week.[2]

Defendant's motion asserts that dismissal of Count II is proper because defendant is allegedly entitled to an exemption from the FLSA's prohibition against the payment of compensatory time for hours worked in excess of 40 hours in one workweek. The motion also asserts that summary judgment of Count III is warranted because FAA's timekeeping system allegedly prevents plaintiffs from working any hours beyond those recorded and compensated through the timekeeping system. Finally, FAA's motion avers that the Government is entitled to summary judgment with respect to Count IV because plaintiffs' performance of uncompensated bidding time is allegedly *de minimis*.

Defendant provides no legal support for its contention that it is exempt from the FLSA's prohibition against the crediting of compensatory time in lieu of providing monetary overtime compensation. The facts concerning this issue with respect to defendant's liability, however, are undisputed and this issue is purely one of law. Thus, plaintiffs cross-move for summary judgment regarding Count II of plaintiffs' complaint.

Moreover, and as a separate violation of the FLSA, defendant's payment of hour-for-hour compensatory time or "credit hours" plainly violates the statutory requirement, under §207 of the FLSA, that overtime compensation be paid at "one and one-half times" the employee's regular rate of pay. Defendant points to no statutory authority that permits it to blatantly disregard this statutory requirement.

---

[2] The potential recovery period in this action is at least as early as May 1, 2004, which is three years prior to the date the original Complaint in this action was filed. Docket No. 1. See 29 U.S.C. § 255(a).

Defendant fails to meet its burden of production of undisputed material evidence regarding its motion for summary judgment of Counts III and IV of plaintiffs' complaint. Defendant fails to submit evidence regarding a single plaintiff's work time. Instead, defendant alleges that its timekeeping system somehow prevents plaintiffs from performing uncompensated work prior and subsequent to their scheduled shift times. Plaintiffs have submitted evidence directly disputing the alleged infallibility of defendant's timekeeping system and showing that plaintiffs are suffered or permitted to work before and after their scheduled shift times. Plaintiffs also submit evidence that the timekeeping system has not been in effect throughout the recovery period and that plaintiffs have, in fact, performed work before and after their shift times without compensation throughout the duration of the entire recovery period.

Moreover, defendant submitted contradictory evidence regarding the alleged *de minimis* nature of plaintiffs' uncompensated bidding time. Again, plaintiffs submit evidence of their uncompensated bidding activities and evidence demonstrating that such activities are not *de minimis*. Accordingly, there are issues of fact regarding Counts III and IV, and summary judgment with respect to these issues is inappropriate.

## II. Issues Presented

1. Whether defendant has established, as a matter of law, that it is authorized to violate the FLSA's prohibition against the payment of compensatory time in lieu of monetary compensation for hours worked in excess of 40 hours in a workweek?

2. Whether defendant has established, as a matter of law, that it is authorized to violate the FLSA's requirement that hours worked beyond 40 hours in a workweek be paid at a rate of one and one-half times the regular rate of pay?

3. Whether defendant has demonstrated that its timekeeping system has made it impossible for plaintiffs to perform work before or after their shifts without compensation throughout the entire recovery period?

4. Whether defendant has demonstrated that there are no issues of fact regarding whether the time plaintiffs spend bidding without pay is *de minimis* within the meaning of the FLSA?

## III. Statement of Facts

### A. FAA Provides Compensatory Time at the Straight Rate for Hours Worked in Excess of 40 Hours in a Week

FAA provides plaintiffs with compensatory time for some of the hours worked in excess of plaintiffs' required 40 hours of work per week.[3] Plf. Fact ¶2.[4] This compensatory time is not paid at the time and one-half rate of pay. Plf. Fact ¶3. It is paid at the straight rate, i.e., hour-for-hour, so that defendant provides plaintiffs with one hour of compensatory time for each hour of overtime worked. *Id*. When plaintiffs use compensatory time, defendant depletes their accrued compensatory time on a straight time - i.e., hour-for-hour - basis. Plf. Fact ¶ 3.

FAA also provides plaintiffs with "credit hours" for hours worked in excess of plaintiffs' required 40 hours of work per week. Plf. Fact ¶4. These "credit hours" are used in the same way as compensatory time in that one credit hour equals one hour of paid leave. Plf. Fact ¶6. Just as with FAA's treatment of compensatory time, "credit hours" are not provided at a rate of time and

[3] For some hours worked in excess of 40 hours per week, defendant provides plaintiffs with monetary compensation. Defendant does not, however, properly calculate the regular rate of pay at which monetary overtime compensation is paid. This is the subject of Count I of plaintiffs' complaint and it is not at issue in the instant motions.

[4] Plaintiffs' references to paragraphs in Plaintiffs' Statement of Uncontroverted Facts appear herein as "Plf. Fact ¶ __."

one-half, but instead are provided at the straight rate of pay. Plf. Fact ¶7. Plaintiffs are currently prohibited from accruing more than 24 hours of "credit hours," and any "credit hours" accrued in excess of 24 hours are forfeited. *Id*. Like compensatory time, when plaintiffs use credit hours they are charged on an hour per hour basis. *Id.*

Prior to September 3, 2006, FAA did not give plaintiffs any cash value for accrued credit hours, nor was there a cap on accrual of credit hours. Plf. Fact ¶8. By September 3, 2006, many FAA employees had accrued in excess of 1,000 credit hours. Plf. Fact ¶9. FAA was aware of its potential legal liability for its employees' accrual of credit hours. *Id*. Subsequent to September 3, 2006, FAA implemented a cap of 24 accrued credit hours whereby employees who had already accrued credit hours in excess of 24 hours were not permitted to accrue additional credit hours until they had used all excess credit hours so that their accrued number of credit hours reached 24 hours. Only when their accrued credit hours dipped below 24 accrued credit hours were employees allowed to recommence accrual of credit hours. Plf. Fact ¶10.

**B. Plaintiffs' Performance of Pre-Shift and Post-Shift Uncompensated Work**

The Cru-X/ART system is a time-keeping software that plaintiffs log-in and out of each workday. Plf. Fact ¶11. Plaintiffs sign-in and out of Cru-X/ART on a computer located at their workplace. *Id*. Plaintiffs performed uncompensated pre-shift and post-shift duties prior to FAA's implementation of the Cru-X/ART system (Plf. Fact ¶¶13-14) and they continue to do so after the implementation of the Cru-X/ART system (Plf. Fact ¶¶16-20, 25). Specifically, plaintiffs perform the following activities, among others, prior or subsequent to their shifts and without compensation: replace tapes; turn on/off machines, radars, computers (including the Cru-X/ART sign-in computer), and lights; close out logs; make verbal broadcasts; contact other FAA facilities regarding transfer of control; set thermostat; secure windows and doors; exchange air-

traffic control information with person being relieved; check in with supervisor; use radar scope; and review the following: FAA mandatory review binders, briefing items, "Hot Boards," "Read and Initial" documents, current weather patterns, runway configurations and equipment condition/configuration. Plf. Fact ¶ 27.

The Cru-X/ART system does not prevent plaintiffs from performing these pre-shift and post-shift activities. Specifically, plaintiffs perform many of these job duties before they even sign into Cru-X/ART. Plf. Fact ¶15. Plaintiffs also perform job duties after signing out of Cru-X/ART. Plf. Fact ¶¶ 19-20.

Plaintiffs perform these pre-shift job duties after signing into Cru-X/ART, but before their paid work time begins. Plf. Fact ¶17. The Cru-X/ART system does not actually *prevent* plaintiffs from performing uncompensated work duties. The Cru-X/ART system is configured in such a way as to permit plaintiffs to perform uncompensated duties even when plaintiffs have already signed-in to the Cru-X/ART system. This is because the Cru-X/ART system allows plaintiffs to log-in prior to their scheduled shift start times, manually change the start time listed on the Cru-X/ART system to reflect the *scheduled* shift start time – as opposed to the *actual* log-in time – and perform job duties prior to the scheduled shift start time. Plf. Facts ¶¶22-27. Plaintiffs perform operational duties, such as radar scope, and non-operation duties, such as reviewing FAA memoranda, after having logged in, but without pay. *Id* at ¶28. Thus, the Cru-X/ART system is configured to allow plaintiffs to seemingly sign-in at a particular time and yet still perform un-documented and uncompensated work.

