IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARK G. ABBEY, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 07-272C |
| | ) | Judge Emily C. Hewitt |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**APPENDIX TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

**(Pages 88-111)**

Gregory K. McGillivary
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC 20005
Phone: (202) 833-8855

Attorney of Record for
Plaintiffs

Lauren E. Schwartzreich
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC 20005
Phone: (202) 833-8855

Of Counsel

1 of 100 DOCUMENTS

[NO NUMBER IN ORIGINAL]

U.S. DEPARTMENT OF LABOR

*1992 DOLWH LEXIS 28*

September 17, 1992

**JUDGES:** Daniel F. Sweeney, Deputy Assistant Administrator

**OPINION:**

[*1]
This is in response to your inquiry concerning whether private employers may utilize compensatory time off in lieu of cash overtime compensation for overtime hours worked under the Fair Labor Standards Act (FLSA).

As indicated in § 553.20 of Regulations, 29 CFR Part 553, § 7(o) of the FLSA authorizes a public agency to provide compensatory time off in lieu of monetary overtime compensation that would otherwise be required under § 7. The 1985 FLSA Amendments specifically changed the overtime provisions of § 7 by adding subsection (o) to allow a public agency to provide compensatory time off under certain conditions. However, a private employer may not award compensatory time off to employees for FLSA overtime hours worked in lieu of cash compensation. Were compensatory time off permissible under § 7 prior to the 1985 FLSA Amendments, the addition of § 7(o) would have been unnecessary.

It is our position that a private employer may not take credit for any compensatory time off furnished. Consequently, cash overtime compensation must be paid by such an employer for any FLSA overtime worked notwithstanding compensatory time off already awarded to affected employees. [*2] Cash FLSA overtime payments made upon termination can, of course, be credited towards FLSA overtime due.

We trust that the above is responsive to your inquiry.

Sincerely,

**Legal Topics:**

For related research and practice materials, see the following legal topics:
Labor & Employment LawWage & Hour LawsCoverage & DefinitionsOvertime & Work Period

LEXSEE 1998 DOLWH LEXIS 89

[NO NUMBER IN ORIGINAL]

U.S. DEPARTMENT OF LABOR

*1998 DOLWH LEXIS 89*

November 19, 1998

**JUDGES:** Daniel F. Sweeney, Office of Enforcement Policy, Fair Labor Standards Team

**OPINION:**

[*1]
Dear [TEXT REDACTED BY THE COURT.]

This is in response to your request for an opinion concerning the application of the Fair Labor Standards Act (FLSA) to the exempt status of State licensed insurance agents.

As an agent of State Farm Insurance, you employ four full-time and two part-time employees whose salaried earnings range from $ 16,000 to $ 22,500 annually. Bonuses and commission are additional wages provided for production. The primary responsibility of each employee is to write and service policies. Because the public cannot always acquire their insurance products between the normal working hours, it is necessary to meet with them earlier in the morning or after the normal 5:00 p.m. office hour, and on Saturdays. The employees want the option to accommodate the public by working outside of their 40-hour workweek. They are required to be licensed by the [TEXT REDACTED BY THE COURT.] for life, health, property and casualty insurance, and to participate in continuing education to support their licenses which is done on their own time. State Farm provides some product training.

Based on information provided by a member of your staff, the agents' primary responsibility is [*2] to sell insurance by writing and servicing policies. They are also responsible for (a) keeping time and production records and submitting them to payroll; (b) participating in a train-each-other program; (c) meeting individually with customers and working independently; (d) providing information and policies to walk-in customers and appointment customers; (e) and maintaining an office space designed to work within their own convenience.

The agents seek an exempt status in order to work within their own time frames without the restrictions imposed upon nonexempt employees. You believe that the status of the agents fall within the parameters of executive, administrative, professional, and outside sales -- with the exception of a few definitions within each category -- and are exempt employees.

As you know, section 13(a)(1) of the FLSA provides a complete minimum wage and overtime pay exemption for any employee employed in a bona fide executive, administrative, professional or outside sales capacity, as those terms are defined in Regulations, 29 CFR Part 541 (copy enclosed). An employee may qualify for exemption if all of the pertinent tests relating to duties, responsibilities and [*3] salary, as discussed in the appropriate section of the Regulations, are met.

An employee who is paid on a salary or fee basis of at least $ 250 per week may qualify for exemption as a bona fide executive employee if he or she regularly directs the work of at least two or more employees and his or her primary duty is management of the business, or a recognized department. A determination of whether an employee has management as the primary duty must be based on all the facts in a particular case. In the ordinary case, it may be taken as a rule of thumb that primary duty means the major part, or over 50% of the employee's time. Based on information provided, only one agent performs some supervisory duties about 20% of his time.

Further, an employee may qualify for exemption as a bona fide professional employee if the employee's primary duty consists of the performance of work requiring knowledge of an advance type in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction and study, as distinguished from a general academic education, and whose work requires the consistent exercise of discretion and judgment in its performance. [*4] See § 541.3 of the Regulations. Based on the information provided, a degree is not required for an agent to perform his or her duties. With regard to agents teaching within the office, please note that for the exemption in 541.3(a)(3) to apply, the employee must be "employed and engaged" as a teacher in the school system, educational establishment or institution by which he or she is employed. 29 C.F.R. 541.301(g)(1). The primary duty of an employee as a teacher must be that of activity in the field of teaching.

With regard to the administrative exemption, the regulatory criteria require, in part, that the employee's primary duty consists of the performance of office or nonmanual work directly related to management policies or general business operations of the employer or the employer's customers (29 CFR 541.2(a)(1)). Activities contemplated by the Regulations as being "directly related to management policies or general business operations" of an employer are those related to the administrative operations of a business, as distinguished from the basic tasks of the employer's business, that is, the "production" work of the business. The administrative exemption is limited to persons [*5] who perform work of substantial importance to the business of their employer or the employer's customers, and includes "white collar" employees engaged in "servicing" a business. Examples of such activity include personnel administration, labor relations, research, planning, or assisting a management official to carry out the executive or administrative function of that official. In general, "administrative employee" means a person who is engaged in staff functions as opposed to the line functions of an employer. In this regard, see Section 541.205 of the Regulations. Based on the information presented, the tasks performed by the agents are not "directly related to management policies or general business operations" but rather the day-to-day "production" function of the business.

Concerning the outside sales exemption, the regulations define "outside salesman" as an employee who is employed for the purpose of and who is customarily and regularly engaged away from the employer's place of business in making sales within the meaning of the FLSA, or obtaining orders or contracts for services or for the use of facilities for which a consideration will be paid, and whose hours [*6] of work in other activities do not exceed 20% of the hours worked in the workweek by nonexempt employees of the employer, provided that work performed incidental to and in conjunction with the employee's own outside sales is not considered as nonexempt work. See 29 CFR 541.5. The information presented to us indicates that the agents perform 100% of their work as "inside" insurance salespersons.

Based on the information presented, the insurance agents do not meet the requirements for the executive, administrative, professional or outside sales exemption as outlined in the Regulations. Therefore, the agents are nonexempt employees and are required be paid in accordance with the monetary provisions of the FLSA.

With regard to your concern about "comp time" and "flex" time for nonexempt employees, please note that compensatory time off in lieu of paid overtime is not currently allowed by employers other than State and local government employers. While several bills have been introduced in Congress to extend comp time to employees in the private sector, no further action has occurred at this time. The Administration strongly supports enactment of responsible comp time legislation which [*7] gives employees the right to choose whether to earn comp time or overtime premium pay, and to be protected against employer abuse in making their choice. Flexible work schedules (such as working some evenings or on Saturday) can be utilized as long as overtime compensation is paid for all hours worked in excess of 40 in a workweek. With regard to whether "insurance" is included in the learned professions, section 541.301 does not address this matter.

This opinion is based exclusively on the facts and circumstances described in your request and is given on the basis of your representation, explicit or implied, that you have provided a full and fair description of all the facts and circumstances which would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your request might require a different conclusion than the one expressed herein. You have also represented that this opinion is not sought on behalf of a client or firm which is under investigation by the Wage and Hour Division, or which is in litigation with respect to, or subject to the terms of any agreement or order applying, or requiring compliance [*8] with, the provisions of the FLSA.

