IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| MARK G. ABBEY, et al.<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant. | No. 07-272C<br>Judge Emily C. Hewitt |

**APPENDIX TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS**

**(Pages 142-151)**

Gregory K. McGillivary
WOODLEY & McGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, DC 20005
Phone: (202) 833-8855

Counsel of Record

PUBLISHED IN ADVANCE OF INCORPORATION IN FPM Chapter 551
RETAIN UNTIL SUPERSEDED.
FPM LTR. 551-6

UNITED STATES CIVIL SERVICE COMMISSION

# FEDERAL PERSONNEL MANUAL SYSTEM

## LETTER

*Washington, D.C. 20415*
June 12, 1975

**FPM LETTER NO.** 551-6

**SUBJECT:** Additional Instructions for Implementing the Fair Labor Standards Act (FLSA)

*Heads of Departments and Agencies:*

This is another in a series of FPM letters pertaining to the Fair Labor Standards Act (FLSA) as was mentioned in FPM Letter 551-1, May 15, 1974.

Numerous issues concerning a nonexempt employee's entitlement to overtime pay and the method for computing the employee's overtime pay under the FLSA and other Federal pay laws (such as title 5) were addressed in attachment 5 to FPM Letter 551-1. One such issue which was specifically mentioned as requiring further study was whether compensatory time off would be appropriate for nonexempt employees in view of the FLSA. In addition, other issues concerning overtime pay entitlements and computations have been surfaced which require further clarification. These include the procedures for crediting overtime work on a fractional hour basis, the treatment of night differential pay during periods of nonwork under FLSA, and the effect of overtime pay under the FLSA on the maximum earnings limitation imposed by 5 U.S.C. 5547.

The results of the further study concerning the appropriateness of compensatory time off for nonexempt employees and the other issues concerning overtime pay entitlements and computations are specifically addressed in the attachments to this FPM Letter.

Bernard Rosen
Bernard Rosen
Executive Director

Attachments

**INQUIRIES:** Bureau of Policies and Standards, Pay Policy Division code 101, ext. 25604 or 63-25604

**CSC CODE** 551, Pay Administration Under the Fair Labor Standards Act

**DISTRIBUTION:** FPM

COMPENSATORY TIME OFF

In FPM Letter 551-1, May 15, 1974, it was stated that compensatory time off for overtime work is probably not appropriate for nonexempt employees and that this issue would require further study. (Note: The instructions which follow apply to nonexempt employees only. The rules applicable to exempt employees continue in effect without change.)

A. COMPENSATORY TIME OFF AT THE REQUEST OF THE EMPLOYEE

1. Basic principles

a. Basic employee entitlement to compensatory time off. It has been established that:

(1) there is no statutory provision under the FLSA for granting compensatory time off in lieu of overtime pay; and

(2) FLSA does not amend or rescind a General Schedule employee's entitlement to request compensatory time off for irregular or occasional overtime work under section 5543(a)(1) of title 5, United States Code. Therefore, there are certain circumstances when an employee who is nonexempt under FLSA may be granted compensatory time off as a substitute for overtime pay under title 5. (Note: Title 5 does not contain a provision for compensatory time off as a substitute for overtime pay for Federal Wage System employees.)

b. Overtime pay entitlement solely under title 5. If a nonexempt employee earns his overtime pay entitlement in a given workweek solely under title 5, all rules previously applicable to requesting and granting compensatory time off still apply without change. FLSA has no effect.

c. Overtime pay entitlement solely under FLSA. If a nonexempt employee earns his overtime pay entitlement in a given workweek solely under FLSA, he must be paid for the overtime work. No compensatory time off is allowed.

d. Overtime pay entitlement under both FLSA and title 5

(1) If overtime pay entitlement in a given workweek is greater under FLSA, the employee must be paid, as in c, above.

(2) If overtime pay entitlement in a given workweek is equal or greater under title 5, compensatory time off may be substituted for overtime pay as indicated in paragraph 3b(2), below.

e. Compensatory time off will be equal to the time spent in overtime work. Compensatory time off, when appropriate, will be substituted at a rate of one hour compensatory time off for each hour spent in irregular or occasional overtime work.

2. Circumstances under which overtime pay entitlement is earned

a. Under title 5 only. A nonexempt employee who works in excess of 8 hours in a day or 40 hours in a workweek under title 5 (but does not exceed 40 hours of actual work under the FLSA; e.g., due to a holiday or paid leave during the workweek), is entitled to overtime pay solely under title 5.

b. Under FLSA only. If the employee's work in excess of 40 hours in the workweek was "suffered or permitted" overtime work under the FLSA or work outside his regular working hours for purposes which are considered "hours of work" under FLSA and not considered "hours of work" under title 5, the employee is entitled to overtime pay solely under FLSA.

c. Under both FLSA and title 5. If a nonexempt employee has worked in excess of 40 hours under both FLSA and title 5, he is entitled to overtime pay under both statutes. The employee shall be compensated under whichever statute provides the greater overtime pay benefit. (See attachment 5 of FPM Letter 551-1 for the method for determining the employee's greater overtime pay benefit.)

