IN THE UNITED STATES COURT OF FEDERAL CLAIMS

MARK G. ABBEY, et al. )
and )
7211 MATTHEW S. ALDERSON )
)
7212 DANIEL A. AMATO )
)
7213 DEBORAH K. ANDERSON )
)
7214 RONALD C. ANDREI )
)
7215 GERRY L. ANDREWS )
)
7216 JOHN S ANDREWS )
)
7217 RON AQUILINA )
)
7218 MATTHEW C. BADER )
)
7219 JAMES P. BAGLEY )
)
7220 AMANDA BALL )
)
7221 JESSE R. BARCINAS )
)
7222 JAMES A. BARNES )
)
7223 GREGORY J. BARTLETT )
)
7224 MARK E. BARWICKI )
)
7225 DAVID M. BECQUET )
)
7226 ROBERT J. BELLCHAMBERS )
)
7227 ROY K. BENOTTI )
)
7228 BRIAN KEITH BIDWELL )
)
7229 CRAIG W. BIELEK )
)
7230 JEFFREY BOHNSACK )
)

7231 CURTIS K. BRILZ )
)
7232 DANA BROMLEY )
)
7233 PATRICK K. BROOKS )
)
7234 MIKEL D. BROWNING )
)
7235 DOUG BURKE )
)
7236 DUSTIN BYERLY )
)
7237 MICHAEL J. CANNON )
)
7238 CHARLENE CAPANGPANGAN )
)
7239 DAVID C. CAPOBIANCO )
)
7240 LORENZO A. CASAS )
)
7241 FRANKLIN LIZAMA CHAMPACO )
)
7242 AIMEE CHANCE )
)
7243 JAMIE L. CHOUINARD )
)
7244 ALBERT A. CIPICCHIO )
)
7245 BRANDON CLEMENTS )
)
7246 WAYNE CLEVELAND )
)
7247 ERIC R. COLE )
)
7248 LAUREN A. CONNOLLY )
)
7249 DANIEL J. CONROY )
)
7250 RICHARD C. CORONA )
)
7251 CLAYTON B. CRAFTON )
)
7252 DANIEL A. CROWTHER )
)
7253 JEFFREY J. D'AMICO )
)

7254 PAMELA A. DANIEL )
)
7255 MOLLY SUZANNE DAVIS )
)
7256 W. CLIFFORD DEAN )
)
7257 JAMES WHITTMANN DEAR )
)
7258 PATRICK ANDREW DIEHL )
)
7259 JOSEPH MICHAEL DOUMONT )
)
7260 JOSEPH DUFFEKK III )
)
7261 CHRISTINE M. DUNKLE )
)
7262 DIANE L. DUNKMAN )
)
7263 ELMER S. FANGONIL )
)
7264 BRIAN P. FERREIRA )
)
7265 PATRICK M. FINN )
)
7266 JAMES S. GALBRAITH )
)
7267 BRIEN P. GALLAGHER )
)
7268 MICHAEL GALVAN )
)
7269 LUIS G. GARCIA )
)
7270 SHARON E. GREEN- MORGAN )
)
7271 STEVEN R. GREENHALGH )
)
7272 RAEGEN MAE GRIFFIN )
)
7273 KARA GRUTERS )
)
7274 TIMOTHY ALAN GUY )
)
7275 MARK S. GUZIK )
)
7276 THADDEUS E. HABUDA )
)

7277 SARA ELLEN HAIGHT )
)
7278 ERIC KYLE HALL )
)
7279 RICHARD M. HAMILTON )
)
7280 NEAL A. HANN )
)
7281 JOHN C. HANNON )
)
7282 DARCY LYNN HANSEN )
)
7283 BRIAN M. HARKINS )
)
7284 DAVID A. HARP )
)
7285 MIA J. HARTVIKSON )
)
7286 GEORGE WILLIAM HATLEY )
)
7287 JOHN D. HATT )
)
7288 DANIEL J. HELM )
)
7289 RAUL HEREDIA )
)
7290 ROGELIO HERNANDEZ )
)
7291 CHAD B. HILL )
)
7292 DENNIS K. HILTON )
)
7293 DEANNA M. HILTON (FORMANEK) )
)
7294 AMANDA BETH HODGE )
)
7295 HOLLY ANN HORVATH )
)
7296 TODD HOWER )
)
7297 NICOLE LYNN HRADIL )
)
7298 DAVID R. INGRAHAM )
)
7299 MICHAEL A. JANDRA )
)

