IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| MARK G. ABBEY, et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-272C<br>Judge Emily C. Hewitt |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO**
**PLAINTIFFS' THIRD AMENDED COMPLAINT**

For its answer to plaintiffs' third amended complaint, defendant admits, denies, and alleges as follows:

1. Admits the allegations contained in the first sentence of paragraph 1. The allegations contained in the second sentence of paragraph 1 constitute plaintiffs' characterization of their case and conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

2. The allegations contained in paragraph 2 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

3. Admits the allegations contained in the first sentence of paragraph 3. Admits the allegations contained in the second and third sentences of paragraph 3, to the extent supported by the "consent" cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 3.

4. Admits the allegations contained in the first sentence of paragraph 4 to and including the phrase "various locations;" the remainder of the allegations contained in the first sentence of paragraph 4 constitute conclusions of law to which no answer is required; to the

extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second and third sentences of paragraph 4, to the extent supported by the "consent" cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 4.

5. The allegations contained in paragraph 5 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

6. The allegations contained in the first sentence of paragraph 6 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 6.

7. The allegations contained in paragraph 7 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

8. Admits the allegations contained in the first sentence of paragraph 8. Denies the allegations contained in the second sentence of paragraph 8 because it appears to suggest that all plaintiffs to this suit have worked hours in excess of forty hours per week during all the time they have worked as Air Traffic Control Specialists ("ATCS"), Traffic Management Coordinators ("TMC") and/or Staff Specialists ("SS").

9. Admits the allegations contained in the first sentence of paragraph 9 to the extent that at least some of the plaintiffs have received various types of pay in addition to their basic pay at all or some of the times material herein. Admits the allegations contained in the second and third sentences of paragraph 9. Admits the allegations contained in the fourth sentence of paragraph 9 to the extent that some of the plaintiffs have received Organizational Success Increases (OSI) and Superior Contribution Increases (SCI) and to the extent that some plaintiffs received the OSI or SCI as lump sums; denies the allegations contained in the fourth sentence of

paragraph 9 that some plaintiffs received the OSI or SCI as additions to their biweekly pay and avers that the OSI and SCI were part of biweekly pay of those plaintiffs who received the OSI and SCI. Admits the allegations contained in the fifth sentence of paragraph 9 that certain plaintiffs received Controller Incentive Pay (CIP) of up to ten percent (10%) of their basic pay, but denies that certain plaintiffs received CIP because they worked at "undesirable locations."

10. Admits the allegations contained in the first sentence of paragraph 10 to the extent that at least some plaintiffs have received compensatory time as payment for working in excess of forty (40) hours a week at times material herein. Admits the allegations contained in the second sentence of paragraph 10 that compensatory time has been paid at the rate of one hour of compensatory time for each hour of overtime worked; but denies that plaintiffs have received credit hours as payment for overtime hours worked and that credit hours are another form of compensatory time.

11. Denies the allegations contained in the first sentence of paragraph 11. Denies the allegations contained in the second sentence of paragraph 11, except admits that, at some facilities at which plaintiffs work, a Cru-X/ART computerized system is used. Denies the allegations contained in the third sentence of paragraph 11.

12. Admits the allegations contained in the first sentence of paragraph 12 only to the extent that it avers that a bidding process has been utilized by some plaintiffs to request work schedules and vacation dates; denies the remainder of the allegations contained in the first sentence of paragraph 12. Denies the allegations contained in the second and third sentences of paragraph 12.

13. Defendant's responses to paragraphs 1 through 12 of the complaint are incorporated by reference.

14. The allegations contained in paragraph 14 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

15. The allegations contained in paragraph 15 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

16. The allegations contained in the first sentence of paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 16 to and including the phrase “public agencies”, except for the word “exclusive,” which defendant denies; denies the remainder of the allegations contained in the second sentence of paragraph 16 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations in the third sentence of paragraph 16 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. The allegations contained in paragraph 17 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

18. The allegations contained in paragraph 18 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

19. The allegations contained in paragraph 19 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

20. Defendant’s responses to paragraphs 1 through 19 of the complaint are incorporated by reference.

21. The allegations contained in paragraph 21 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; defendant further avers that some plaintiffs were or are not entitled to overtime because they were or are classified as exempt under the Fair Labor Standards Act ("FLSA").