**C. Plaintiffs' Performance of Bidding Duties is Not *De Minimis***

Plaintiffs engage in scheduled, yet uncompensated, bidding time while off-duty. Plf. Fact ¶¶ 30, 34, 36. Plaintiffs bid on work schedules and leave usage. *Id.* The time plaintiffs spend

bidding exceeds 10 minutes per occasion. Plf. Fact ¶¶ 31. These bidding activities are performed on a regular basis. Plf. Fact ¶¶ 30, 32-33. Moreover, it is administratively feasible for defendants to record such time. This is because FAA's bidding schedules list the date, time and duration of plaintiffs' bidding. Plf. Fact ¶¶ 30-31. It would therefore be very simple for FAA to compensate the plaintiffs for this recorded work time.

## SUMMARY OF THE ARGUMENT

Plaintiffs are covered by the FLSA. Under the FLSA, employers are required to pay monetary overtime compensation to employees when they work in excess of forty hours in a workweek and such monetary compensation must be paid at the rate of one and one-half times the employee's regular rate of pay. 29 U.S.C. § 207(a). To be sure, the FLSA contains a number of express statutory exceptions to the general rule that monetary overtime compensation be paid at the rate of one and one-half times the regular rate of pay, such as the exceptions for commissioned sales employees and police and fire fighters, but none of these exceptions apply to the plaintiffs.

Indeed, title 5 of the U.S. Code contains an exception to the requirement that monetary overtime compensation be paid at the rate of time and one-half, but Congress has expressly determined that title 5 does not apply to the plaintiffs. By statute, plaintiffs are expressly excluded from coverage under title 5, with the exception of a few sections that are explicitly enumerated in 49 U.S.C. § 40122(g)(2). Section 40122(g)(2) states that "the provisions of title 5 shall not apply." Moreover, defendant admits that the provisions of title 5 that provide for compensatory time in the federal sector, i.e., 5 U.S.C. §§ 5543 and 6122, do not apply to the plaintiffs.

Section 5543 of title 5 permits federal agencies, to which title 5 applies, to compensate employees for irregular or unscheduled overtime with compensatory time on an hour-per-hour basis in lieu of monetary compensation under section 7 of the Act. The Compressed Work Schedules Act ("CWSA"), which appears at sections 6120-6133 of title 5, also contains an express exception to the overtime requirements of section 207 of the FLSA. CWSA permits federal agencies, to which CWSA applies, to provide compensatory time and "credit hours," on an hour-per-hour basis in lieu of monetary compensation to employees working under compressed work schedules within the meaning of title 5. Again, however, title 5 does not apply to plaintiffs and these exceptions to the section 7(a) overtime requirements do not apply to them.

The Office of Personnel Management ("OPM") has codified these exceptions to the FLSA's requirement of *monetary* compensation at time and one-half rate at 5 C.F.R. § 551.531. Section 551.531(a) is nearly word-for-word identical to section 5543 of title 5. In addition, OPM states in its comments to the regulation that the regulation is based on section 5543. Similarly, section 551.531(b) specifically references – in the text of the regulation itself – that the regulation's exception to the FLSA's monetary overtime compensation requirement is based on section 6122 of title 5. Additionally, OPM's comments that accompanied section 551.531(b), specifically state that this regulation, i.e., §551.531(b), is based on section 6122 of title 5 and the provision of the Compressed Work Schedules Act providing for compensatory time in lieu of monetary compensation. Thus, the statutory authority for OPM's compensatory time regulations is clearly derived from provisions of title 5 that do not apply to the plaintiffs. Accordingly, these OPM regulations do not apply to the plaintiffs.

Knowing that there is no statutory support for defendant to provide compensatory time to plaintiffs in lieu of monetary overtime compensation, defendant argues that OPM is authorized to

"fill a gap" in the FLSA regarding compensatory time. This argument is flawed in many respects. Most obviously, this argument fails for the simple reason that, as the court recognized in *Doe v. United States*, 74 Fed. Cl. 592 (2007), Congress left no "gap" in the FLSA with respect to compensatory time. Instead, Congress explicitly identified the only group of employees for whom compensatory time is permitted under the FLSA – state and local government workers.

Defendant endeavors to create a "gap" by arguing that Congress made exceptions to the prohibition against compensatory time for some employees, and thus may have meant to permit a similar exception for federal employees. Again, this argument fails as Congress knew how to create exceptions for certain employees, yet refrained from doing so for FAA. For example, by enacting §207(o) of the FLSA Congress expressly exempted *state* and *local government* employees from the FLSA's prohibition against compensatory time. 29 U.S.C. § 207(o). As plaintiffs in this action are *federal* employees, it is obvious that Congress did not intend for the §207(o) exemption to apply to plaintiffs.

Lastly, with respect to compensatory time, defendant argues that FAA has inherent authority under title 49 of the United States Code to develop a personnel management system which provides for compensatory time at straight time, i.e., hour-for-hour, rates in lieu of monetary overtime at the time and one half rate, as required under section 207 of the FLSA. In other words, defendant contends that FAA has the authority to directly contravene the plain statutory language of the FLSA – i.e., to effectively *amend* the FLSA so as to exempt FAA from its purview. Nothing in title 49, however, grants FAA such unbridled authority. Thus, FAA is bound to follow the requirements of the FLSA, including paying its employees monetary overtime compensation at one and one-half times the employees' regular rates of pay just like private sector employers.

Defendant's motion as it relates to plaintiffs' performance of uncompensated pre-shift and post-shift duties should be denied as defendant's sole argument is that its current timekeeping system makes it impossible for plaintiffs to work before or after their shifts without compensation. In reliance on this argument, defendant failed to submit any evidence regarding whether a single plaintiff performed uncompensated pre-shift and/or post-shift work. Not only is defendant's assertion regarding the existence of a timekeeping system insufficient to meet its burden under the FLSA, plaintiffs have submitted evidence disputing the alleged ability of the system to prevent employees from performing uncompensated pre-shift and post-shift work. Further, even the defendant admits that the supposedly infallible timekeeping system has not been used throughout the recovery period applicable to the claims in this lawsuit. Moreover, plaintiffs demonstrate that they have performed pre-shift and post-shift uncompensated work throughout the recovery period. Thus, defendants have not established a clear record of compensation for all of plaintiffs' pre- and post-shift work.

Defendant's motion regarding plaintiffs' performance of uncompensated bidding duties must also fail as defendant failed to submit any evidence that such duties are *de minimis*. The only evidence submitted by defendant regarding the amount of time plaintiffs spend bidding is contradictory, thus establishing a dispute of fact sufficient to defeat defendant's motion. On the one hand, defendant argues that bidding takes 5-10 minutes per year; and yet on the other hand, defendant's witness states that bidding could take up to one hour per year. Plaintiffs submit evidence that they spend over 10 minutes bidding on each day that bidding is done. Moreover, plaintiffs demonstrate that it is administratively feasible for defendant to record plaintiffs' performance of bidding duties as plaintiffs bid in accordance with set schedules. As such, at a

minimum, there are issues of fact that preclude a ruling on summary judgment regarding whether plaintiffs' bidding time is *de minimis*.

## ARGUMENT

### I. Defendant Must Establish It is Entitled to Summary Judgment with Respect to Counts III and IV, and Bears the Burden of Establishing it Can Avoid Summary Judgment With Respect to Count II

Rule 12(b) of the RCFC provides that a motion to dismiss for failure to state a claim upon which relief may be granted is treated as a motion for summary judgment under RCFC 56, if matters outside the pleadings are presented. *Nicholson v. United States*, 77 Fed. Cl. 605, 614 (Ct. Cl. 2007)(citing RCFC 12(b) (motion to dismiss for failure to state a claim upon which relief may be granted shall be treated as a motion for summary judgment, under RCFC 56, if matters outside the pleadings are presented). Defendant's motion to dismiss plaintiffs' Count II is such a motion. Accordingly, it should be treated pursuant to the same standard as a motion for summary judgment.

Moreover, although the parties have now filed cross motions for summary judgment with respect to Count II, defendant's assertion that it has authority to provide plaintiffs with straight time compensatory time, in lieu of monetary overtime compensation at time and one-half plaintiffs' regular rates of pay, as required under section 207(a) of the FLSA, is effectively an argument claiming an exemption to the FLSA's general overtime requirements. As such, FAA must show "the absence of genuine dispute about any material fact" concerning the FLSA exemption it asserts or plaintiffs are entitled to summary judgment. *Berg v. Newman*, 982 F.2d 500, 503 (Fed. Cir. 1992) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157-61 (1970)).

Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. RCFC 56(c); *Cincom Sys., Inc. v. United States*, 37 Fed. Cl. 663, 670 (1997). Where, as here, both parties have moved for summary judgment, this same standard will be applied to both parties and each motion will be evaluated

on its own merits. *Indus. Door Contrs., Inc. v. United States*, 2007 U.S. Claims LEXIS 349, at *19 (Ct. Cl. 2007)(citing *Kanehl v. United States*, 38 Fed. Cl. 89, 98 (1997) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23(1986)).

In considering such motions, the court resolves all reasonable inferences in the light most favorable to the non-moving party. *Indus. Door Contrs., Inc. v. United States*, 2007 U.S. Claims LEXIS 349, at *18-19 (Ct. Cl. 2007) (citing RCFC 56(c)). The court's role is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)

"Where a movant has supported its motion with affidavits or other evidence which, unopposed, would establish its right to judgment, the non-movant may not rest upon general denials in its pleadings or otherwise, but must proffer countering evidence sufficient to create a genuine factual dispute." *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1562 (Fed. Cir. 1987). Where, as here "the nonmoving party bears the burden of proof at trial…it is its burden to come forward to demonstrate that there are issues that must be decided by a factfinder . . . because they may reasonably be decided in favor of either party." *Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir. 1990) *(citing Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). Significantly, with respect to plaintiffs' cross-motion for summary judgment of Count II, "[a] nonmoving party's failure of proof concerning the existence of an element essential to its case on which the nonmoving party will bear the burden of proof at trial necessarily renders all other facts immaterial and entitles the moving party to summary judgment as a matter of law." *Dairyland Power Coop. v. United States*, 16 F.3d 1197, 1202 (Fed. Cir. 1994).

## II. Defendant's Payment of Hour-for-Hour Compensatory Time for Overtime Work Violates the FLSA

Plaintiffs are clearly covered by the wage and hour protections of the FLSA. *See Federal Air Marshals v. United States*, 74 Fed. Cl. 484 (2006)("FLSA's plain language indicates that it applies to [employees of FAA]"). The FLSA has applied to the federal government since 1974. The FLSA expressly covers public agencies as employers and public employees of the federal government in particular. 29 U.S.C. §§ 203(d), (e)(2)(A) and (x). *See Adams v. United States*, 40 Fed. Cl. 303, 304 (1998)("The Fair Labor Standards Act ("FLSA"), *29 U.S.C.A. §§ 201-219* requires an employer, including the federal government, to compensate an employee for overtime work at a rate of at least one-and-one-half times the employee's regular rate of pay.").

Absent an express statutory exception otherwise, the FLSA requires employees to receive: (1) overtime pay at one and one-half times their regular rate of pay for each hour worked in excess of 40 hours a week; and (2) overtime pay in the form of monetary compensation such as cash or other immediately negotiable instrument. 29 U.S.C. §207(a); *DOL W&H Opinion Letter* (May 8, 1984). Neither plaintiffs nor FAA are exempted from these general requirements. Accordingly, defendant's use of compensatory time and credit hours for plaintiffs' work in excess of 40 hours a week violates the FLSA. Moreover, defendant's payment of overtime compensation at plaintiffs' straight time rate rather than at a time and one-half rate is a separate, independent violation of the FLSA.

### A. The FLSA Requires Overtime Compensation to be Paid at the Rate of One and One-Half Times An Employee's Regular Rate of Pay

"The starting point for statutory interpretation is the language of the Statute." *Bull v. United States*, 479 F.3d 1365 (Fed. Cir. 2007). See *Diefenderfer v. MSPB*, 194 F.3d 1275, 1278 (Fed. Cir. 1999). "Where the statutory language provides a clear answer [to the question at issue], it ends there as well." *Id. quoting Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432, 438 (1999). The strong presumption that the plain language of the statute expresses congressional intent is rebutted only in rare and exceptional circumstances. *Bull v. United States,* 479 F.3d 1365, 1377 (Fed. Cir. 2007).

The "FLSA clearly indicates that employers must pay their employees additional compensation when they work more than forty hours per workweek." *Federal Air Marshals v. United States*, 74 Fed. Cl. at 486. "Section 207 of Title 29 of the United States Code, which sets out the overtime provisions of the FLSA, requires employers to pay employees overtime compensation for work performed in excess of a forty-hour workweek, 'at a rate not less than one and one-half times the regular rate at which [an employee] is employed.'" *Bull v. United States*, 68 Fed. CL. 212, 220 (2007), *quoting*, 29 U.S.C. §207(a). *See Christensen v. Harris County*, 529 U.S. 576 (2000)(Court explained the general rule under the FLSA that "employees who work in excess of 40 hours per week must be compensated for the excess hours at a rate not less than 1 1/2 times their regular hourly wage."); *Acs v. Detroit Edison Co.,* 444 F.3d 763, 764-65 (6th Cir. 2006)("'Congress enacted the FLSA to compensate those who labored in excess of the statutory maximum number of hours for the wear and tear of extra work.'" *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 460 (1948). Consistent with this goal, the Act "requires employers to pay their employees time-and-a-half for work performed in excess of forty hours per week."). Employers who compensate employees for overtime at a rate less than one and one-

half times their employees' regular rates of pay are in clear violation of section 207(a) of the FLSA. *E.g.,* 29 C.F.R. § 778.107*; Reneria v. Italia Foods, Inc.*, 2003 U.S. Dist. Lexis 14698 (N.D. Ill. 2003)(employer liable for "additional 'half time" because it paid overtime at straight time rate). Payment of overtime compensation at straight time, quarter time or other payments in increments less than time and one-half are not permitted. 29 U.S.C. § 207(a).

**B. The FLSA Requires *Monetary* Overtime Compensation**

The Department of Labor and the courts have long held that "[t]he minimum wage and overtime pay standards of the Act require payment to the employee of the prescribed wages in cash." *DOL W&H Opinion Letter* (May 8, 1984). *See, e.g., Biggs v. Wilson*, 1 F.3d 1537, 1543 (9th Cir. 1993)("[O]vertime payments must be made in cash or negotiable instruments on the employee's regular payday"); *Brennan v. Heard* 491 F.2d 4 (5th Cir. 1974)(set-offs . . . deprive the employee of the 'cash in hand' contemplated by the Act. . . . "); *Boyke v. Superior Credit Corp***.,** 2006 U.S. Dist. LEXIS 93928 (N.D.N.Y. 2006)("The [FLSA] does nor permit covered private employers from granting compensatory time to their employees in lieu of overtime compensation."); *Pearson Hardwood Flooring Co.,* 39 F.Supp. 300, 302-03 (E.D. Tenn. 1941)("The minimum wage and overtime compensation prescribed by the Fair Labor Standards Act of 1938 must be paid to the employee in cash or by negotiable instrument payable at par."); *DOL W&H Opinion Letter* (November 19, 1998)("With regard to your concern about "comp time" and "flex" time for nonexempt employees, please note that compensatory time off in lieu of paid overtime is not currently allowed by employer other than State and local government employees."). Indeed, the U.S. Department of Labor regulations explicitly state that "payments

of the prescribed wages, including overtime compensation, [be made] in cash or negotiable instrument payable at par." 29 C.F.R. § 531.27(a).[5]

Congress specifically requires that the FLSA be administered in the federal sector "in such a manner as to assure consistency with the meaning, scope, and application established by the rulings, regulations, interpretations, and opinions of the Secretary of Labor which are applicable in other sectors of the economy." Fair Labor Standards Amendments of 1974, H.R. Rep. 93-913 at 28 (1974), *reprinted in* 1974 U.S.C.C.A.N. 2811, 2837-38) ("House Report"). See 29 U.S.C. § 204(f). As this Court recently explained, "OPM promulgates regulations supplementing and implementing the FLSA, which must be read in conjunction with the FLSA. However, the OPM regulations must be consistent with the FLSA itself and with the standards set by the DOL for the private sector." *Bull v. U.S.*, 68 Fed. Cl. 212, 224 n.9 (2007) (citations omitted). The rule under section 7(a) of the FLSA as well as the standards set by the DOL in the private sector require that monetary compensation be paid to comply with the overtime requirements of the Act. Accordingly, absent existence of an express statutory exception, employers, including the federal government, are prohibited from providing their employees with compensatory time in lieu of cash for overtime hours covered by the FLSA. As explained below, no such exceptions apply here.