We trust that the above information is responsive to your inquiry.

Sincerely.

**Legal Topics:**

For related research and practice materials, see the following legal topics:
Civil ProcedurePleading & PracticePleadingsTime LimitationsExtensionsInsurance LawIndustry RegulationInsurance Company OperationsRepresentativesAgentsGeneral OverviewLabor & Employment LawWage & Hour LawsDefenses & ExemptionsExecutives & Professional Employees

6 of 100 DOCUMENTS

[NO NUMBER IN ORIGINAL]

U.S. Department of Labor
Employment Standards Administration
Wage and Hour Division

*1999 DOLWH LEXIS 47*

April 24, 1999

**JUDGES:** Daniel F. Sweeney, Office of Enforcement Policy, Fair Labor Standards Team

**OPINION:**

[*1]
Dear

This is in response to your letter requesting an opinion on the application of the overtime pay requirements to nonexempt employees of a day care/preschool facility.

You state that the day care/preschool facility is a private, independent organization that provides day care and head start services for young children. You add that while the facility is a private organization, a large percentage of its operating budget is derived from state and federal grants.

The Wage and Hour Division of the Department of Labor administers and enforces the Fair Labor Standards Act (FLSA), which is the Federal law of most general application concerning wages and hours of work. This law requires that all covered and nonexempt employees be paid not less than the minimum wage, $ 5.15 an hour, effective September 1, 1997, for all hours worked. Overtime pay of not less than one and one-half times the regular rate of pay is required for all hours worked over 40 in a workweek.

The 1966 amendments to the FLSA extended enterprise coverage to all activities performed in connection with the operation of an elementary or secondary school, whether public or private or whether operated for profit or [*2] not for profit, regardless of the annual dollar volume of the institution, provided there are in the enterprise employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods which have moved in or produced for commerce by any person.

Enterprise coverage under the FLSA was extended to preschools by the 1972 amendments to the Higher Education Act of 1965, which amended the FLSA, effective July 1, 1972. It is the Department's position that a preschool is any enterprise which provides for the care and protection of infants or preschool children outside their own homes during any portion of a 24-hour day. The term "preschool" includes any establishment or institution which accepts for enrollment children of preschool age for purposes of providing custodial, educational, or development services designed to prepare the children for school in the years before they enter the elementary school grades. This includes day care centers, nursery schools, kindergartens, head start programs and any similar facility primarily engaged in the care and protection of preschool children.

Your letter referred to various [*3] federal court decisions addressing the issue of coverage for day care center employees under the "preschool" provision in the FLSA. While the cases note the absence of an explicit definition of a "preschool" in the Act, the majority of the different Court of Appeals decisions, in particular the most recent decision, include day care centers within FLSA coverage. For example in *Reich v. Miss Paula's Day Care Center, 37 F.3d 1191 (6th Cir. 1994)*, the Sixth Circuit ruled that preschools included day care facilities. *Id. at 1195*. See also *United States v. Elledge, 614 F.2d 247, 250 (10th Cir. 1980)* (defining day care centers under "preschool" consistent with testimony of

child development expert and Webster's New International Dictionary, 2nd Ed.) The ruling is consistent with longstanding Department of Labor interpretations of the Act. n1 It also agrees with a more natural reading of the Act, because day care centers provide services to children not yet required to attend school, who are, therefore, "pre school," as opposed to reading the provision to indicate that Congress did not intend such [*4] coverage because it did not specifically mention "day care center" in the Act. Unlike the terms "elementary school" and "secondary school" Congress did not tie the meaning of "preschool" to determinations under state law. References to state licensing provisions to define "preschool" under the FLSA must fail because they attempt to interchange language from different statutes with different coverages and different purposes. In addition, coverage of day care centers under the term "preschool" fits within a bedrock principle of FLSA interpretation that its coverage provisions must be broadly construed. See *Mitchell v. Lubin. McGaughy & Assoc., 358 U.S. 207, 211 (1959).*

- - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n1 See Wage & Hour Opinion Letter No 1346 (Oct. 24, 1974), Lab.L.Rep. (CCH) P30,953 (listing day care centers among different types of preschools).

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

It is, [*5] therefore, our opinion that the nonexempt employees of the day care preschool facility would be subject to the minimum wage and overtime provisions of the FLSA. The substitution of compensatory time in lieu of monetary overtime compensation would not be in accordance with the Act's requirements.

This opinion is based exclusively on the facts and circumstances described in your request and is given on the basis of your representation, explicit or implied, that you have provided a full and fair description of all the facts and circumstances that would be pertinent to our consideration of the question presented. Existence of any other factual or historical background not contained in your request might require a different conclusion than the one expressed herein.

We trust that the information above is responsive to your inquiry.

Sincerely,

**Legal Topics:**

For related research and practice materials, see the following legal topics:
Labor & Employment LawWage & Hour LawsAdministrative Proceedings & RemediesEnforcementLabor & Employment LawWage & Hour LawsCoverage & DefinitionsEnterprise CoverageLabor & Employment LawWage & Hour LawsCoverage & DefinitionsOvertime & Work Period

## CHAPTER 1. GENERAL PROVISIONS

**1. PURPOSE**. This handbook contains basic legal and regulatory requirements and agency rules and procedures on pay administration for employees in General Schedule (GS),and Wage Grade (Wage Board) positions. This includes premium pay for overtime, night, Sunday and holiday work; payments during evacuation; pay from more than one position; pay for irregular or intermittent duty involving physical hardship or hazard; severance pay; back pay; lump-sum leave payments; fees for jury duty; and other provisions of law and regulation on pay administration.

**2. REFERENCES**.

a. Chapter 55 of Title 5, United States Code, contains the provisions of law on pay administration.

b. Chapter 41, 5 U. S. C. 4109 prohibits the payment of premium pay to employees participating in training programs under the Training Act. The Civil Service Commission may authorize exceptions in certain instances (Part 410, Federal Personnel Manual Supplement 990-1).

c. Chapter 61, 5 U. S. C. 6103 identifies holidays for premium pay purposes, and establishes rules for observing holidays which fall on Saturday or on a designated day off in lieu of Saturday.

d. Executive Order 10358 of 9 June 1952 establishes rules for observing holidays which fall on Sunday, or on a designated day off in lieu of Sunday.

e. FPM Supplement 532-1 of the Civil Service Regulations establishes rules on pay administration under the Coordinated Federal Wage System.

f. Part 550 of the Civil Service Regulations (FPM Supplements 990-1 and 990-2) establishes the rules on premium pay for employees in GS positions; and the rules on severance pay, evaluation payments, pay from more than one position, back pay, and hazard pay differentials.

**3. ADMINISTRATIVE RESPONSIBILITY**. Whenever legislative, regulatory, or other authoritative changes invalidate any portion of this handbook, that portion is voided automatically. Officials authorized to take action on pay matters are responsible for compliance with all legal and regulatory requirements.

**4.-9. RESERVED**.

g. Night and Holiday Work. Hours of night or holiday duty are included in determining for overtime pay purposes the total number of hours of employment within the same administrative workweek.
h. Overtime Work on Sunday or a Holiday. Deleted by PRIB 6.

i. Insurance and Retirement Deductions. Group life insurance and retirement deductions are made from the basic rate of pay. Insurance and retirement deductions from the pay of an employee who receives overtime pay for work performed WITHIN his basic 40-hour workweek (e.g. four 10-hour days or two scheduled shifts on the same calendar day) shall be deducted from his basic rate of pay (exclusive of overtime pay) for the full 40-hour workweek. These deductions shall not be made on overtime pay rates (42 Comp. Gen. 195 and 429).