3. Circumstances under which compensatory time off may be substituted for overtime pay

a. Compensatory time off as an "offset" within the same workweek. An employee may request compensatory time off from a scheduled tour of duty sometime during the remainder of the same workweek in which the overtime was worked. This entitlement arises when an employee works in excess of eight hours in a day, or completes 40 hours of work prior to the end of his scheduled weekly tour of duty. This entitlement will apply even though the employee may earn entitlement to overtime pay under the FLSA or may earn further entitlement to overtime pay under title 5 during the same workweek.

The following examples illustrate the use of compensatory time off during the same workweek in which the overtime was worked. In these examples, assume the employee is under the General Schedule and all overtime work is irregular or occasional in nature.

| Example (1) | Mon | Tue | Wed | Thur | Fri | TOTAL |
|---|---|---|---|---|---|---|
| Scheduled tour of duty | 8 | 8 | 8 | 8 | 8 | 40 |
| Actual hours worked | 10 | 6 | 8 | 8 | 8 | 40 |
| Overtime work | 2 | | | | | 2 |
| Compensatory time off | | 2 | | | | 2 |

The employee who performs two hours of overtime work under title 5 on Monday may be granted compensatory time off from his scheduled tour of duty on Tuesday or any other workday during the remainder of the same workweek. FLSA has no effect.

| Example (2) | Mon | Tue | Wed | Thur | Fri | TOTAL |
|---|---|---|---|---|---|---|
| Scheduled tour of duty | 8 | 8 | 8 | 8 | 8 | 40 |
| Actual hours worked | 14 | 8 | 14 | 8 | 0 | 44 |
| Overtime work | 6 | | 6 | | | 12 |
| Compensatory time off | | | | | 8 | 8 |
| Overtime remaining at the end of the workweek | | | | | | 4 |

After the completion of work on Thursday, the employee has a total of 44 hours of work under FLSA and title 5 for the workweek and has entitlement to twelve hours of overtime pay under title 5. The employee's request for eight hours of compensatory time off from his scheduled tour of duty on Friday of the same workweek may be granted even though the employee has further entitlement to four hours of overtime pay under FLSA or title 5,whichever is the greater overtime pay benefit.

b. Compensatory time off during subsequent workweeks

(1) Employees entitled to overtime pay solely under title 5. An agency may continue its current administrative procedures for granting General Schedule employees compensatory time off during subsequent workweeks.

(2) Conditions affecting the substitution of compensatory time off for overtime pay when a nonexempt employee's overtime pay entitlement under title 5 (or other appropriate statute or regulations) is equal to or greater than his overtime pay entitlement under FLSA

(a) Requirement for advance selection of compensatory time off. If a nonexempt employee has a potential overtime pay entitlement under both FLSA and title 5 (or other appropriate statute or regulations), the employee must

indicate whether he desires overtime pay or compensatory time off. If an employee desires compensatory time off, he must sign a statement or form to that effect to be submitted with his time card. If it is determined by the appropriate administrative or payroll office based on the dual computations required that he can be credited with the compensatory time off, he must be notified promptly.

(b) Use of cutoff dates. It should be noted, however, that when in a given workweek a nonexempt employee has any overtime pay entitlement under FLSA, even though his greater overtime pay benefit derives from title 5, the agency may not establish a cutoff date beyond which the employee will "... lose his right both to compensatory time off and to overtime pay..." as provided in section 550.114(c) of title 5, Code of Federal Regulations. While an agency may still set a cutoff date for the use of compensatory time off, if the compensatory time off is not used before that date the employee shall be paid for the overtime work under title 5 at the rate at which it was earned. To deny the overtime pay under title 5, would have the effect of also denying the employee any entitlement to pay under FLSA. The absolute minimum standard of FLSA will not permit this denial of overtime pay.

(c) Employee request to convert compensatory time off to pay. If a nonexempt employee initially elects compensatory time off, but prior to taking it off decides that the pay for the overtime work is preferable, the agency may pay the employee for that overtime work under title 5 at the rate at which it was earned. However, if the agency does not elect to pay the employee for the overtime work, compensatory time off must be granted.

B. COMPENSATORY TIME OFF AT THE DIRECTION OF THE AGENCY (See table 1)

The review of FLSA with respect to section 5543(a)(2) of title 5, United States Code, has resulted in the following determinations.