7300 JOHN L. JAPEL )
)
7301 KRISTEN LEIGH JOHNSON )
)
7302 LANE DONALD JOHNSON )
)
7303 MELANIE P. JOHNSON (JONES) )
)
7304 ALLEN J. JOHNSTON )
)
7305 ERICA L. JOHNSTON )
)
7306 KRISLEEN A. JONES )
)
7307 ROBERT L. JONES )
)
7308 BRANDON D. KAISER )
)
7309 GREGORY LEE KALLA )
)
7310 DANIEL W. KAPS )
)
7311 JOHN A. KAPS )
)
7312 STEVEN H. KAUFMAN )
)
7313 JOHN DAVID KELLY )
)
7314 HOUSTON R. KENNEDY )
)
7315 CHRISTOPHER M. KEYES )
)
7316 MICHAEL E KINSELLA )
)
7317 EDWARD D. KNOX )
)
7318 CHRISTOPHER DAVID KNUEPPEL )
)
7319 ANTHONY P. KOLONIE )
)
7320 DENNIS H. KRAUS )
)
7321 DANIEL E. KREMNITZER )
)
7322 VALRI J. KRINER )
)

7323 DEBRA DEE KRING )
)
7324 TRACY L. KROETEN )
)
7325 RANDALL S. LEBLANC )
)
7326 JOHN T. LENHART )
)
7327 SCOTT T. LENORD )
)
7328 JAMES M. LEWKOWICZ )
)
7329 DAVID K. LIMA )
)
7330 JEFFREY K. LINDSEY )
)
7331 FERDINAND A. LING )
)
7332 JEFFREY J LITWIN )
)
7333 MIGUEL A. LOPEZ )
)
7334 ALAN D. MACDONALD )
)
7335 ERIKA SHERYL MAHANEY )
)
7336 PHILLIP MAHANEY )
)
7337 DAVID E. MAHNKE )
)
7338 JAMES P. MAKERS )
)
7339 DAVID D. MALONE )
)
7340 WILLIAM T. MAMOLA )
)
7341 MARK A. MARIAN )
)
7342 ANDREW MARINO )
)
7343 JERRY D. MAUS )
)
7344 ROBERT ALAN MAY )
)
7345 MARANDA LYN MCCAIN )
)

7346 BERNARD M. MCCLOSKEY )
)
7347 MARK J. MCGARRITY )
)
7348 SCOTT B. MCLAGGAN )
)
7349 JOHNNY M. MCNABB )
)
7350 MATTHEW JAMES MCNELLEY )
)
7351 JONATHAN E. MENGE )
)
7352 KEVIN J. MILLER )
)
7353 KARI R. MILTER )
)
7354 NILS SVEN MOBERG )
)
7355 ARMAND W. MOODY )
)
7356 CALEB JEDEDIAH MURRAY )
)
7357 MICHAEL P. MYERS )
)
7358 SPENCER WILLIAM MYSZKA )
)
7359 ROBERT A. NAAKTGEBOREN )
)
7360 MARI LYNN NADO )
)
7361 STACEY KEAHI NAKAMURA )
)
7362 ARSENIO L NAZARENO )
)
7363 DOUGLAS T. NELSON )
)
7364 ROBERT A. NEWRAY )
)
7365 LISA COLEEN NICHOLS )
)
7366 JON M. NOFFSINGER )
)
7367 PATRICK O'BRIEN )
)
7368 REID A. OKUMURA )
)

7369 KELLY JOANN OSTINO )
)
7370 JOHN F. OVERMAN )
)
7371 CHRISTOPHER OWENS )
)
7372 BRODERICK G. PAGE )
)
7373 REGGIE Y. PALACIOZ )
)
7374 SANDRA PAPADIMITRIOU )
)
7375 JAY J. PAULINSKI )
)
7376 NATHAN PEDERSON )
)
7377 TOM THANH PHAN )
)
7378 SHAUN PIERCE )
)
7379 JOSEPH D. PIVONKA )
)
7380 JON M. POPOW )
)
7381 STEVEN M. PORCARO )
)
7382 CHRISTOPHER L. PORTA )
)
7383 DEBORAH L. PRICE )
)
7384 JASON FRANCIS RAFFERTY )
)
7385 JEAN SIMONET RASPANTE )
)
7386 BENJAMIN A. RAWLE )
)
7387 DANIEL JOSEPH RAYNOS )
)
7388 RYAN K. REEVES )
)
7389 JEROME F. REICHENBACH )
)
7390 RONALD E. RICH )
)
7391 NOREEN M. RODENHURST )
)