23. The allegations contained in the first sentence of paragraph 23 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 23 to and including the phrase "public agencies", except for the word "exclusive," which defendant denies; denies the remainder of the allegations contained in the second sentence of paragraph 23 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations in the third sentence of paragraph 23 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

24. The allegations contained in paragraph 24 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

25. The allegations contained in paragraph 25 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

26. The allegations contained in paragraph 26 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are

denied.

27. Defendant's responses to paragraphs 1 through 26 of the complaint are incorporated by reference.

28. The allegations contained in the first sentence of paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second sentence of paragraph 28. The allegations contained in the third sentence of paragraph 28 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; defendant further avers that some plaintiffs were or are not entitled to overtime because they were or are classified as exempt under the Fair Labor Standards Act ("FLSA").

29. The allegations contained in paragraph 29 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; defendant further avers that some plaintiffs were or are not entitled to overtime because they were or are classified as exempt under the Fair Labor Standards Act ("FLSA").

30. The allegations contained in the first sentence of paragraph 30 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 30 to and including the phrase "public agencies", except for the word "exclusive," which defendant denies; denies the remainder of the allegations contained in the second sentence of paragraph 30 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations in the third sentence of paragraph 30 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

31. The allegations contained in paragraph 31 constitute conclusions of law to

which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

32. The allegations contained in paragraph 32 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

33. The allegations contained in paragraph 33 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

34. Defendant's responses to paragraphs 1 through 33 of the complaint are incorporated by reference.

35. The allegations contained in the first sentence of paragraph 35 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Denies the allegations contained in the second and third sentences of paragraph 35. The allegations contained in the fourth sentence of paragraph 35 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; defendant further avers that some plaintiffs were or are not entitled to overtime because they were or are classified as exempt under the Fair Labor Standards Act ("FLSA").

36. The allegations contained in paragraph 36 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied; defendant further avers that some plaintiffs were or are not entitled to overtime because they were or are classified as exempt under the Fair Labor Standards Act ("FLSA").

37. The allegations contained in the first sentence of paragraph 37 constitute

conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied. Admits the allegations contained in the second sentence of paragraph 37 to and including the phrase "public agencies", except for the word "exclusive," which defendant denies; denies the remainder of the allegations contained in the second sentence of paragraph 37 for lack of knowledge or information sufficient to form a belief as to their truth. The allegations in the third sentence of paragraph 37 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

38. The allegations contained in paragraph 38 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

39. The allegations contained in paragraph 39 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

40. The allegations contained in paragraph 40 constitute conclusions of law to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

41. Denies that plaintiff is entitled to the relief set forth in the prayer for relief immediately following paragraph 40, or to any relief whatsoever.

42. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

43. Plaintiffs have received full payment under all applicable statutes and regulations for all of the hours which they have worked.

44. To the extent that defendant violated the terms of the FLSA, its violations occurred notwithstanding its good faith efforts to comply with theterms of the Act.

45. To the extent that defendant violated the terms of the FLSA, its violation was not willful.

46. To the extent that defendant violated the terms of the FLSA, its violations were in good faith conformity with and in reliance upon the written administrative regulations, orders, rulings, approvals or interpretations of the Federal Aviation Administration, the agency designated to administer plaintiffs' pay and the administrative regulations of the Office of Personnel Management, the agency designated to administer the FLSA with respect to Federal employees.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

S/Hillary A. Stern
HILLARY A. STERN
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 616-0177
Facsimile: (202) 305-7643

Attorneys for Defendant

September 4, 2008