---

[5] The requirement under the FLSA that monetary overtime compensation be paid is so strong that not only must overtime compensation for hours over 40 in a week be monetary, but all compensation for all *straight time hours* up to 40 must be monetary. *See, e.g.,* 29 C.F.R. §778.315 (all straight time compensation must be paid for all hours up to 40 in overtime workweeks); 29 C.F.R. §778.317 (agreements not to pay straight time pay for gap time hours in overtime workweeks are invalid); *DOL W&H Op. Letter* (September 20, 2004) (employees must be paid in cash for gap time hours in overtime workweeks); *DOL W&H Op. Letter* (October 8, 2004)(same). Even local governments to whom §207(o) applies must provide cash for all hours worked up to 40 hours in overtime workweeks, i.e., compensatory time for non-overtime hours is not permitted. *See DOL W&H Opinion Letter* (September 20, 1994).

### C. The FLSA Contains Express Exceptions to the Requirement that Monetary Compensation Be Paid for Overtime, but None of These Exceptions Apply to Plaintiffs

Employees are presumed to benefit from the FLSA's overtime pay requirements set forth under section 207(a) of the FLSA. *Adams v. United States*, 78 Fed. Cl. 556, 558 (2007). Consistent with this presumption, exceptions to the general overtime requirements of section 207(a) are narrowly construed against the employer claiming them. *See, e.g.*, *Corning Glass Works v. Brennan*, 417 U.S. 188 (1974); *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960); *Bankston v. State of Ill.,* 60 F.3d 1249, 1252 (7th Cir. 1995). Moreover, employers bear the burden of demonstrating that a particular employee, or category of employees, do not fall within the ambit of the section 207(a) overtime provision by demonstrating that a specific statutory exemption to this rule applies. *E.g., Gieg v. DRR, Inc.*, 407 F.3d 1038, 1045 (9th Cir. 2005)(Employer bears burden of proving employees fall under 29 U.S.C. §207(i) partial overtime exception for commissioned sales employees; *Vela v. City of Houston*, 216 F.3d 659, 667 (5th Cir. 2001)(Employer bears burden of proving paramedics are not entitled to overtime under §207(a)); *Birdwell v. City of Gaston*, 970 F.2d 802, 805-806 (11th Cir. 1992)(same).

The FLSA contains a number of specific exceptions to the FLSA’s requirement that monetary compensation be paid for work hours in excess of 40 hours in a week. For example, section 207 of the FLSA sets forth exemptions for: commissioned sales employees (§ 207(i)); firefighters and police (§ 207(k)); employment necessitating irregular hours (§ 207(f)); and for employees receiving remedial education (§ 207(q)). [6]

---

[6] These partial exemptions are in addition to the full exemptions from the requirements to pay overtime compensation that are set forth under section 13(a) of the FLSA, 29 U.S.C. §213(a). These exemptions are not at issue here.

Sections 203(m) and 207(o) also set forth exceptions to the FLSA's prohibition against compensation other than monetary compensation: § 203(m) permits an employer to count towards its FLSA overtime and minimum wage obligations the reasonable cost or fair value of board, lodging, or other facilities furnished to employees (29 U.S.C. § 203(m)); § 207(o) permits *state and local governments* to pay compensatory time for overtime compensation at the rate of one and one-half times each hour of overtime worked, provided that certain other requirements under the statute are met (29 U.S.C. § 207(o)).[7] It is well-established that § 207(o) is an *exception* to the FLSA's requirement that monetary overtime compensation be paid for overtime work. *Moreau v. Klevenhagen*, 508 U.S. 22, 23 (1993).

The FLSA provides no exception for plaintiffs, nor did Congress intend for plaintiffs to be exempted from the FLSA's requirement that employees be paid monetary compensation at the rate of one and one-half times the plaintiffs' regular rates of pay. The original FLSA required that all employees be paid in monetary compensation for overtime hours worked. In 1985, Congress amended the FLSA[8] to create a narrow exemption for states and their political subdivisions whereby these employers could compensate their employees with compensatory time for overtime hours, i.e., "in lieu of overtime compensation." *See* 29 U.S.C. §207(o)(1) (creating compensatory time exemption for states and municipalities); *Christensen v. Harris County*, 529 U.S. 576**,** 579 (2000)(explaining how § 207(o)(1) was created by Congress to mitigate the effects of the Supreme Court's decision in *Garcia v. San Antonio Metropolitan*

---

[7] Other requirements are (1) the employer and employee have entered into "an agreement or understanding" that compensatory time will be paid for overtime hours worked before the employee actually works such hours; (2) a maximum of 240 hours may be accrued at any one time; (3) that the employee will be paid at certain rates if the compensatory time is cashed out; and (4) that the employee will be permitted to use compensatory time within a reasonable period after making the request provided that the use of the time will not "unduly disrupt" the operations of the public agency. 29 U.S.C. § 207(o)(1)-(5).

[8] Pub. L. 99-150, 99 Stat. 787.

*Transit Authority*[9] on states and their political subdivisions). Congress explicitly limited the § 207(o) exemption *only* to state and local governments. Section 207(o)(1) states:

> Employees of a public agency which is a State, a political subdivision of a State, or an interstate governmental agency may receive, in accordance with this subsection and in lieu of overtime compensation, compensatory time off at a rate of no less than one and one-half hours for each hour of employment for which overtime compensation is required by this section.

Notably, even though Congress amended the FLSA to permit payment in compensatory time for state and municipal employees, Congress refrained from doing so for federal[10] or private[11] sector employees.

DOL has repeatedly emphasized that § 207(o) is limited to state and local government employees. *See DOL W & H Opinion Letter,* 1998 DOL LEXIS 89 (November 19, 1998) ("With regard to your concern about "comp time" and "flex" time for nonexempt employees, please note that compensatory time off in lieu of paid overtime is not currently allowed by employers other than State and local government employers."); *DOL W&H Opinion Letter* (April 24, 1999)("The substitution of compensatory time in lieu of monetary compensation [by private employers] would not be in accordance with the Act's requirements."); *DOL W&H Opinion Letter* (September 17, 1992) ("It is our position that a private employer may not take credit for any compensatory time off furnished. Consequently, cash overtime compensation must be paid by such an employer for any FLSA overtime worked notwithstanding compensatory time off already awarded to affected employees."). *See also, Boyke v. Superior Credit Corp.*, 2006 U.S. Dist. LEXIS 93928 (N.D.N.Y. 2006) (private employer who is not a

---

[9] 469 U.S. 528 (1985).
[10] *Doe v. U.S.,* 74 Fed Cl. 592, 597 (2007) (the FLSA "contains no provision allowing comp time in lieu of overtime compensation for federal employees").
[11] *DOL W&H Opinion Letter* (September 17, 1992)(a "private employer may not take credit for any compensatory time off furnished").

state or local government cannot award comp time in lieu of overtime compensation under the FLSA). Accordingly, employers to whom the §207(o) compensatory time exception **does not apply** must, absent other statutory authority, pay their employees "monetary overtime compensation." *DOL W&H Opinion Letter* (April 24, 1999)(Plf. App. 92-93 ).[12]

### D. The Only Statutory Authority that Permits Payment of Compensatory Time in Lieu of Cash for Federal Employees Does Not Apply to Plaintiffs

There are two sections of title 5 that permit federal agencies to provide straight time, compensatory time in lieu of cash, time and one-half overtime compensation: §§ 5543 and 6120-6133. Specifically, Congress has stated that "the provisions of title 5 shall not apply" to the employees covered by the Federal Aviation Administration Personnel Management System, such as the plaintiffs. 49 U.S.C. § 40122(g)(2). Since title 5 does not apply to the plaintiffs, it is axiomatic that title 5's provisions permitting compensatory time in lieu of cash similarly do not apply to the plaintiffs. See *Dodd v. United States*, 545 U.S. 353, 357 (2005)(Congress "says in a statute what it means and means in a statute what it says."). Significantly, title 5 is the *sole* source of statutory authority for a federal agency to provide compensatory time in lieu of monetary compensation under section 7 and the sole source of authority for a federal agency to provide straight time in lieu of time and one-half as required under section 7(a) of the FLSA. Thus, because title 5 does not apply to plaintiffs, plaintiffs are not subject to *any* exemption from the FLSA.