**27. PAID OVERTIME VERSUS COMPENSATORY TIME**. Except as prohibited in paragraph 28a, General Schedule employees may be compensated for irregular or occasional overtime work by overtime pay, or compensatory time off in place of overtime pay, based on the rules stated below. (NOTE: "Maximum scheduled rate" is the top step rate authorized on the regular GS Salary Schedule, not special pay rate schedules.)

a. An employee whose rate of basic compensation is at or below the maximum scheduled rate for GS-10 must be paid for overtime worked, unless he elects to receive compensatory time off instead ( 25 Comp. Gen. 62, and restated in B-106097, dated 10/23/51). Neither his supervisor nor any other official may attempt to influence or force an employee to accept compensatory time off rather than pay. Once his decision is made, however, he is not permitted to change or revoke it at a later date.

b. An employee whose rate of basic compensation is above the maximum scheduled rate for GS-10 may be paid for overtime work, or be given compensatory time off. This decision will be made by the official having delegated authority (paragraph 14) to authorize overtime. In making this determination, the following items are examples of factors he should consider:

(1) Can compensatory time be used in a reasonable length of time?
GUIDELINES: Consider the following factors:

(a) The authorization of compensatory time is warranted where there are peaks and valleys in the workload, or where overtime work is necessary for temporary periods because of a special project, an unforeseen development, to avoid a serious backlog of work, or because of absences on leave (e.g. emergency, schedules vacations, or end of leave year leave). Compensatory time earned in such situations can be used during lighter workload periods and thus avoid the use of enforced annual leave during light work periods or when work is prevented.

(b) Authorization of overtime pay is warranted in situations where a continuing heavy workload is anticipated and there will be no opportunity for granting compensatory time off. In such cases, immediate payment should be made.

(2) Are sufficient funds available to pay overtime?

(3) Are other considerations significant (e.g. leave balances and schedules)?

**28. RESTRICTIONS ON COMPENSATORY TINE OFF**. In addition to the restriction stated in paragraph 27a, there are other legal and regulatory restrictions on granting compensatory time off.

a. General Schedule Employees. Compensatory time off from duty shall NOT be granted:

(1) In place of overtime pay for regularly scheduled (paragraph 20c) overtime hours. Overtime pay is required.

(2) For any overtime worked when payment for such overtime work is prohibited by the aggregate salary limitation (paragraph 12).

b. Wage Employees. Compensatory time off shall not be granted for overtime work. A Wage Grade (Board) employee shall be paid for all hours of overtime worked.

c. General Restriction. Compensatory time off from duty shall not be granted to employees who are required to work during a period when other Federal employees are excused from duty by an Executive Order which does not declare the day (or part of a day) to be a holiday (25 Comp. Gen. 255 and 43 Comp. Gen. 501).

**29. CREDITING COMPENSATORY TIME**. When an employee is paid in compensatory time, the amount of compensatory time authorized is the same as the hours of overtime worked, e.g., one hour for one hour of overtime work.

a. Minimum Period. Authorized compensatory time is credited in minimum periods of 30 minutes, or multiples thereof. Credit is given on the basis of 30 minutes of compensatory time for every 30 minutes of overtime worked. For pay purposes, overtime worked that amounts to less than a 30-minute multiple is dropped on a daily basis (paragraph 26a), and cannot be credited as compensatory time.

b. Maximum Period. The number of overtime hours that may be paid in cash in a single pay period is the MAXIMUM number of hours of compensatory time that may be credited in that pay period (paragraph 12).

**30. USE OF COMPENSATORY TIME**. Employees and supervisors have a shared responsibility for requesting and scheduling compensatory time off as soon as practicable after it is earned. It should usually be worked off within six months, although this may vary with local circumstances and workload cycles. Supervisors are held accountable for scheduling time off. Employees are responsible for requesting the use of compensatory time as soon as possible after it is earned.

LEXSEE 56 FED. REG. 20339

OFFICE OF PERSONNEL MANAGEMENT

AGENCY: Office of Personnel Management.

5 CFR Parts 532, 550, and 551

Pay Administration Under the Fair Labor Standards Act; Overtime Pay Provisions

RIN 3026-AE29

56 FR 20339

May 3, 1991

ACTION: Interim rule with request for comments.

SUMMARY: The Office of Personnel Management (OPM) is issuing interim regulations to implement section 210 of the Federal Employees Pay Comparability Act of 1990 (FEPCA). The amendments made by section 210 eliminate the requirement to perform overtime computations for employees who are covered by the Fair Labor Standards Act of 1938 (FLSA) under both title 5, United States Code, and the FLSA and provide that, for the purpose of calculating overtime pay under the FLSA, hours in a paid nonwork status shall be deemed to be hours of work. Henceforth, overtime pay for nonexempt employees will be computed and paid only under the FLSA.

DATES: The amendments made by section 210 of FEPCA and the interim regulations set forth below are effective on May 4, 1991. Comments must be received on or before July 2, 1991.

ADDRESSES: Send or deliver written comments to Barbara L. Fiss, Assistant Director for Pay and Performance, Personnel Systems and Oversight Group, U.S. Office of Personnel Management, room 7H28, 1900 E Street NW., Washington, DC 20415.
FOR FURTHER INFORMATION CONTACT: James R. Weddel, (202) 606-2858 or (FTS) 266-2858.

**TEXT:** SUPPLEMENTARY INFORMATION: Section 210 of the Federal Employees Pay Comparability Act of 1990 eliminates the need to calculate and compare an FLSA nonexempt employee's overtime pay entitlement under two laws in order to pay the greater overtime benefit. Instead, employees who are nonexempt under the Fair Labor Standards Act of 1938, as amended, will always receive overtime pay under the FLSA, as provided in part 551 of title 5, Code of Federal Regulations.

Federal employees who are exempt from the FLSA, but covered by the overtime pay provisions of title 5, United States Code, will continue to have their overtime pay benefit calculated and paid under the title 5 provisions, as provided in part 532 (for prevailing rate employees) or part 550 of title 5, Code of Federal Regulations.

The rules for determining hours of work for the purpose of calculating overtime pay will depend upon whether the legal authority for the hours of work determination is found in title 5, United States Code, or in the Fair Labor Standards Act. Specifically, hours of work for FLSA exempt employees will continue to be determined under part 532 or part 550, with no consideration given to the rules for determining hours of work under part 551. The same will be true for determining hours of work in excess of 8 hours in a day for nonexempt employees, even though overtime pay for work in excess of 8 hours in a day will be calculated and paid under part 551. This is true because FEPCA amended sections 5542 and 5544 of title 5, United States Code, not the FLSA. On the other hand, agencies will apply the rules on hours of work under part 532 or 550, as applicable, and part 551 for the purpose of determining the overtime entitlement for

work in excess of 40 hours in a week for nonexempt employees. In summary, to determine hours of work for overtime pay entitlement purposes, agencies must apply 5 CFR 410.602, 5 CFR part 532 and 5 U.S.C. 5544, and/or 5 CFR part 500, as appropriate, for each employee; for nonexempt employees only, agencies must also identify any additional hours of work under 5 CFR part 551, but only for the purpose of determining the overtime pay entitlement for hours of work in excess of 40 hours in a week.

The regulations governing pay under prevailing rate systems have been revised to provide that overtime pay for prevailing rate (wage) employees will be paid under either 5 U.S.C. 5544 and part 532 (for FLSA exempt employees) or part 551 (for nonexempt employees). The requirement to provide the greater overtime benefit under title 5, United States Code, or the FLSA has been deleted. (See § 532.503(a)(1).)

The regulations on coverage under part 550 have been revised to indicate that, except for determining hours of work, part 550 regulations on overtime pay do not apply to an employee who is subject to the overtime pay provisions of the FLSA, as described by subpart E of part 551 of title 5, Code of Federal Regulations. (See § 550.101.)

A paragraph in part 550 explaining when time in a travel status is considered to be hours of work has been amended to reflect language in 5 U.S.C. 5542, which includes both travel to and from an event that cannot be scheduled or controlled administratively. This change in law occurred prior to FEPCA. (See § 550.112(g)(2).)

A paragraph has been added to both parts 550 and 551 to clarify that, for prevailing rate employees who are confined to their post of duty, hours in a standby or on-call status or while sleeping or eating are not creditable for the purpose of determining hours of work in excess of 8 hours in a day. (See §§ 550.112(i) and 551.501(a)(3).) Note that for the purpose of determining overtime pay under the FLSA for hours of work in excess of 40 hours in a week, the existing rules under part 551 concerning standby duty, on-call status, and sleep time have not been altered.