1. If a General Schedule employee (whose rate of basic pay is in excess of the maximum rate of basic pay of GS-10) performs irregular or occasional overtime work, the agency may continue to require that the employee take compensatory time off instead of overtime pay under the following circumstances:

a. The agency may require that the employee take compensatory time off during the same workweek in which the overtime was worked; or

b. If the employee's entitlement to overtime pay after completion of the workweek derives solely from title 5, the agency may require that the employee take compensatory time off during any subsequent workweek as provided by section 5543(a)(2) of title 5, United States Code, and subject to the restrictions imposed by the agency for the use of compensatory time off under section 550.114(c) of title 5, Code of Federal Regulations.

2. However, if, after completion of the workweek, a nonexempt employee has any entitlement to overtime pay under FLSA, he cannot be required to take compensatory time off instead of overtime pay. Section 5543(a)(2) of title 5,

United States Code, is considered to have been modified accordingly by FLSA. This applies even though the nonexempt employee may have a greater overtime pay entitlement under title 5 (or other appropriate statute or regulations) for the workweek.

C. COMPENSATORY TIME OFF EARNED PRIOR TO MAY 1, 1974

Compensatory time off credited under title 5, or other appropriate statute or regulations, prior to May 1, 1974, (the effective date of the Fair Labor Standards Amendments of 1974), may still be liquidated under regulations applicable prior to May 1, 1974. However, when the compensatory time off is granted, agencies shall inform employees of the effect the time off may have on what otherwise might be an overtime pay entitlement under the FLSA for the week in which it is used.

TABLE 1 RULES FOR THE USE OF COMPENSATORY TIME OFF FOR NONEXEMPT EMPLOYEES

| IF<br>a nonexempt employee performs irregular or occasional overtime work and requests compensatory time off during: | CAN<br>the agency grant the employee's written request for compensatory time off (hour for hour)? 1/ | CAN<br>the agency direct the employee (whose pay exceeds GS 10/10) to take compensatory time off (hour for hour)? 1/ |
|---|---|---|
| I. The same workweek 2/ | Yes | Yes |
| II. Subsequent workweeks when his entitlement to overtime pay is under: | | |
| A. Title 5 only 3/ | Yes | Yes |
| B. FLSA only | No | No |
| C. Both FLSA and title 5, and the | | |
| 1. Overtime pay under FLSA is greater than the overtime pay under title 5 | No | No |
| 2. Overtime pay under title 5 is equal to or greater than the overtime pay under FLSA | Yes 4/ | No |

1/ The employee's pay system provides for the use of compensatory time off as a substitute for overtime pay (e.g., General Schedule employees under title 5). Note: Title 5 does not provide for compensatory time off as a substitute for overtime pay for Federal Wage System employees.

2/ If a nonexempt employee has earned entitlement to overtime pay under title 5, the agency may permit (or for employees whose pay exceeds GS 10/10, the agency may direct) the employee to take compensatory time off from a scheduled tour of duty during the remainder of the same workweek. This entitlement will apply even though the employee may earn entitlement to overtime pay under FLSA or may earn further entitlement to overtime pay under title 5 during the same workweek.

3/ Agency rules for the use of compensatory time off continue in effect without change.

4/ See special conditions for the use of compensatory time off contained in paragraph A3b(2) of these instructions.

## FRACTIONS OF HOURS FOR CREDITING OVERTIME WORK

In FPM Letter 551-1, May 15, 1974, it was stated that the employee is entitled to overtime for fractions of hours, as established by agency policy or negotiated agreement. The following instructions apply to the crediting of overtime work for nonexempt employees under FLSA and are recommended for agency adoption for crediting overtime work under title 5 (or other appropriate statute or regulations).

### A. FRACTIONS OF HOURS UNDER FLSA

1. With regard to nonexempt employees under FLSA, the courts have ruled over the years that insignificant periods of time spent in overtime work may be disregarded as "de minimus". The prevailing private industry practice has been that overtime is paid for in fractions of a quarter hour.

2. In the interest of uniformity and in line with the "de minimus" concept, a quarter hour will be the largest fraction of an hour used by agencies for calculating overtime payments for irregular, unscheduled overtime work under FLSA. Agency policy or a negotiated agreement may provide for payment of overtime for fractions of less than a quarter hour. (Note: The courts have also ruled that an employer may not fail to count any time, however small, an employee is regularly required to spend on duties assigned to him. Therefore, the employee must be compensated for every minute of regularly scheduled overtime work.)

3. Whatever fraction of an hour is established by agency policy or by negotiated agreement, the following requirements must be satisfied:

   a. The resulting payroll operation must be feasible.

   b. The accounting practice (including the procedure for recording work time) shall ensure that an employee is being paid for:

      (1) All regularly scheduled overtime work, and
      (2) All irregular, unscheduled overtime work performed, except for specified "de minimus" periods.