7392 WILLIAM N. RODENHURST )
)
7393 JOHN C. ROMAN )
)
7394 FREDERIC C. ROMANI )
)
7395 ADAM G. ROSE )
)
7396 MCCOLL J. RUSSELL )
)
7397 RODNEY SABINO )
)
7398 TERRY B. SANDERS )
)
7399 FRANCIS J. SANTANGELO )
)
7400 LINDSEY A. SANTOS )
)
7401 JACOB A. SATHER )
)
7402 KAREN SAYLOR )
)
7403 BRIAN GERARD SCHMALING )
)
7404 LISA A. SCHOENECKER )
)
7405 WILLIAM F. SCHWANER )
)
7406 BRYAN M. SCHWARTZ )
)
7407 TYSON L. SHAKESPEARE )
)
7408 STEVEN M. SIMPSON )
)
7409 JOHN CHARLES SMITH )
)
7410 TIMOTHY D. SMITH )
)
7411 EDWARD S. SPENCER )
)
7412 SCOTT L. STRAUB )
)
7413 PAUL M. STUERTZ )
)
7414 MITCHELL S. TARNOFF )
)

7415 ROBIN E. TAYLOR )
)
7416 DENA M. THOMAS )
)
7417 KARLA THOMPSON )
)
7418 ELIJAH EDWARD TOMPKINS )
)
7419 STEVEN W. TRYON )
)
7420 STEPHANIE DENISE TYLER )
)
7421 JOSEPH R. VAN DE BOGERT )
)
7422 TIMOTHY ALAN VAN DER HEIDI )
)
7423 WILLIAM A. VAN LOAN )
)
7424 MARK F. VILLANUEVA )
)
7425 TANNER WAGNER )
)
7426 DANIEL K. WALKER )
)
7427 DARYL Y. WANNOMAE )
)
7428 JOHN MARVIN WENTZ )
)
7429 CHRISTINA D. WESTON )
)
7430 STEVEN M. WHORTON )
)
7431 LAVONZELL WILKS )
)
7432 TIMOTHY C. WILLIAMS )
)
7433 RONALD LEE WILSON )
)
7434 SONJA M. WONG )
)
7435 RUSSEL L. WYATT )
)
7436 JULIUS J. YAEGER )
)
7437 KELLY A. YAEGER )
)

7438 CRAIG E. YOOS )
)
)
Plaintiffs, )
)
v. ) No. 07-272C
) Judge Emily C. Hewitt
THE UNITED STATES, )
)
Defendant. )
)

**THIRD AMENDED COMPLAINT**

1. The plaintiffs are employees of the defendant United States Government employed in positions classified in occupational code 2152 as Air Traffic Control Specialists (ATCS), Traffic Management Coordinator (TMC) and Staff Specialists by the U.S. Federal Aviation Administration, Department of Transportation. Plaintiffs bring this action on behalf of themselves and other employees similarly situated for a declaratory judgment, backpay and other relief, pursuant to 29 U.S.C. Section 216(b), 28 U.S.C. Section 1346(a)(2) and 28 U.S.C. Sections 1491, 2201 and 2202 and 5 U.S.C. Section 5596, to remedy the defendant's willful and unlawful violations of federal law complained of herein.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1346(a)(2), 28 U.S.C. Section 1491, and 29 U.S.C. Section 216(b). Venue is proper pursuant to 28 U.S.C. Section 1402.

3. Plaintiff Mark G. Abbey is a resident of and he is currently employed as an Air Traffic Control Specialist by defendant in New York and was so employed at all times material herein. His written consent was appended to the original complaint as

Attachment A. His written consent form set forth the plaintiff's name and home address.

4. Additional persons who are plaintiffs in this action are also current or former employees of the defendant employed as ATCS, TMC and Staff Specialists at various locations and they have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. Section 216(b). Such written consents are appended to this complaint as Attachment A. These written consent forms set forth each plaintiff's name and home address.

5. Each of the plaintiffs in this action is an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

6. The defendant Government of the United States is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. Section 203(x) and Section 203(d). Defendant employs the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

**FACTS**

7. Section 7(a) of the FLSA (29 U.S.C. Section 207(a)) provides that an employer shall compensate its employees at a rate not less than one and one-half times their regular rate for each hour employed in excess of 40 hours per week. Pursuant to this statutory provision, and at all times material herein, the plaintiffs and other employees similarly situated have been entitled to overtime pay for all hours at which they have been employed in excess of 40 hours per week.

8. At all or some of the times material herein, and since May 1, 2004, as well as before, the plaintiffs have worked as ATCS, TMC and/or Staff Specialists. While

working in these positions, the plaintiffs have worked hours in excess of forty (40) hours per week.