---

[12] This April 24, 1999 opinion letter of the U.S. Department of Labor illustrates the limited and narrow exception for compensatory time under §207(o). *Id.* In the letter, the Wage and Hour Administrator informed a day care/preschool facility that it could **not** compensate its employees for overtime hours worked in the form of compensatory time because they were not employees of a state or local government. Instead, since the §207(o) compensatory time exception did not apply, the employer was required to pay its employees monetary overtime compensation for their overtime work hours. *Id.*

Under 5 U.S.C. § 5543, some federal employees may be paid with compensatory time in lieu of monetary compensation. Section 5543 provides that employees subject to its provisions may receive compensatory time "instead of payment under section 5542 or section 7 of the Fair Labor Standards Act of 1938 for an equal amount of time spent in irregular or occasional work." 5 U.S.C. § 5543. Federal agencies to which title 5 applies may also provide a type of compensatory time known as "credit hours," at a straight time rate. However, they may do so only for employees who are covered by the Flexible and Compressed Work Schedules Act ("CWSA"), 5 U.S.C. §§ 6120-6133. Section 6128(a) of the CWSA provides in pertinent part:

> The provisions of sections 5542(a), 5544(a), and 550(2) of [Title 5], section 4107(e)(5) of title 38, section 7 of the Fair Labor Standards Act (29 U.S.C. 207), or any other law, which relate to premium pay for overtime work, shall not apply to the hours which constitute a compressed schedule

5 U.S.C. §§ 6128(a). In other words, "[t]he FLSA provisions regarding overtime compensation for hours worked in excess of eight hours per day and forty hours per week are not applicable to employees who work under the [CWSA]." *Blair v. United States*, 763, 769 (1988).[13]

Defendant admits "that the provisions of section 5543 do not apply to plaintiffs." Def. Br. 14. Although defendant does not address the CWSA in its brief, the provisions of the CWSA

---

[13] For purposes of the CWSA, overtime is defined as hours in excess of 40 hours per week, but does not include as part of this definition "credit hours."5 U.S.C. § 6121(6). Nonetheless, "credit hours" are, as a practical matter, hours an employee *actually works* in excess of 40 hours per week. However, solely for purposes of CWSA nomenclature, "credit hours" are not considered "overtime." 5 U.S.C. §§ 6121(4) and (6), § 6123(b). Thus, defendant's assertion that "credit hours" are not "overtime" under the FLSA is mistaken. The "credit hours" earned by plaintiffs are hours *actually worked* in excess of 40 hours per workweek, i.e., "overtime" hours under the FLSA. The FLSA requires payment for all hours worked during the course of a continuous workday in workweeks where the employee works in excess of 40 hours. *E.g., IBP v. Alvarez*, 546 U.S. 21, 40-41 (2005); *De Asencio v. Tyson Foods, Inc.*, 500 F.3d 361, 370-72 (3rd Cir. 2007). As such, the name assigned to these hours worked in excess of 40 hours in a workweek is irrelevant to the issue of whether monetary overtime compensation must be paid in accordance with the FLSA.

similarly do not apply to plaintiffs – for the same reasons that section 5543 does not apply to plaintiffs: "[t]he provisions of title 5 shall not apply" to the employees covered by the Federal Aviation Administration Personnel Management System. 49 U.S.C. § 40122(g)(2). The provisions of both section 5543 and the CWSA are part of title 5. Thus, authority for claiming an exception to the overtime requirements of section 207 of the FLSA, as set forth in these provisions, is applicable *only to employees to whom title 5 applies*.

Moreover, and equally importantly, defendant cites no authority whatsoever for defendant to compensate plaintiffs for overtime hours at the straight time rate — i.e., hour-for-hour — rather than at one and one-half times the plaintiffs' regular rates of pay for each overtime hour worked. No such authority exists.

Simply put, defendant has failed to demonstrate an exemption to the FLSA's requirement of monetary compensation for overtime hours worked and payment for such overtime hours at the time and one-half rate. Accordingly, defendant has failed to meet its burden and its motion to dismiss plaintiffs' Count II should be denied.

### E. Defendant's Arguments to Justify its Violation of the FLSA's Prohibition Against Compensatory Time and Straight Time Overtime Pay are Without Merit

Defendant's primary argument regarding Count II is that Congress left a "gap" in the FLSA regarding use of compensatory time and that OPM has the authority to fill in that "gap" and exempt FAA and/or its employees from the FLSA's prohibition against compensatory time. Specifically, defendant contends that OPM and FAA's general authority to apply the FLSA permits defendant to depart from the explicit overtime requirements of § 207(a) of the FLSA.

Notably, defendant fails to specify what kind of "gap" it believes OPM or FAA has the authority to fill. Defendant merely argues that:

> the omission of any reference to Federal employees in 29 U.S.C.§ 207(o) is less reflective of an implicit intention upon the part of Congress to exclude Federal employees, than of an opportunity for OPM to fill in the gap in the FLSA with respect to the possibility of compensating Federal employees with compensatory time off.

Def. Br. 17. Thus, the basis for defendant's argument of an alleged "gap" in the FLSA regarding compensatory time is that Congress enacted a compensatory time provision that expressly does **not** apply to federal employees.

This argument makes no sense. Congress does not create "gaps" in a statute by expressly excluding employees from coverage. Defendant is asking the court to find that absent an explicit exclusion from an exemption to the FLSA, a regulatory agency may create its own exemption, even where doing so directly conflicts with the *plain language* of the statute.

Indeed, and not surprisingly, defendant's "fill the gap" argument with respect to compensatory time for federal employees was recently considered and rejected by Judge Williams of this Court in *Doe v. United States*, 74 Fed. Cl. 592 (2007). In *Doe*, the Court considered whether there was a "gap" in the FLSA that might permit OPM to provide compensatory time to federal employees. *Id.* The court explained that the FLSA entitles employees to monetary compensation at one and one-half times their regular rate of pay for all work hours over forty hours in a week. The court also emphasized that the FLSA contains an explicit authorization for compensatory time for state and local government employees under §207(o), but provides no similar provision for federal employees. The court then applied the well-established principle of *expressio unius est exclusio alterius* –where a statute expressly designates entities within its coverage, all omissions are understood as exclusions – and determined that no such "gap" in the FLSA's prohibition against use of compensatory time

exists.[14] This analysis is consistent with the Supreme Court admonition regarding statutory interpretation that "[w]here Congress explicitly enumerates certain exceptions . . . additional exceptions are not to be implied." *United States v. Smith*, 499 U.S. 160, 167 (1991).

Here, it is undisputed that Congress set forth specific exemptions to the FLSA's general prohibition against use of compensatory time. For example, it provided an exemption for state and local government employees. 29 U.S.C. §207(o). Viewing the statute in its entirety, it is clear that Congress set forth additional statutory exceptions to the prohibition against compensatory time for other classes of employees such as fire fighters and police (under §207(k)) and commissioned sales persons (under §207(i)). None of these exceptions apply to plaintiffs. Moreover, through title 5, Congress enacted an express exemption for a *majority* of – but not all – federal employees which permits the payment of compensatory time in lieu of monetary overtime compensation. Thus, Congress expressly provided a number of specific exclusions from the FLSA's prohibition against use of compensatory time and the requirement that overtime be paid at the rate of one and one-half times the regular rate of pay. Yet, Congress refrained from applying any of these exceptions to the plaintiffs. Accordingly, because Congress drafted specific exemptions to the FLSA for certain classes of public employees but omitted exemptions for other public employees, this Court must conclude (*expressio unius est exclusio*

---

[14] The ancient maxim, *expressio unius est exclusio alterius* (mention of one impliedly excludes others), is an important tool for statutory construction. Courts facing similar arguments as that presented by defendant in its motion have rejected litigants' attempts to engraft additional exceptions to complex laws. *See, e.g., Green v. United States*, 79 F.3d 1348 (2d Cir. 1996)(applying maxim in rejecting attempt to create additional exceptions to the tax code); *Water Transp. Ass'n v. Interstate Commerce Comm'n*, 722 F.2d 1025, 1028-29 (2d Cir. 1983) (rejecting an argument that an act of Congress that only conferred standing in a limited class of cases should be read to allow standing in a broader class of cases).