Regulations on compensatory time off under part 550 have been revised to reflect the authority at 5 U.S.C. 6123 to grant compensatory time off to employees under flexible work schedules under 5 U.S.C. 6122 in lieu of payment for overtime hours, whether or not irregular or occasional in nature. This is a clarifying change and not directly related to the changes made by FEPCA. (See § 550.114.)

Certain provisions of part 550 that should also apply for the purpose of determining overtime pay under the FLSA have been added to part 551 after conforming revisions were made. The sections involved are (1) § 550.111(a)(2) on computing hours of work for overtime pay, which has been added at § 551.401(g); (2) § 550.112(d) on leave without pay, which has been added at § 551.401(c); and (3) § 550.112(h) on call-back overtime work, which has been added at § 551.401(e).

The overtime pay provisions of parts 550 and 551 will each be independent and complete (except for determining hours of work, as discussed above). However, employees covered by the FLSA will continue to be covered by other applicable provisions of 5 U.S.C. 5544 and part 532 or 550 on night pay, pay for holiday work, pay for Sunday work, annual premium pay for standby duty or administratively uncontrollable overtime work, and other provisions.

Language has also been added to both parts 550 and 551 to clarify that if an employee is compensated by payment of annual premium pay for regularly scheduled standby duty or administratively uncontrollable overtime work under 5 U.S.C. 5545, the same hours of work will not also be compensated by overtime pay under part 551 for hours of work in excess of 8 hours in a day. This language has been added so that nonexempt employees will neither lose nor gain overtime pay entitlement to the extent feasible consistent with the goal of simplifying overtime pay administration. (See §§ 550.112(j) and 551.501(a)(1).)

In addition, subpart D of part 551 has been amended to provide that hours in a paid nonwork status (e.g., paid leave, holidays, compensatory time off, or excused absences) are "hours of work" under part 551 for purposes of determining overtime pay. This parallels parts 532 and 550 overtime provisions, under which hours in a paid nonwork status are included as hours of work for the purpose of determining whether an employee has worked in excess of 8 hours in a day or 40 hours in an administrative workweek. In the past, this has also been true under part 551 for determining whether an employee worked in excess of 40 hours in a workweek, except for determining hours of work for an employee who may be entitled to overtime pay based solely on occasional or irregular overtime work. FEPCA eliminates this difference between the overtime pay provisions. (See § 551.401(b).)

The regulations in subpart E of part 551 also have been amended to provide that, for employees covered by the overtime pay provisions of the FLSA, hours of work in excess of 8 hours in a day shall be deemed to be overtime hours. Thus, title 5 and FLSA overtime pay will be earned on the same basis -- i.e., for hours of work in excess of 8 in a day or

40 in a week. A list of exceptions to this rule has also been added. For example, an exception to this requirement is made for employees whose work in excess of 8 hours in a day or 40 hours in a week is not "overtime hours," as defined in 5 U.S.C. 6121 (flexible and compressed work schedules). Another exception is made for the special weekly overtime standards established under section 7(k) of the FLSA for employees engaged in fire protection or law enforcement activities. (See § 551.501(a).)

Also, a paragraph has been deleted from subpart E (§ 551.511(b)(2)) so that the "total remuneration" used in determining a nonexempt employee's "hourly regular rate" will always include pay while in a paid nonwork status, consistent with the change made in subpart D to reflect the fact that hours in a paid nonwork status are deemed to be "hours of work" under part 551.

Another paragraph in subpart E has been amended by deleting language that necessitates dual computations of overtime pay under title 5 and the FLSA It should be noted that elimination of the requirement to perform an overtime pay comparison for nonexempt employees does not affect their entitlement to premium pay under title 5, United States Code, including premium pay for Sunday, holiday, and night work and premium pay paid on an annual basis. Premium pay paid on an annual basis continues to be computed under 5 CFR 550.141 through 550.164. (See § 551.513.)

Part 551 has also been revised to reflect the new FEPCA provision that amends section 5543(a)(1) of title 5, United States Code, to provide that on request of an employee, the head of an agency may grant an employee compensatory time off from the employee's scheduled tour of duty instead of payment under title 5 or the FLSA for an equal amount of time spent in irregular or occasional overtime work. This provision does not apply to prevailing rate employees, who are not covered by the definition of "employee" at 5 U.S.C. 5541. The legal authority for compensatory time off previously did not extend to nonexempt employees. Consequently, compensatory time off for nonexempt employees has been permitted only under very limited circumstances. The interim regulations delete language that required that compensatory time off be taken during the same workweek when it is earned and, for a subsequent workweek, when the overtime pay entitlement under title 5 is equal to or greater than under the FLSA. (See § 551.531.)

The rules governing compensatory time off requested by an employee are not the same under both parts 550 and 551. Part 551 now reflects the new authority to grant compensatory time off under FEPCA. Both parts 550 and 551 now reflect the existing authority to grant compensatory time off to employees under flexible work schedules established under 5 U.S.C. 6122. However, there is no legal authority for an agency to require that a nonexempt employee take compensatory time off in lieu of overtime pay under the FLSA. (Such an authority is provided under title 5 when applied to employees whose rate of basic pay is in excess of the maximum rate for GS-10.) The interim regulations provide that an agency may not require that a nonexempt employee be paid for overtime work earned under the FLSA and part 551 with an equivalent amount of compensatory time off.

Language also has been added to the overtime pay, compensatory time off, and standby premium pay provisions of §§ 550.111, 550.113, 550.114, 550.141, and 550.144 to reflect an amendment made by section 101(b)(3)(E) of FEPCA. Under this provision of law, which became effective on the first day of the first pay period beginning on or after February 14, 1991, references to "GS-10" in 5 U.S.C. 5542(a), 5543, and 5545(c)(1) now include "any applicable locality-based comparability payment under section 5304 or similar provision of law and any applicable special rate of pay under section 5305 or similar provision of law." The practical effect of this amendment was explained in a notice of effective dates published in the Federal Register on February 14, 1991 (56 FR 6212).

In addition, language has been added to the overtime pay computation provisions of § 550.113(b) to reflect an amendment made by section 410(a) of FEPCA. Under this provision of law, which became effective on November 5, 1990, the rate of overtime pay for law enforcement officers whose rate of basic pay exceeds the rate for GS-10, step 1, is limited to one and one-half times the rate of basic pay for GS-10, step 1 (including any interim geographic adjustment or locality-based comparability payment that may be payable after January 1, 1991, and any special salary rate), or the employee's rate of basic pay (including any interim geographic adjustment or locality-based comparability payment and any special salary rate), whichever is greater.

Finally, language has been added to the definitions of "rate of basic pay" in §§ 550.103(j) and 550.703 for premium pay and severance pay purposes, respectively, to include any applicable interim geographic adjustment under section 302 of FEPCA or locality-based comparability payment under 5 U.S.C. 5304. As indicated in the Federal Register notice of January 9, 1991 (56 FR 771), the effective date of the interim regulations on interim geographic adjustments was the first day of the first pay period beginning on or after January 1, 1991.

OPM will issue additional guidance to agencies on FLSA pay administration through the Federal Personnel Manual in the near future.

Waiver of Notice of Proposed Rulemaking and Delay in Effective Date

Pursuant to 5 U.S.C. 553(b)(3)(B), I find that good cause exists for waiving the general notice of proposed rulemaking. Also, pursuant to 5 U.S.C. 553(d)(3), I find that good cause exists to make this amendment effective in less than 30 days. The premium pay amendments of section 210 of FEPCA must be made effective no sooner than 90 days and no later than 180 days after enactment. The notice is being waived and the regulation is being made effective in less than 30 days to enable all agencies to implement the premium pay amendments by May 4, 1991.

E.O. 12291, Federal Regulation

I have determined that this is not a major rule as defined under section 1(b) of E.O. 12291, Federal Regulation.