4. An agency policy or negotiated agreement may provide for any one of the following:

   a. If an agency's operational and accounting systems permit, it may elect to pay for all time worked. (Some agencies may have operating systems and computer accounting systems which permit time worked to be recorded and paid for in fractions as small as 1/100th of an hour. A system of this nature certainly would satisfy all FLSA as well as title 5 requirements.)

b. An agency policy or negotiated agreement may stipulate that an employee will not be required to work in increments of time less than the full fraction established.

c. An agency policy or negotiated agreement may stipulate that all periods of time worked, no matter how small, will be accumulated on a workweek basis, and any remaining time (provided it is irregular, unscheduled overtime work) which does not satisfy the full fraction established, will be dropped for the workweek (e.g., 14 minutes or less will be dropped for the workweek when the fraction established is a quarter of an hour).

B. FRACTIONS OF HOURS UNDER TITLE 5

1. Agencies are urged to apply the same fraction of an hour for crediting overtime work under title 5 (or other appropriate statute or regulations) as is used under FLSA. If an agency adopts one of the procedures provided in section A4, above, for compensating an employee for all overtime work under the FLSA, this same procedure will also satisfy the requirements of title 5. (Note: Overtime work must be performed to be compensable under title 5, except for the two hour minimum overtime pay guaranteed under the call back provision of 5 U.S.C. 5542(b)(1). In addition, any fraction of an hour that is established by agency policy or negotiated agreement for crediting overtime work under title 5 may provide for disregarding odd minutes (see 44 Comp. Gen. 410).)

2. If an agency adopts the same fraction of an hour for crediting overtime work under both FLSA and title 5, it can avoid the administrative difficulties of maintaining two sets of accounting records and complying with two separate provisions of law simultaneously. In addition, the use of a different fraction for crediting overtime work under title 5 than that used for crediting overtime work under FLSA could result in making such difference the factor which decides whether an employee's overtime entitlement for a given workweek will be greater under title 5 or under FLSA.

## NIGHT DIFFERENTIAL PAYABLE DURING PERIODS OF NONWORK

1. The instructions for computing a nonexempt employee's regular rate of pay for the purpose of determining his overtime pay entitlement under FLSA are contained in FPM Letter 551-1, May 15, 1974. These instructions provide that certain payments (e.g., night differential pay) shall be included in computing an employee's regular rate of pay and that certain payments (e.g., payments for periods of nonwork: sick, annual, or other paid leave, and holidays) shall be excluded in computing an employee's regular rate of pay.

2. Under title 5, United States Code, a General Schedule employee, who is receiving night differential pay, continues to receive the differential for nonworked holidays, and for periods of annual and sick leave provided the aggregate amount of leave in the biweekly pay period is less than 8 hours. A Federal Wage System employee continues to receive night differential for any period of paid nonwork.

3. The night differential pay received during a period of nonwork under title 5 will have no effect on the computation of the employee's regular rate of pay under the FLSA since the hours not worked and the monies paid for the period of nonwork are excluded from the computation of the employee's regular rate of pay under the FLSA.

## MAXIMUM EARNINGS LIMITATION UNDER 5 U.S.C. 5547

1. In FPM Letter 551-1, May 15, 1974, it was stated that for General Schedule employees any overtime paid under the provisions of the FLSA is not subject to the limitation otherwise imposed under 5 U.S.C. 5547.

2. This statement needs further clarification inasmuch as the title 5 provision limits the amount of pay (basic pay and premium pays) a General Schedule employee may receive during a biweekly pay period and FLSA has no limitation on the amount of overtime pay a nonexempt employee may receive during a given workweek. It is established policy that when a nonexempt employee is entitled to overtime pay under both FLSA and title 5, the employee is entitled to whichever statute provides the greater overtime pay benefit. If the employee's greater overtime pay benefit is under FLSA, then he is paid under FLSA. However, if the employee's greater overtime pay benefit is under title 5, but because of the maximum earnings limitation his title 5 overtime pay would be less than the amount of overtime pay he would receive under FLSA, then technically his greater overtime pay benefit is under the FLSA. In no circumstance will the maximum earnings limitation of 5 U.S.C. 5547 serve to limit a nonexempt employee's entitlement to overtime pay under the FLSA.

3. A second issue has also surfaced as a result of the application of these two statutes. If during either week, or both weeks, of a biweekly pay period a nonexempt employee is entitled to overtime pay under the FLSA, that FLSA overtime pay is ignored for the purpose of determining whether or not the maximum earnings limitation for the biweekly pay period under title 5 has been reached. For example: If an employee could be paid no more than $50 worth of premium pay under the title 5 limitation in a biweekly pay period, and during the first week of a pay period he is paid $50 for overtime pay under the FLSA, the employee could still be paid the full $50 during the second week of the pay period for any type of premium pay, including overtime pay under title 5, without violating 5 U.S.C. 5547.

U. S. GOVERNMENT PRINTING OFFICE : 1975 O - 586-530