9. At all or some of the times material herein, and since May 1, 2004, as well as before, when plaintiffs have worked as ATCS, TMC and/or Staff Specialists, they have received various types of pay in addition to their basic pay. Among other types of pay, plaintiffs who work in the United States and its territories outside the contiguous 48 states currently receive and have received cost of living allowances (COLA) of up to 25% of their basic pay. Plaintiffs working in the contiguous 48 states currently receive and have received locality pay calculated at the rates set forth under the Federal Employee Pay Comparability Act, 5 U.S.C. §§ 5301, 5304. Plaintiffs have also received Organizational Success Increases (OSI) and Superior Contributions Increases (SCI), which have been paid both as additions to their biweekly pay and in lump sums covering time periods greater than a pay period. Further, certain plaintiffs who have worked at undesirable locations currently receive or have received in the past payments of up to 10% of their basic pay as Controller Incentive Pay (CIP).

10. At all times material herein, and since May 1, 2004, as well as before, when plaintiffs have worked as ATCS, TMC and/or Staff Specialists, plaintiffs have, on occasion, received compensatory time as payment for working in excess of 40 hours a week. Such compensatory time has been paid at the rate of one hour of compensatory time for each hour of overtime worked or in the form of "credit hours", which is just another form of compensatory time paid at the rate of one hour per one hour of overtime work.

11. At all times material herein, the defendant has suffered or permitted

plaintiffs to work before and after the official starting times of their shifts without compensating plaintiffs with compensation for such work time. For at least some of these instances, and at the larger air traffic facilities at which plaintiffs work, a "CRU-ART" machine is used to record work time. Although the CRU-ART machine permits the machine to be manipulated to reflect a time other than the actual clock in time for the employee, it is plaintiffs' understanding that computerized records exist that reflect the actual work time.

12. At all times material herein, defendant has conducted a system by which the work schedules and vacation dates of plaintiffs and other ATCS are determined pursuant to a bidding process, with those ATCS with the most seniority governing the order in which the process is conducted. At all times material, and in particular within the past two years, defendant has conducted the schedule and vacation leave bidding process for plaintiffs during time periods in which plaintiffs are "off-duty" (time periods defendant does not schedule plaintiffs to be on-duty), such as conducting this process by telephone while plaintiffs are at home or at the facility after plaintiffs have been clocked out. When defendant has conducted the schedule and vacation leave bidding while plaintiffs are "off-duty," defendant has not provided plaintiffs with any compensation for this work time.

## CLAIMS FOR RELIEF FOR
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

### COUNT I

### FAILURE TO PROPERLY CALCULATE THE FLSA REGULAR RATE

13. Plaintiffs incorporate by reference paragraphs 1 through 12 in their entirety and restate them herein.

14. Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that overtime shall be paid to employees for work hours in excess of forty (40) hours per week at the rate of one and one-half times an employee's "regular rate of pay." At all times material herein, during the work weeks in which plaintiffs have worked in excess of forty (40) hours per week, defendant United States has failed to properly calculate the "regular rate of pay" used to calculate FLSA overtime pay. Defendant has violated the FLSA by:

a. Failing to use the proper divisor for computing the regular rate for COLA by dividing COLA by all hours worked rather than by plaintiffs work hours used for plaintiffs' basic pay – i.e., 40 hours per week;

b. Failing to include lump sum OSI and SCI payments in the regular rate of pay at which FLSA overtime is paid;

c. Miscalculating the regular rate of pay for those plaintiffs who receive CIP by dividing the CIP received by all hours worked rather than 40 hours; and

d. On those occasions in which compensatory time, including credit hours, is cashed out, failing to include all forms of renumeration received by an employee in the rate at which the compensatory time (and credit hours) is cashed out.

15. By failing to properly calculate the regular rate of pay for plaintiffs and other employees similarly situated as required under law, the defendant has violated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA. As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum

statutory period allowed under federal law.

16. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

17. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

18. Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them overtime compensation.

19. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), the Back Pay Act, 5 U.S.C. § 5596 as well as other applicable laws and regulations.

**COUNT II**

**IMPROPER PAYMENT OF COMPENSATORY TIME**

20. Plaintiffs incorporate by reference paragraphs 1 through 12 in their entirety

and restate them herein.

21. Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that overtime shall be paid to employees for work hours in excess of forty (40) hours per week at the rate of one and one-half times an employee's "regular rate of pay." At all times material herein, during the work weeks in which plaintiffs have worked in excess of forty (40) hours per week, defendant United States has violated the FLSA by paying plaintiffs in the form of compensatory time or "credit hours" at the rate of one hour for each hour of overtime hour worked. Payment of compensatory time or credit hours as compensation for FLSA overtime hours is only permitted for employees to whom 5 U.S.C. § 5543 applies. In accordance with 49 U.S.C. § 40122(f)(2), the pay provisions of Title 5 do not apply to the plaintiffs. Thus, at all times material herein, defendant has violated, and continues to violate the premium overtime pay provisions of section 7(a) of the FLSA by failing to pay plaintiffs at the time and one-half rate for each overtime hour worked and, by failing to pay plaintiffs in cash.

22. By failing to pay plaintiffs at the rate of one and one half times their regular rate of pay for each overtime hour worked and by compensating plaintiffs in compensatory time and/or credit hours rather than cash for each overtime hour worked, defendant has violated the FLSA with respect to plaintiffs and other employees similarly situated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA. As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

23. As a result of the defendant's willful and purposeful violations of the FLSA,

there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

24. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

25. Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them overtime compensation.

26. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), the Back Pay Act, 5 U.S.C. § 5596 as well as other applicable laws and regulations.

## COUNT III

## FAILURE TO COMPENSATE PLAINTIFFS FOR PRE-SHIFT AND POST-SHIFT WORK ACTIVITIES

27. Plaintiffs incorporate by reference paragraphs 1 through 12 in their entirety and restate them herein.

28. Section 3(g) and Section 7(a) of the FLSA, 29 U.S.C. §§ 203(g) and

207(a), provide that overtime shall be paid to employees for all hours an employee is suffered or permitted to work in excess of forty (40) hours per week at the rate of one and one-half times an employee's "regular rate of pay." At all times material herein, plaintiffs have been suffered or permitted to perform work activities, without compensation, before their official scheduled starting times for work and after their official starting times for work. Thus, at all times material herein, defendant has violated, and continues to violate the premium overtime pay provisions of section 7(a) of the FLSA by failing to pay plaintiffs for all hours worked.

29. By failing to pay plaintiffs at the rate of one and one half times their regular rate of pay for each overtime hour worked, defendant has violated the FLSA with respect to plaintiffs and other employees similarly situated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA. As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

30. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect

to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

31. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

32. Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them overtime compensation.

33. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), the Back Pay Act, 5 U.S.C. § 5596 as well as other applicable laws and regulations.

## COUNT IV

## FAILURE TO COMPENSATE PLAINTIFFS FOR TIME SPENT OFF DUTY BIDDING ON WORK AND LEAVE SCHEDULES

34. Plaintiffs incorporate by reference paragraphs 1 through 12 in their entirety and restate them herein.

35. Section 3(g) and Section 7(a) of the FLSA, 29 U.S.C. §§ 203(g) and 207(a), provide that overtime shall be paid to employees for all hours an employee is suffered or permitted to work in excess of forty (40) hours per week at the rate of one and one-half times an employee's "regular rate of pay." At all times material herein, plaintiffs have been suffered or permitted to perform work activities off duty, while at home or after their regular scheduled work hours, without compensation. Specifically, defendant and its supervisors have caused plaintiffs to engage in bidding on their work and vacation leave schedules while off-duty. At all times material herein, defendant's

failure to compensate plaintiffs for such work time violates and continues to violate the premium overtime pay provisions of section 7(a) of the FLSA by failing to pay plaintiffs for all hours worked.

36. By failing to compensate plaintiffs and other employees who are similarly situated for time spent bidding on work schedules and vacation leave, defendant has failed to compensate plaintiffs and other employees similarly situated at the rate of one and one half times their regular rate of pay for each overtime hour worked and defendant has violated and is continuing to violate in a willful and intentional manner, the provisions of the FLSA. As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

37. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

38. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to

pay overtime compensation.

39. Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them overtime compensation.

40. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), the Back Pay Act, 5 U.S.C. § 5596 as well as other applicable laws and regulations.

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations, and deprived each of the plaintiffs of his rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c) Award plaintiffs monetary liquidated damages equal to their unpaid compensation, plus interest;

(d) Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.

Respectfully submitted,

Dated: July 2, 2008

/s/ Gregory K. McGillivary
Gregory K. McGillivary
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C. 20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Attorney of Record

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiffs' Third Amended Complaint was electronically filed on this 2nd day of July, 2008 with the Clerk of the Court using the CM/ECF System which will send notification of such filing to defendant's attorney:

Hillary A. Stern
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street N.W.
Washington, D.C. 20530
(202) 616-0177 (telephone)
(202) 305-7643 (facsimile)

/s/ Gregory K. McGillivary
Gregory K. McGillivary