*alterius*) that Congress intentionally refrained from widening the exemptions to cover all public employees – in particular, the plaintiffs at issue here. See *Doe*, 74 Fed. Cl. 592.[15]

Defendant urges the Court to disregard *Doe,* claiming that this Court's ruling is inconsistent with *Billings v. U.S.*, 322 F.3d 1328 (Fed. Cir. 2003). However, defendant fails to explain how *Doe* is in any way inconsistent with *Billings*. Moreover, the issues in *Doe* are more closely analogous to the issues present before this Court in the present action.

In *Billings,* the court considered whether OPM had correctly interpreted the FLSA with respect to the white-collar executive exemption to the FLSA, 29 U.S.C. § 213(a). Specifically, the issue presented to the court was whether OPM was required to apply a Department of Labor rule requiring such employees to be paid on a salaried basis. Unlike here, where there is no indication that Congress intended compensatory time to be a valid form of payment, the *Billings* court acknowledged Congress set forth an exemption for "executive employees" and yet provided no definition of the term "executive employee" in the statute. Thus, Congress left a "gap" by identifying the class of employee subject to the exemption, but failing to define the scope of that class. As the court explained, "[h]ere, the Fair Labor statute is silent on the definition of "executive" employee. Filling that gap, OPM implemented the regulation at issue. . . ." Thus, *Billings* merely stands for the proposition that where a statute is silent as to the meaning of one of its terms, a "gap" may exist, and thus may be filled by the relevant agency. *Billings*, does not, however, affect situations where the pertinent statutory provisions clearly express the will of Congress, as elucidated via the maxim *expressio unius est exclusion alterius:* Congress created the requirement of monetary compensation at the time and one-half rate of pay and also set forth explicit exceptions to this rule, none of which apply to the plaintiffs.

---

[15] Ultimately, in *Doe*, the court ruled that the plaintiffs – who were employed by the Social Security Administration – were covered by the provisions of title 5. 74 Fed. Cl. at 598.

Here, as in *Doe*, Congress was not silent as to what form of compensation would be acceptable for overtime hours worked in excess of 40. Nor was Congress silent as to which employees it intended to be exempted from the FLSA's requirement to provide employees with monetary compensation for these overtime hours. See e.g., §207(o). Moreover, not only is there not a "gap" with respect to federal employees, Congress enacted an explicit and limited exception for certain types of federal workers from the compensatory time prohibition under the FLSA. Specifically, Congress exempted federal workers covered under section 5543 of title 5 (5 U.S.C. §5543) and employees covered by the CWSA (5 U.S.C. §§ 6120-6133) from the "payment [of overtime] under . . . section 7 of the Fair Labor Standards Act of 1938." Thus, not only is there no "gap" with respect to compensatory time, Congress created a special exception to the monetary overtime compensation and time and one-half requirements of section 7 for certain federal employees and that special exception does not apply to plaintiffs.

Defendant's argument that OPM has inherent authority on its own to deviate from the FLSA, outside that authority set forth in title 5 and the CWSA, similarly runs afoul of *expressio unius est exclusio alterius*. This is because Congress passed legislation effectively creating limited exemptions for some federal employees, i.e., through title 5 and CWSA, but refrained from enacting additional legislation providing OPM with similar express authority. Moreover, defendant's proposed reading of OPM's authority would render Congress' enactment of title 5 and the CWSA unnecessary as OPM would have had the relevant authority prior to receiving such authority from Congress. Such an argument is untenable.

OPM derives limited authority pertaining to certain provisions of the FLSA from title 5 which it has set forth in its regulations at. 5 C.F.R. § 551.531. Specifically, section 551.531 states:

> (a) At the request of an employee, the head of an agency may grant compensatory time off from an employee's tour of duty instead of payment under § 551.501 for an equal amount of irregular or occasional overtime work.
>
> (b) At the request of an employee, the head of an agency may grant compensatory time off from an employee's basic work requirement under a flexible work schedule under 5 USC 6122 instead of payment under § 551.501 for an equal amount of overtime work.

5 C.F.R. § 551.531. OPM's sole source of authority for providing compensatory time pursuant to 5 C.F.R. § 551.531(a) is derived from 5 U.S.C. §5543.[16] For example, OPM repeatedly explains in the comments preceding Part 551 of its regulations that §551.531 is based on the statutory language of 5 U.S.C. § 5543. See 56 Fed. Reg. 20339 (May 3, 1991)("Part 551 has also been revised to reflect the new FEPCA provision that amends section 5543(a)(1) of Title V United States Code, to provide that on the request of an employee, the head of an agency may grant an employee compensatory time off from the employee's scheduled tour of duty instead of payment under Title V or the FLSA for an equal amount of time spent in irregular or occasional overtime work."); *accord* 62 Fed. Reg. 28305-06 (1997)(extending statute to prevailing wage rate employees). Absent § 5543 of title 5, OPM has no authority to apply 5 C.F.R. § 551.531(a) to employees such as the plaintiffs. As explained above, title 5 does not apply to the plaintiffs (see 49 U.S.C. § 40122(g)(2)), thus OPM has no authority to exempt plaintiffs from the FLSA pursuant to title 5.

It is also through title 5 that OPM obtained regulatory authority to provide "credit hours" – a form of compensatory time – to employees working a flexible work schedule under 5 U.S.C. § 6122. This is also referenced in the definition of overtime work hours under 5 C.F.R. § 551.501(6), which provides that an employee shall not receive overtime, "[f]or hours of work

---

[16] Significantly, the text of the statute is identical to the text of the regulation. *Compare* 5 U.S.C. § 5543 *with* 5 C.F.R. § 551.531(a).

that are not overtime hours as defined in 5 U.S.C. § 6121." Section 551.531(b) specifically references in the text of the regulation itself that the authority to allow federal agencies to provide compensatory time is based on 5 U.S.C. § 6121. Since § 6121 does not apply to plaintiffs – as it is a section title 5 – the provisions of 5 C.F.R. § 551.531(b) cannot apply to the plaintiffs. As such, "credit hours" for work hours in excess of an employee's work day is an impermissible practice that violates the FLSA's proscription against the use of compensatory time as compensation for working FLSA overtime hours.

In addition, legislative history reveals that Congress enacted the compensatory time provisions of CWSA and §5543 *prior to* enacting the statutory provision removing plaintiffs from title 5. The CWSA was first enacted in 1978 as an experimental program and was made permanent in 1985. Pub. L. No. 95-390, 92 Stat. 755 (1978) and Pub. L. No. 99-196, § 1, 99 Stat. 1350 (1985). *Cf. Blair v. United States*, 15 Cl. Ct. 763 (1988)(explaining history of CWSA). In 1990, Congress enacted § 5543 as part of the Pay Comparability Act. 1990 Pub. L. 101-509. In 1996, Congress enacted 49 U.S.C. § 40122, establishing the FAA personnel management system. Pub. L. 104-264, 110 Stat. 3237. Section 40122 removes FAA and its employees from title 5.[17] Congress enacted § 40122 well after enacting both §5543 and the CWSA, thus revealing Congressional intent to preserve FAA employees' FLSA rights. As such, FAA has no authority to provide plaintiffs with compensatory time or "credit hours."

Defendant also argues that the Court should defer to OPM's inherent authority to exempt itself (or, specifically, FAA) from some or all provision of the FLSA. Def. Br. 17. FAA fails to articulate the extent to which OPM and/or FAA may self-exempt its employees. As such, FAA

[17] Section 40122 does, however, specify certain provisions of title 5 that continue to apply to FAA. Neither section 5543 nor the CWSA are included among the list of enduring title 5 provisions.

effectively contends that Congress granted OPM *carte blanche* to determine when, if and how it may be subject to a federal statute that applies to all *other employers throughout the nation*. Contrary to this contention, OPM does not have unfettered discretion to ignore the FLSA.