Regulatory Flexibility Act

I certify that these regulations will not have a significant economic impact on a substantial number of small entities because they apply only to Federal agencies and employees.

List of Subjects

*5 CFR Part 532*

Administrative practice and procedure, Government employees, Wages.

*5 CFR Part 550*

Administrative practice and procedure, Civil defense, Government employees, Wages.

*5 CFR Part 551*

Administrative practice and procedure, Fair Labor Standards Act, Government employees, Manpower training programs, Travel, Wages.

U.S. Office of Personnel Management.

Constance Berry Newman,

Director.

Accordingly, OPM is amending parts 532, 550, and 551 of title 5 of the Code of Federal Regulations as follows:

PART 532 -- PREVAILING RATE SYSTEMS

1. The authority citation for part 532 continues to read as follows:

Authority: 5 U.S.C. 5343, 5346; § 532.707 also issued under 5 U.S.C. 552, Freedom of Information Act, Pub. L. 92-502.

2. In § 532.503, paragraph (a)(1) is revised to read as follows:

§ 532.503 Overtime pay.

(a)(1) Employees who are exempt from the overtime pay provisions of the Fair Labor Standards Act of 1938, as amended, shall be paid overtime pay in accordance with 5 U.S.C. 5544 and this section. Employees who are nonexempt shall be paid overtime pay in accordance with part 551 of this chapter.

56 FR 20339

* * * * *

PART 550 -- PAY ADMINISTRATION (GENERAL)

3. The authority citation for subpart A of part 550 continues to read as follows:

Authority: 5 U.S.C. 5548 and 6101(c).

4. In § 550.101, paragraph (a)(1) is revised, paragraph (c) is redesignated as paragraph (d), and a new paragraph (c) is added to read as follows:

§ 550.101 Coverage and exemptions.

(a) *Employees to whom this subpart applies.* (1) This subpart applies to each employee in or under an Executive agency, as defined in 5 U.S.C. 105, except those named in paragraphs (b) and (c) of this section.

* * * * *

(c) *Employees to whom §§ 550.111, 550.113, and 550.114 of this subpart do not apply.* Except for the purpose of determining hours of work in excess of 8 hours in a day, §§ 550.111, 550.113, and 550.114 of this subpart do not apply to an employee who is subject to the overtime pay provisions of section 7 of the Fair Labor Standards Act of 1938 and part 551 of this chapter.

* * * * *

5. In § 550.103, paragraph (j) is revised to read as follows:

§ 550.103 Definitions.

* * * * *

(j) *Rate of basic pay* means the rate of pay fixed by law or administrative action for the position held by an employee, including any applicable interim geographic adjustment under section 302 of the Federal Employees Pay Comparability Act of 1990 (Pub. L. 101-509) or locality-based comparability payment under 5 U.S.C. 5304, before any deductions and exclusive of additional pay of any other kind.

* * * * *

6. In § 550.111, paragraph (d)(2) is revised to read as follows:

§ 550.111 Authorization of overtime pay.

* * * * *

(d) * * *

(2) Performed by an employee, when the employee's basic pay exceeds the minimum rate for GS-10 (including any applicable interim geographic adjustment under section 302 of the Federal Employees Pay Comparability Act of 1990 (Pub. L. 101-509) or locality-based comparability payment under 5 U.S.C. 5304 and any applicable special rate of pay under 5 U.S.C. 5305 or similar provision of law) or when the employee is engaged in professional or technical engineering or scientific activities. For purposes of this section and section 5542(a) of title 5, United States Code, an employee is engaged in professional or technical engineering or scientific activities when he or she is assigned to perform the duties of a professional or support technician position in the physical, mathematical, natural, medical, or social sciences or engineering or architecture.

* * * * *

7. In § 550.112, paragraph (g)(2) is revised, and paragraphs (i) and (j) are added to read as follows:

§ 550.112 Computation of overtime work.

* * * * *

(g) * * *

(2) The travel --

(i) Involves the performance of actual work while traveling;

(ii) Is incident to travel that involves the performance of work while traveling;

(iii) Is carried out under such arduous and unusual conditions that the travel is inseparable from work; or

(iv) Results from an event which could not be scheduled or controlled administratively, including travel by an employee to such an event and the return of the employee to his or her official-duty station.

* * * * *

(i) For an employee covered by 5 U.S.C. 5544, hours in a standby or on-call status or while sleeping or eating shall not be credited for the purpose of determining hours of work in excess of 8 hours in a day.

(j) Periods of duty that are compensated by annual premium pay under 5 U.S.C. 5545(c) (1) or (2) shall not be credited for the purpose of determining hours of work in excess of 8 hours in a day.

8. In § 550.113, paragraphs (a) and (b) are revised to read as follows:

§ 550.113 Computation of overtime pay.

(a) For each employee whose rate of basic pay does not exceed the minimum rate for GS-10 (including any applicable interim geographic adjustment under section 302 of the Federal Employees Pay Comparability Act of 1990 (Pub. L. 101-509) or locality-based comparability payment under 5 U.S.C. 5304 and any applicable special rate of pay under 5 U.S.C. 5305 or similar provision of law), the overtime hourly rate is 1 1/2 times his or her hourly rate of basic pay.

(b) For each employee whose rate of basic pay exceeds the minimum rate for GS-10 (as determined under paragraph (a) of this section), the overtime hourly rate is 1 1/2 times the hourly rate of basic pay at the minimum rate for GS-10 (as determined under paragraph (a) of this section), except as provided in 5 U.S.C. 5542(a) (3) and (4).

* * * * *

9. In § 550.114, the heading and paragraph (a) are revised; paragraphs (b) and (c) are redesignated as paragraphs (c) and (d), respectively; a new paragraph (b) is added; and the newly redesignated paragraph (c) is revised to read as follows:

§ 550.114 Compensatory time off.

(a) At the request of an employee, as defined in 5 U.S.C. 5541(2), the head of an agency may grant compensatory time off from an employee's tour of duty instead of payment under § 550.113 of this part for an equal amount of irregular or occasional overtime work.

(b) At the request of an employee, as defined in 5 U.S.C. 2105, the head of an agency may grant compensatory time off from an employee's basic work requirement under a flexible work schedule under 5 U.S.C. 6122 instead of payment under § 550.113 of this part for an equal amount of overtime work, whether or not irregular or occasional in nature.

(c) The head of an agency may provide that an employee whose rate of basic pay exceeds the maximum rate for GS-10 (including any applicable interim geographic adjustment under section 302 of the Federal Employees Pay Comparability Act of 1990 (Pub. L. 101-509) or locality-based comparability payment under 5 U.S.C. 5304 and any applicable special rate of pay under 5 U.S.C. 5305 or similar provision of law) shall be compensated for irregular or occasional overtime work with an equivalent amount of compensatory time off from the employee's tour of duty instead of payment under § 550.113 of this part.

* * * * *

10. § 550.141 is revised to read as follows:

§ 550.141 Authorization of premium pay on an annual basis.

An agency may pay premium pay on an annual basis, instead of the premium pay prescribed in this subpart for regularly scheduled overtime, night, holiday, and Sunday work, to an employee in a position requiring him or her regularly to remain at, or within the confines of, his or her station during longer than ordinary periods of duty, a substantial part of which consists of remaining in a standby status rather than performing work. Premium pay under this section is determined as an appropriate percentage, not in excess of 25 percent, of that part of the employee's rate of basic pay which does not exceed the minimum rate of basic pay for GS-10 (including any applicable interim geographic adjustment under section 302 of the Federal Employees Pay Comparability Act of 1990 (Pub. L. 101-509) or locality-based comparability payment under 5 U.S.C. 5304 and any applicable special rate of pay under 5 U.S.C. 5305 or similar provision of law).

11.In § 550.144, the introductory text to paragraph (a) is revised to read as follows:

§ 550.144 Rates of premium pay payable under § 550.141.