The regulatory authority provided to OPM to administer the FLSA for federal employees does not permit it to do so in a manner that violates the FLSA. "OPM's regulations and interpretations must be consistent with the FLSA itself." *Aamold v. United States,* 39 Fed. Cl. at 739 n. 4. In other words, "an employee in federal employment should receive the same overtime compensation as an employee in the private sector." *Billings,* 322 F.3d at 1334. *See* also *Zumerling v. Devine,* 769 F.2d at 750; *Adams v. United States,* 40 Fed. Cl. 303, 305 (1998) (OPM's guidelines must "harmonize with the statute's 'origin and purpose,' . . . as well as with the Secretary of Labor's regulations.") As this Court recently explained, "OPM promulgates regulations supplementing and implementing the FLSA, which must be read in conjunction with the FLSA. However, the OPM regulations must be consistent with the FLSA itself and with the standards set by the DOL for the private sector." *Bull v. U.S.*, 68 Fed. Cl. 212, 224 n.9 (2007) (citations omitted).[18] Indeed, in authorizing OPM to administer the FLSA, Congress specifically requires that OPM do so in such a manner as to assure consistency with the meaning, scope, and application established by the rulings, regulations, interpretations, and opinions of the Secretary of Labor which are applicable in other sectors of the economy." Fair Labor Standards Amendments of 1974, H.R. Rep. 93-913 at 28 (1974), *reprinted in* 1974 U.S.C.C.A.N. 2811, 2837-38) ("House Report").

---

[18] This court has invalidated OPM regulations which impermissibly strayed from the FLSA, as measured by their deviation from DOL regulations. *See Adams v. United States*, 36 Fed. Cl. 91, 97 (1996).

Finally, defendant argues that through the FAA's broad authority to develop and implement a personnel management system applicable to plaintiffs it is empowered to provide for compensatory time and "credit hours" at straight-time rates. However, nothing in § 40122 provides FAA with the discretion to disregard any requirement of the FLSA. See *Federal Air Marshals v. United States*, 74 Fed. Cl. 484 (2006). As explained above, absent other statutory authority, such as that set forth in § 5543, FAA has no authority to pay its employees in a manner that is inconsistent with the FLSA.

The undisputed facts reveal that FAA is not only violating the FLSA's proscription against use of compensatory time, but that FAA also fails to provide such compensatory time at the required time and one-half rate. Moreover, by claiming that plaintiffs are not protected by the overtime provisions of the FLSA, defendant effectively reserves the right to unilaterally make such compensatory time or "credit hours" disappear. The immediate and realistic danger of such a result is highlighted by the fact that within the last two years, FAA unilaterally implemented a 24-hour cap on accrual of "credit hours" and provided such hours no cash value. Plf. Fact ¶7.[19] For the reasons set forth above, defendant has failed to demonstrate an applicable exemption to the FLSA's prohibition against providing employees with compensatory time and defendant has failed to articulate any legitimate reason why it should not be bound the requirements of the FLSA. As such, defendant's motion to dismiss Count II must fail.

---

[19] Although it is unclear, it appears that defendant may also be attempting to claim that it can rely upon its agreement with the plaintiffs' union to avoid the cash payment and time and one-half requirements of the FLSA. This argument is also clearly invalid. Rights under the FLSA prevail over conflicting provisions in a collective bargaining provision. *See, e.g., Barrentine v. Arkansas-Best Freight System,* 450 U.S. 728 (1981); *Bernard v. IBP, Inc.*, 154 F.3d 259 (5th Cir. 1998). *See also Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945)(private party cannot waive FLSA rights).

### F. Defendant is Liable for its Failure to Compensate Plaintiffs for FLSA Overtime Compensation

It is undisputed that defendant has compensated plaintiffs for work hours in excess of 40 hours a week by giving them compensatory time or "credit hours" in lieu of monetary compensation. Plf. Fact ¶¶ 2, 4. It is undisputed that these hours are provided at the straight rate. Plf. Fact ¶¶ 3, 7.

As employees working for FAA, plaintiffs are entitled to receive monetary compensation for each hour of overtime worked in excess of 40 hours per week. 29 U.S.C. §207(a). They are also entitled to be paid at the rate of one and one-half times their regular rates of pay for these hours. *Id*. FAA's failure to do so is a glaring violation of the FLSA. As explained above, defendant has failed to identify any applicable exception to the mandates of the FLSA. As such, plaintiffs are entitled to summary judgment as to Count II of their complaint.

## III. Defendant Has Failed to Demonstrate That Plaintiffs Do Not Perform Uncompensated Pre-Shift and Post-Shift Duties

An employer must compensate its employees for all time spent by the employees performing work that the employer has "suffered or permitted." 29 U.S.C. § 203(g). Specifically, the FLSA requires an employer to pay an employee for all activities that occur between the first and last principal activities of the employee's workday. *See Alvarez v. IBP*, Inc., 546 U.S. 21, 28 (2005), quoting 29 C.F.R. § 790.6(a). An employer also has a duty to accurately record the hours its employees work each day. *See* 29 U.S.C. § 211(c); 29 CFR § 516(a)(7)(employers must keep records of hours worked each workday); 29 CFR § 516.6(a)(1) (employers must maintain time cards or sheets showing daily starting and stopping time of individual employees). As an employer, the defendant also has the responsibility to control when work is performed. An employer "cannot sit back and accept the benefits [of their employees' work] without

compensating for them," *United States Dept. of Labor. v. Cole Enters. Inc.*, 62 F.3d 775, 779-80 (6th Cir. 1995), *quoting* 29 C.F.R. §785.13. *See Reich v. Dept. of Conservation & Natural Res.*, 28 F.3d 1076, 1081-82 (11th Cir. 1994)(employer who does not want work performed has an obligation to exercise control over workforce to prevent work form occurring). Because FAA knows its employees are performing compensable activities as part of their regular duties, FAA must pay plaintiffs for this time.

Defendant's entire argument regarding this issue is based on the contention that defendant's Cru-X/ART system *prevents* all plaintiffs from performing uncompensated pre- and post-shift duties. Def. Br. 6-9.[20] Defendant submits no evidence whatsoever that any individual plaintiff in this action did not perform off-the-clock work during the recovery period of this lawsuit. Instead, defendant merely relies on a vague description of its timekeeping system, called Cru-X/ART, to support an argument that the timekeeping system somehow renders it *physically impossible* for plaintiffs to perform work off-the-clock. *Id*.[21] Significantly, defendant concedes that it was indeed possible for plaintiffs to have performed off-the-clock work during

---

[20] Defendant also asserts that "[m]ost Staff Support Specialists are exempt . . . ." Def. Mem. at 6. Defendant may not obtain summary judgment on the Staff Support Specialists claims based solely on an assertion that they are "exempt." Defendant must prove that the Staff Support Specialists meet the narrowly-construed requirements of a specified FLSA exemption – which defendant failed to do in their brief. See *Arnold v. Ben Kanowsky, Inc*., 361 U.S. 388, 392 (1960) (exemptions from FLSA coverage "are to be narrowly construed against the employers seeking to assert them"); *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 206 (1966) (the employer bears the burden of proving that employees are exempt). See also *Nigg v. United States Postal Serv.*, 501 F.3d 1071, 1079 (9th Cir. 2007) ("In addition to being a factual question, '[t]he designation of an employee as FLSA exempt or nonexempt ultimately rests on the duties actually performed by the employee.'")(quoting 5 C.F.R. § 551.202(i) and reversing district court's grant of employer's motion for summary judgment where "actual [current] job duties" of plaintiffs were not discussed).

[21] The existence of a time-keeping system that functions similar to a time clock does not preclude a finding of liability for failure to compensate employees for pre-shift and post-shift duties. See e.g., *Ballaris v. Wacker Siltronic Corp*., 370 F.3d 901, 905 (9th Cir. 2004)(employer liable for pre-shift and post-shift duties where employees clocked-in after performing job duties and clocked out before completing job duties).

the portion of the recovery period prior to defendant's implementation of the Cru-X/ART system, i.e., from May 1, 2004 through as late as August 2005. See Def. Br. at 6 (listing the progressive implementation of the Cru-X/ART system during the time period of May 1, 2004 through August 2005).[22] Thus, even defendant admits that for a portion of the recovery period in this action its defense to pre-shift and post-shift – the Cru-X/ART timekeeping system's alleged infallibility – is invalid. As a result, defendant's motion as it relates to Count III of the Complaint must fail for this reason alone.