(a) An agency may pay the premium pay on an annual basis referred to in § 550.141 to an employee who meets the requirements of that section, at one of the following percentages of that part of the employee's rate of basic pay which does not exceed the minimum rate of basic pay for GS-10 (including any applicable interim geographic adjustment under section 302 of the Federal Employees Pay Comparability Act of 1990 (Pub. L. 101-509) or locality-based comparability payment under 5 U.S.C. 5304 and any applicable special rate of pay under 5 U.S.C. 5305 or similar provision of law):

12. The authority of subpart G of part 550 continues to read:

Authority: 5 U.S.C. 5595; E.O. 11257.

* * * * *

12a. In § 550.703, the definition of "rate of basic pay" is revised to read as follows:

§ 550.703 Definitions.

* * * * *

*Rate of basic pay* means the rate of pay fixed by law or administrative action for the position held by an employee, including, as applicable, annual premium pay for standby duty under 5 U.S.C. 5545(c)(1), night differential for prevailing rate employees under 5 U.S.C. 5343(f), and any interim geographic adjustment under section 302 of the Federal Employees Pay Comparability Act of 1990 (Pub. L. 101-509) or locality-based comparability payment under 5 U.S.C. 5304, but not including additional pay of any kind.

* * * * *

PART 551 -- PAY ADMINISTRATION UNDER THE FAIR LABOR STANDARDS ACT

13. The authority citation for part 551 is revised to read as follows:

Authority: Sec. 4(f) of the Fair Labor Standards Act of 1938, as amended by Pub. L. 93-259, 88 Stat. 55 (29 U.S.C. 204f); Sec. 210 of the Federal Employees Pay Comparability Act of 1990, Pub. L. 101-509, 104 Stat. 1460.

14. In § 551.401, paragraphs (b) and (c) are revised, and paragraphs (e) through (h) are added to read as follows:

§ 551.401 Basic principles.

* * * * *

(b) Hours in a paid nonwork status (e.g., paid leave, holidays, compensatory time off, or excused absences) are "hours of work" under this part.

(c) Hours in an unpaid nonwork status (e.g., leave without pay, furlough, absence without leave) are not "hours of work" under this part.

* * * * *

(e) Irregular or occasional overtime work performed by an employee on a day on which work was not scheduled for that employee or for which the employee is required to return to his or her place of employment is deemed at least 2 hours in duration for the purpose of determining whether the employee may be entitled to overtime pay under this part, either in money or compensatory time off.

(f) For the purpose of determining hours of work in excess of 8 hours in a day under this part, agencies shall credit hours of work under § 410.602 of this chapter, part 532 of this chapter and 5 U.S.C. 5544, and part 550 of this chapter, as applicable.

(g) For the purpose of determining hours of work in excess of 40 hours in a week or in excess of another applicable overtime work standard under section 7(k) of the Fair Labor Standards Act, agencies shall credit hours of work under § 410.602 of this chapter, part 532 of this chapter and 5 U.S.C. 5544, and part 550 of this chapter, as applicable, that will not be compensated as hours of work in excess of 8 hours in a day, as well as any additional hours of work under this part.

(h) For the purpose of determining overtime pay for work in excess of 40 hours in a workweek under this part, time spent in a travel status is hours of work as provided in § 551.422 of this part and § 550.112(g) of this chapter or 5 U.S.C. 5544, as applicable.

15. In § 551.501, paragraph (a) is revised, paragraph (c) is redesignated as paragraph (d), and a new paragraph (c) is added to read as follows:

§ 551.501 Overtime pay.

(a) An agency shall compensate an employee who is not exempt under subpart B of this part for all hours of work in excess of 8 in a day or 40 in a workweek at a rate equal to one and one-half times the employee's hourly regular rate of pay, except that an employee shall not receive overtime compensation under this part --

(1) On the basis of periods of duty in excess of 8 hours in a day when the employee receives compensation for that duty under 5 U.S.C. 5545(c) (1) or (2);

(2) On the basis of hours of work in excess of 8 hours in a day that are not overtime hours of work under § 410.602 of this chapter, part 532 of this chapter and 5 U.S.C. 5544, or part 550 of this chapter;

(3) On the basis of hours of work in excess of 8 hours in a day for an employee covered by 5 U.S.C. 5544 for any hours in a standby or on-call status or while sleeping or eating;

(4) On the basis of hours of work in excess of 40 hours in a workweek for an employee engaged in fire protection or law enforcement activities;

(5) For hours of work that are not "overtime hours," as defined in 5 U.S.C. 6121, for employees under flexible or compressed work schedules;

(6) For hours of work compensated by compensatory time off under § 551.531 of this part; and

(7) For fractional hours of work, except as provided in § 551.521 of this part.

* * * * *

(c) In this subpart, "irregular or occasional overtime work" is overtime work that is not scheduled in advance of the employee's workweek.

* * * * *

§ 551.511 [Amended]

16. In section 551.511, paragraph (b)(2) is removed, and paragraphs (b)(3) through (b)(8) are redesignated as paragraphs (b)(2) through (b)(7), respectively.

17. Section 551.513 is revised to read as follows:

§ 551.513 Entitlement to other forms of pay.

Overtime pay under this part shall be paid in addition to all pay to which the employee is entitled under title 5, United States Code, or any other authority.

18. Section 551.531 is revised to read as follows:

§ 551.531 Compensatory time off.

(a) At the request of an employee, as defined in 5 U.S.C. 5541(2), the head of an agency may grant compensatory time off from an employee's tour of duty instead of payment under § 551.501 of this part for an equal amount of irregular or occasional overtime work.

(b) At the request of an employee, as defined in 5 U.S.C. 2105, the head of an agency may grant compensatory time off from an employee's basic work requirement under a flexible work schedule under 5 U.S.C. 6122 instead of payment under § 551.501 of this part for an equal amount of overtime work, whether or not irregular or occasional in nature.

(c) An agency may not require that an employee be compensated for overtime work under this subpart with an equivalent amount of compensatory time off from the employee's tour of duty.

(d) The head of an agency may fix time limits for an employee to request and take compensatory time off under this section. If compensatory time off is not requested or taken within the established time limits, the employee must be paid for overtime work at the overtime rate in effect for the work period in which it was earned under this subpart.
[FR Doc. 91-10552 Filed 5-2-91; 8:45 am]

BILLING CODE 6325-01-M

LEXSEE 62 FED. REG. 28305-06

FEDERAL REGISTER

Vol. 62, No. 100

Rules and Regulations

OFFICE OF PERSONNEL MANAGEMENT (OPM)

**5 CFR Parts 532, 550, 551, and 610**

**RIN 3206-AH86**

**Holidays and Premium Pay**

62 FR 28305

**DATE:** Friday, May 23, 1997

**ACTION:** Interim rule with request for comments.

----------------------------------------------------------------------------
To view the next page, type .np* TRANSMIT.
To view a specific page, transmit p* and the page number, e.g. p*1
----------------------------------------------------------------------------

**[*28305]**

**SUMMARY:** In compliance with recent changes in law, the Office of Personnel Management (OPM) is issuing interim regulations on compensatory time off for prevailing rate (wage) employees, "in lieu of" holidays for employees on compressed work schedules, and premium pay for nonappropriated fund (NAF) wage employees on flexible or compressed work schedules.

**DATES:** The amendments made by section 1041 of The Department of Defense Authorization Act of 1996 and the interim regulation in revised § 532.513 of title 5, Code of Federal Regulations, are effective retroactively to February 10, 1996. The amendments made by sections 1610 and 1613 of The National Defense Authorization Act for Fiscal Year 1997 (Pub. L. 104-201) and the interim regulations in new § 532.504 and revised §§ 550.114, 551.531, and 610.202 of title 5, Code of Federal Regulations, are effective retroactively to September 23, 1996. Comments must be received on or before July 22, 1997.

**ADDRESSES:** Comments may be sent or delivered to Donald J. Winstead, Assistant Director for Compensation Policy, Human Resources Systems Service, Office of Personnel Management, Room 6H31, 1900 E Street NW., Washington, DC 20415. (FAX: (202) 606-0824 or Internet email: payleave@opm.gov).

**FOR FURTHER INFORMATION CONTACT:** James Weddel, (202) 606-2858, FAX: (202) 606-0824, or Internet email: payleave@opm.gov.