Plaintiffs submit evidence fully rebutting defendants' insinuation that plaintiffs did not perform off-the-clock work during the recovery period of this case. Plaintiffs show that they performed uncompensated pre- and post-shift duties prior to FAA's implementation of the Cru-X/ART system (Plf. Fact ¶¶13-14) and that they continue to do so after the implementation of the Cru-X/ART system (Plf. Fact ¶¶16-20, 25). Specifically, plaintiffs perform the following activities, among others, prior or subsequent to their shifts and without compensation: replace tapes; turn on/off machines, radars, computers (including the Cru-X/ART sign-in computer), and lights; close out logs; make verbal broadcasts; contact other FAA facilities regarding transfer of control; set thermostat; secure windows and doors; exchange air-traffic control information with

---

[22] Defendants assert that for the time period prior to the implementation of the Cru-X/ART system, plaintiffs' supervisors would record the time worked on a personnel log. Def. Mem. 9. Defendants also assert that "FAA compensated employees for all time worked before or after an employee's scheduled shift that was in addition to their scheduled shift time." *Id*. Defendants cite Def. App. 3, 13-16 in support of this contention. ***None*** of the documents found at Def. App. 3, 13-16 support the contention that plaintiffs were compensated for pre- and post-shift duties performed prior to the implementation of the Cru-X/ART system. The documents cited reveal nothing about FAA's procedures regarding recording of plaintiffs' pre- and post-shift duties and/or hours of work prior to Cru-X/ART. See Def. App. 13-16. The one declaration statement cited does not even reference supervisors documenting plaintiffs' work hours. Def. App. 3. As such, defendants submitted ***no evidence*** in support of their allegation that plaintiffs were compensated for pre-shift and post-shift duties performed prior to FAA's implementation of Cru-X/ART. Further, plaintiffs submitted evidence that they performed uncompensated pre- and post-shift duties prior to the Cru-X/ART implementation. Plf. Fact ¶¶12-14.

person being relieved; check in with supervisor, use radar scope and review the following: FAA mandatory review binders, briefing items, "Hot Boards," "Read and Initial" documents, current weather patterns, runway configurations and equipment condition/configuration. Plf. Fact ¶ 27.[23]

Contrary to defendant's assertions, the Cru-X/ART system does not *prevent* plaintiffs from performing these pre-shift and post-shift activities. Plaintiffs perform many of these job duties before they even sign into Cru-X/ART. Plf. Fact ¶15. Plaintiffs also perform job duties after signing out of Cru-X/ART. Plf. Fact ¶¶ 19-20. Plaintiffs also perform job duties after signing into Cru-X/ART but before their paid work time begins. Plf. Fact ¶17.

The Cru-X/ART system is configured in such a way as to permit plaintiffs to perform uncompensated duties even when they have already signed-in to the Cru-X/ART system. This is because the Cru-X/ART system allows plaintiffs to log-in prior to their scheduled shift start times, manually change the start time listed on the Cru-X/ART system to reflect the *scheduled* shift start time – as opposed to the *actual* log-in time – and perform job duties prior to the scheduled shift start time. Plf. Facts ¶¶22-27. Plaintiffs thus perform both operational duties, such as radar scope, and non-operation duties, such as reviewing FAA memoranda, after having logged in, but without pay. *Id*. at ¶28. The Cru-X/ART system is therefore configured to allow plaintiffs to seemingly sign-in and yet still perform un-documented and uncompensated work.

---

[23] Defendant is aware that plaintiffs perform uncompensated duties before and/or after their shifts. See e.g., Bukovsky decl. at ¶ 22 (Plf. App. 9) (supervisor is present when pre-shift duties are performed); Robicheau decl. ¶¶ 11-12 (Plf. App. 27) (employee's name appears on Cru-X/ART system at the actual time they log in and the supervisor can see this from the supervisor's computer screen);Plf. App. 35(FAA document listing duties plaintiffs perform before and after their shifts); Plf. App. 40 (FAA document stating that plaintiffs may sign-in up to 15 minutes prior to shift start time); Plf. App. 39 (listing pre-duty familiarization requirements); Plf. App. 66 (FAA "Hot Memos" binder cover stating that memoranda contained therein must be reviewed before shift).

For the aforementioned reasons, defendants failed to set forth uncontroverted facts sufficient to warrant a finding of summary judgment against plaintiffs on their pre- and post-shift work claims.[24]

## IV. Defendant Has Failed to Show that Plaintiffs' Uncompensated Bidding Time is *De Minimis*

Defendants attempt to avoid overtime liability for bidding hours by asserting that plaintiffs "bid for work and vacation schedules while off duty . . . [for] no more than five to ten minutes once or twice a year . . ." Def. Br. 22. Plaintiffs have submitted evidence disputing this factual contention. Interestingly, defendant cites the correct three-part test used to determine whether otherwise compensable time is *de minimis*, as set forth in *Bull v. U.S.*, 68 Fed. Cl. 212, 226 (Fed. Cl. 2005), the first part of which requires a demonstration of the administrative difficulty of recording the additional time (Def. Br. at 22.[25]), yet it points to ***no facts*** showing that it is administratively difficult to record plaintiffs' performance of bidding duties. Def. Br. 22-24.

Plaintiffs engage in scheduled, yet uncompensated, bidding time while off-duty. Plf. Fact ¶¶ 30, 34, 36. This bidding time exceeds 10 minutes per workday (Plf. Fact ¶¶ 31)[26] and is

---

[24] Plaintiffs' spend over 10 minutes per day performing their pre-shift and post-shift duties. Plf. Fact ¶21.

[25] The Federal Circuit uses a conjunctive three-part test for determining whether otherwise compensable time is *de minimis*: "(1) the administrative difficulty of recording the additional time; (2) the aggregate amount of compensable time; and (3) the regularity with which the work was performed." *Bull v. U.S.*, 68 Fed. Cl. 212, 226 (Fed. Cl. 2005)(citing *Bobo v. U.S.*, 136 F.3d 1465, 1468 (Fed. Cir. 1998)(adopting the factors set forth in *Lindow v. U.S.*, 738 F.2d 1057, 1063 (9th Cir. 1984)).

[26] Defendant concedes that plaintiffs may "spend . . . one (1) hour per year bidding" (Def. App. 10, ¶8), yet defendant contradictorily contends that "[t]he bidding procedures require at most five to ten minutes, once or twice a year" (Def. Mem. at 24). As such, ***defendant's own evidence*** establishes a dispute of fact. Further, plaintiffs submitted evidence that they are scheduled to

performed on a regular basis (Plf. Fact ¶¶ 30, 32-33). Significantly, it is administratively feasible for defendants to record plaintiffs' bidding time, in part because FAA maintains bidding schedules, listing the date, time and duration of plaintiffs' bidding. Plf. Fact ¶¶ 30-31. Thus, FAA has *already* been recording plaintiffs' off-duty bidding time. Based on the fact that plaintiffs' uncompensated bidding time is *presently* being recorded by defendant, it is administratively feasible for FAA to record plaintiffs' bidding time. As such, plaintiffs' bidding time is not *de minimis*. On this record, plaintiffs have foreclosed the possibility of a *de minimis* defense, or at the very least, established a genuine dispute of fact as to whether plaintiffs uncompensated work duties are *de minimis*.

## CONCLUSION

For the aforementioned reasons, plaintiffs respectfully request that this Court deny defendants' motion in its entirety and grant plaintiffs' motion for partial summary judgment with respect to Count II regarding defendant's liability under the FLSA.

---

spend 30 minutes to 3 hours bidding on a given day, and as much as 40-50 hours engaged in the bidding process over one year period. Plf. Fact ¶31.

Respectfully submitted,

Dated: December 17, 2007

/s/ Gregory K. McGillivary
Gregory K. McGillivary
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Counsel of Record

Lauren Schwartzreich
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Of Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that Plaintiffs' Motion for Partial Summary Judgment and Opposition to Defendant's Motion for Summary Judgment and Motion to Dismiss was electronically filed on this 17th day of December with the Clerk of the Court using the CM/ECF System which will send notification of such filing to defendant's attorney:

Hillary A. Stern
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
(202) 616-0177 (telephone)
(202) 305-7643 (facsimile)

/s/ Gregory K. McGillivary
Gregory K. McGillivary