**SUPPLEMENTARY INFORMATION:** The regulatory changes set forth below are necessary to conform with provisions of law as a result of enactment of The Department of Defense Authorization Act for Fiscal Year 1996, Public Law 104-106, February 10, 1996; and The National Defense Authorization Act for Fiscal Year 1997, Public Law 104-201, September 23, 1996.

**(1) Premium Pay for NAF Wage Employees Authorized to Work Under Flexible and Compressed Work Schedules**

Section 1041 of The National Defense Authorization Act For Fiscal Year 1996 (Pub. L. 104-106) amended the definition of "employee" at 5 U.S.C. 6121 to extend the authority to establish flexible and compressed work schedules (subchapter II of chapter 61 of title 5, United States Code) to civilian employees of the Armed Services paid from nonappropriated funds. Consistent with this change in law, an OPM regulation stating that wage employees who are authorized to work flexible or compressed work schedules shall be paid premium pay in accordance with subchapter II of chapter 61 of title 5, United States Code, has been amended to delete superseded language stating that this paragraph does not apply to nonappropriated fund employees of the Armed Services, as defined in 5 U.S.C. 2105(c). See revised § 532.513. The authority granted to agency heads by section 1041 became effective on February 10, 1996.

**(2) Compensatory Time Off for Prevailing Rate (Wage) Employees**

The new interim regulations on compensatory time off reflect amendments made by section 1610 of The National Defense Authorization Act for Fiscal Year 1997 (Pub. L. 104-201, September 23, 1996). The regulations are intended to be parallel to OPM's current regulations on compensatory time off under title 5, United States Code, and the FLSA to the maximum extent possible. Section 1610 amended 5 U.S.C. 5543 to permit the head of any agency to approve a prevailing rate employee's request for compensatory time off instead of overtime pay under either 5 U.S.C. 5544 or the FLSA for an equal amount of time spent in irregular or occasional overtime work.

The new provision also permits the approval of requests from prevailing rate employees under compressed work schedules for compensatory time off instead of overtime pay in exchange for an equal amount of time spent in irregular or occasional overtime work. The law prohibits mandatory compensatory time off for all wage employees. The authority granted to agency heads by section 1610 became effective on September 23, 1996. This new authority is in addition to authority in section 6123(a)(1) of title 5, United States Code, which authorizes compensatory time off for prevailing rate employees who work under flexible work schedules. Although this previously existing authority has been included in the premium pay regulations at § 550.114(b), it has not previously been included in OPM's regulations in part 532 for prevailing rate systems. Therefore, part 532 has been revised to reflect this previously existing legal authority as well as the newly enacted legal authority for approval of requests from wage employees who are not under flexible work schedules for compensatory time off in lieu of overtime pay for irregular or occasional overtime work.

Part 532 has also been amended to reflect the legal prohibition against requiring that a prevailing rate employee be compensated for overtime work with an equivalent amount of compensatory time off. Finally, on the recommendation of the Federal Prevailing Rate Advisory Committee, part 532 has been amended to provide that prevailing rate employees may not be directly or indirectly intimidated, threatened, or coerced for the purpose of interfering with his or her rights to request or not to request compensatory time off. The regulation also states that the same prohibited actions may not be attempted. See new § 532.504.

The change in law authorizing approval of requests for compensatory time off is applicable to all prevailing rate employees, including those who are covered by the FLSA. We have revised the FLSA regulations to provide that an agency head (or designee) may approve a request from any nonexempt employee for compensatory time off in lieu of overtime pay for irregular or occasional overtime work. This is consistent with **[*28306]** the broad statutory language in 5 U.S.C. 5543, which provides that the head of an agency may grant a request for compensatory time off from an employee's scheduled tour of duty instead of payment under section 5542 or 5544 of title 5, United States Code, or section 7 of the FLSA for an equal amount of time spent in irregular or occasional overtime work. This change will, for example, permit the applicable agency heads to approve requests for compensatory time off for nonexempt members of the United States Secret Service Uniformed Division or nonexempt members of the United States Park Police.

The revised FLSA regulations also provide that no employee covered by the FLSA may be intimidated, threatened, or coerced to request or not to request compensatory time off. The FLSA regulations on compensatory time off already provide that compensatory time off may not be required for nonexempt employees. This is consistent with the new provisions in law on compensatory time off for prevailing rate employees. It is also consistent with 5 U.S.C. 6132(a)(1), which provides that an employee may not threaten, coerce, or intimidate any other employee under a flexible work schedule (or threaten to do so) for the purpose of interfering with such an employee's rights to request or not to request compensatory time off. See revised § 551.531.

Since regulatory requirements on compensatory time off for prevailing rate employees have been added to part 532 and part 551, the current language authorizing compensatory time off for prevailing rate employees under flexible work schedules has been deleted from part 550. Limits on the accumulation and timely use of compensatory time off are set by agency policy or negotiation with appropriate employee representatives, as permitted by new § 532.504(d).

**(3) Designation of "In lieu of" Holidays for Employees on Compressed Work Schedules**

The interim regulations on "in lieu of" holidays reflect amendments made by section 1613 of The National Defense Authorization Act for Fiscal Year 1997 (Pub. L. 104-201, September 23, 1996). Section 1613 adds a new subsection (d) to 5 U.S.C. 6103 that allows an agency head to designate a different "in lieu of" holiday than would be required under 5 U.S.C. 6103(b) in certain circumstances-namely, for full-time employees on compressed work schedules when the head of the agency determines that a different "in lieu of" holiday is necessary to prevent an "adverse agency impact." The phrase "adverse agency impact" is defined in 5 U.S.C. 6131(b) as "(1) a reduction of the productivity of the agency; (2) a diminished level of services furnished to the public by the agency; or (3) an increase in the cost of agency operations (other than a reasonable administrative cost relating to the process of establishing a flexible or compressed work schedule)."

This new flexibility is applicable to all agencies covered by subchapters I and II of chapter 61 of title 5, United States Code, and is granted to an agency head notwithstanding any other provision of law or the terms of any collective bargaining agreement. However, a new paragraph (c) has been added to 5 CFR 610.202 to provide that the "in lieu of" holiday selected by the agency for an employee under a compressed work schedule must be a workday in the same biweekly pay period as the date of the actual holiday established by 5 U.S.C. 6103(a) or must be a workday in the pay period immediately preceding or following that pay period. This provision is intended to (1) preclude a long delay in providing an "in lieu of" holiday to an employee and (2) prevent accumulation of holiday hours as if they were paid hours of leave. The authority granted to agency heads by section 1613 became effective on September 23, 1996.

**(4) Appropriations Limitations on the Payment of Sunday Premium Pay and Night Pay Differential in Certain Agencies**

Section 630 of The Treasury, Postal Service, and General Government Appropriations Act, 1997, as contained in section 101(f) of Public Law 104-208, The Omnibus Consolidated Appropriations Act, 1997, prohibits the use of funds appropriated under the Act for the payment of Sunday premium pay and night pay differential pay to employees who do not actually perform work during the time corresponding to such Sunday premium or night pay differential. This prohibition applies only to agencies whose appropriations are provided by The Treasury, Postal Service, and General Government Appropriations Act, 1997. Affected agencies should be aware that this change in law restricts their implementation of 5 CFR 532.505, 532.509, 550.122, and 550.171.

Within the covered agencies, this prohibition applies to any employee who is paid from funds appropriated by the Act, including but not limited to General Schedule and prevailing rate employees. This provision has the effect of prohibiting the payment of Sunday premium pay or night pay differential to covered employees during any period when no work is performed, apparently including holidays and periods of paid leave, excused absence with pay, compensatory time off, credit hours when used (taken), or time off as an incentive or performance award. Paid leave includes all types of paid leave, including paid leave for jury or witness service under 5 U.S.C. 6322 and military leave under 5 U.S.C. 6323.

This prohibition also appears to preclude a covered agency from paying Sunday premium pay or night pay differential during a period of continuation of pay under the authority of the Federal Employees' Compensation Act (FECA) when the employee did not actually work on Sunday or at night. Similarly, this prohibition appears to preclude a covered agency from reimbursing the Department of Labor for FECA benefits paid to its employees to the extent that the employees have received FECA benefits that are based on Sunday premium pay or night pay differential that the employees would have earned had they worked, but did not earn because they did not actually work on Sunday or at night. The Department of Labor may be able to waive overpayments that occurred. OPM believes that is an issue to be worked out between affected agencies and the Department of Labor. Section 630 became effective on September 30, 1996.

A similar ban on the payment of Sunday premium pay was also in effect for employees of the Federal Aviation Administration (FAA) under The Transportation and Related Agencies Appropriations Acts for FY 1995, 1996, and 1997. This was included in the 1997 Transportation and Related Agencies Appropriation Act even though Congress has authorized FAA to implement its own personnel system. Since the application of these appropriations restrictions is

limited and the restrictions may expire, we have not amended OPM regulations on payment of Sunday premium pay and night pay differential. Nevertheless, affected agencies must comply with these appropriations restrictions.

**Waiver of Notice of Proposed Rule Making and Delay in Effective Date**

The authority for agencies to authorize flexible and compressed work schedules for NAF employees of the Armed Services, provided by section 1041 of The Department of Defense Authorization Act for Fiscal Year 1996 (Public Law 104-106), became effective on February 10, 1996. Authority for **[*28307]** employer-employee agreements providing that commuting by use of a Government vehicle shall not create hours of work for the purpose of providing overtime pay under the FLSA is provided by The Employee Commuting Flexibility Act of 1996, as contained in sections 2101 through 2103 of The Small Business Job Protection Act of 1996 (Pub. L. 104-188), and became effective on August 20, 1996.

The authority granted to agency heads under section 1610 of The National Defense Authorization Act for Fiscal Year 1997 (Public Law 104-201) to approve requests from prevailing rate employees for compensatory time off in lieu of overtime pay for irregular or occasional overtime work became effective on September 23, 1996. Section 1613 of the same Act, which allows an agency head to designate a different "in lieu of" holiday than would be required under 5 U.S.C. 6103(b) for full-time employees on compressed work schedules, also became effective on September 23, 1996.

In order to implement these changes on the effective dates established for them by law, I find good cause to waive the general notice of proposed rulemaking pursuant to 5 U.S.C. 553(b)(3)(B). Also, I find that good cause exists for making this rule effective retroactively. The retroactive effective dates are necessary in order to implement the changes in law on their statutory effective dates.

**Regulatory Flexibility Act**

I certify that these regulations will not have a significant economic impact on a substantial number of small entities because they will apply only to Federal agencies and employees.

**List of Subjects in 5 CFR Parts 532, 550, 551, and 610**

Administrative practice and procedure, Claims, Freedom of information, Government employees, Holidays, Reporting and recordkeeping requirements, Wages.

Office of Personnel Management.

**James B. King,**

*Director.*

Accordingly, OPM is amending parts 532, 550, 551, and 610 of title 5 of the Code of Federal Regulations as follows:

**PART 532--PREVAILING RATE SYSTEMS**

1. The authority citation for part 532 continues to read as follows:

**Authority:** 5 U.S.C. 5343, 5346; § 532.707 also issued under 5 U.S.C. 552.

**Subpart E--Premium Pay and Differentials**

2. Section 532.504 is added to read as follows:

**§ 532.504 -- Compensatory time off.**

(a) At the request of an employee, the head of an agency may grant compensatory time off from an employee's tour of duty instead of payment under § 532.503 or the Fair Labor Standards Act of 1938, as amended, for an equal amount of irregular or occasional overtime work.

(b) At the request of an employee, the head of an agency may grant compensatory time off from an employee's basic work requirement under a flexible work schedule under 5 U.S.C. 6122 instead of payment under § 532.503 or the Fair Labor Standards Act of 1938, as amended, for an equal amount of overtime work, whether or not irregular or occasional in nature.

(c) An agency may not require that an employee be compensated for overtime work with an equal amount of compensatory time off from the employee's tour of duty. An employee may not directly or indirectly intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any other employee for the purpose of interfering with such employee's rights to request or not to request compensatory time off in lieu of payment for overtime hours.

(d) The head of a department may fix a time limit for an employee to request or take compensatory time off and may provide that an employee who fails to take compensatory time earned under paragraph (a) or (b) of this section before the time limit fixed shall lose the right to compensatory time off and to overtime pay unless the failure is due to an exigency of the service beyond the employee's control.

3. Section 532.513 is revised to read as follows:

**§ 532.513 -- Flexible and compressed work schedules.**

Federal Wage System employees who are authorized to work flexible and compressed work schedules under sections 6122 and 6127 of title 5, United States Code, shall be paid premium pay in accordance with subchapter II of chapter 61 of title 5, United States Code. Subpart D of part 610 of this chapter supplements subchapter II and must be read together with it.

**PART 550--PAY ADMINISTRATION (GENERAL)**

**Subpart A--Premium Pay**

4. The authority citation for subpart A of part 550 continues to read as follows:

**Authority:** 5 U.S.C. 5304 note, 5305 note, 5541(2)(iv), 5548, and 6101(c); E.O. 12748, 3 CFR, 1991 Comp., p. 316.

5. In § 550.114, paragraphs (a) and (b) are revised to read as follows:

**§ 550.114 -- Compensatory time off.**

(a) At the request of an employee, the head of an agency (or designee) may grant compensatory time off from an employee's tour of duty instead of payment under § 550.113 for an equal amount of irregular or occasional overtime work.

(b) At the request of an employee, as defined in 5 U.S.C. 2105, the head of an agency (or designee) may grant compensatory time off from an employee's basic work requirement under a flexible work schedule under 5 U.S.C. 6122 instead of payment under § 550.113 for an equal amount of overtime work, whether or not irregular or occasional in nature.

* * * * *

**PART 551--PAY ADMINISTRATION UNDER THE FAIR LABOR STANDARDS ACT**

6. The authority citation for part 551 continues to read as follows:

**Authority:** 5 U.S.C. 5542(c); Sec. 4(f) of the Fair Labor Standards Act of 1938, as amended by Pub. L. 93-259, 88 Stat. 55 (29 U.S.C. 204f).

**Subpart E--Overtime Pay Provisions**

7. In § 551.531, paragraphs (a) and (c) are revised to read as follows:

**§ 551.531 -- Compensatory time off.**

(a) At the request of an employee who is not exempt under subpart B of this part, the head of an agency (or designee) may grant compensatory time off from an employee's tour of duty instead of payment under § 551.501 for an equal amount of irregular or occasional overtime work.

* * * * *

(c) An agency may not require that an employee be compensated for overtime work under this subpart with an equivalent amount of compensatory time off from the employee's tour of duty. An employee may not directly or indirectly intimidate, threaten, or coerce, or attempt to intimidate, threaten, or coerce any other employee for the purpose of interfering with such employee's rights to request or not to **[*28308]** request compensatory time off in lieu of payment for overtime hours.

* * * * *

**PART 610--HOURS OF DUTY**

**Subpart B--Holidays**

8. The authority citation for subpart B of part 610 continues to read as follows:

**Authority:** 5 U.S.C. 6101; sec. 1(1) of E.O. 11228, 3 CFR, 1964-1965 Comp., p. 317.

9. In § 610.202, paragraph (b) is revised, and paragraph (c) is added, to read as follows:

**§ 610.202 -- Determining the holiday.**

* * * * *

(b) When a holiday falls on a nonworkday outside an employee's basic workweek, the day to be treated as his or her holiday is determined in accordance with sections 6103 (b) and (d) of title 5, United States Code, and Executive Order 11582.

(c) When an agency determines the holiday in accordance with section 6103(d) of title 5, United States Code, for an employee under a compressed work schedule, the agency shall select a workday for the holiday that is in the same biweekly pay period as the date of the actual holiday designated under 5 U.S.C. 6103(a) or in the biweekly pay period immediately preceding or following that pay period.

[FR Doc. 97-13492 Filed 5-22-97; 8:45 am]

BILLING CODE 6325-01-P