IN THE UNITED STATES COURT OF FEDERAL CLAIMS

_____

| | |
|---|---|
| MARK G. ABBEY, et al. | ) |
| | ) |
| and | ) |
| | ) |
| 7950  TREVER J. BESSETTE | ) |
| | ) |
| 7951  LAURENCE J. CLAYTON | ) |
| | ) |
| 7952  MATTHEW A. CLAYTON | ) |
| | ) |
| 7953  BRUCE E. COOPER | ) |
| | ) |
| 7954  GLORIANE M. COOPER | ) |
| | ) |
| 7955  WILLIAM J.K. COOPER | ) |
| | ) |
| 7956  NICHOLAS P. DANIELS | ) |
| | ) |
| 7957  WALTER C. FISH | ) |
| | ) |
| 7958  MATTHEW C. FORD | ) |
| | ) |
| 7959  CARLEEN V. GARCIA | ) |
| | ) |
| 7960  JOSE B. GARCIA | ) |
| | ) |
| 7961  KEVIN M. GNAGEY | ) |
| | ) |
| 7962  MEGAN J. HAYNES | ) |
| | ) |
| 7963  ARTHUR J. JANOWSKI | ) |
| | ) |
| 7964  MARK C. JOHNSON | ) |
| | ) |
| 7965  JANET M. KATH | ) |
| | ) |
| 7966  ROBERT R. KIRBY | ) |
| | ) |
| 7967  BENJAMIN D. LEWIS | ) |

| | |
|---|---|
| 7968  JOSEPH M.A. LOLIO | ) |
| 7969  JEFFREY M. LURIE | ) |
| 7970  WILLIAM R. MADDEN | ) |
| 7971  DANIEL L. MCCONNELL | ) |
| 7972  DAVID BROOK MILLER | ) |
| 7973  WILLIAM C. O'CONNELL | ) |
| 7974  THOMAS J. PADGETT | ) |
| 7975  THOMAS A. PHELPS | ) |
| 7976  DEREK W. REICH | ) |
| 7977  JEFFERY A. SHAKE | ) |
| 7978  DONALD SPENCE | ) |
| 7979  JENNIFER STAHLEY | ) |
| 7980  RANDY L. STAHLEY | ) |
| 7981  TORY D. STEELE | ) |
| 7982  EDWARD P. STRAYER | ) |
| 7983  JENNIFER T. WALTERS | ) |
|          Plaintiffs, | ) |
|          v. | )   No. 07-272C |
|  THE UNITED STATES, | )   Judge Emily C. Hewitt |
|          Defendant. | ) |

## FIFTH AMENDED COMPLAINT

1. The plaintiffs are employees of the defendant United States Government employed in positions classified in occupational code 2152 as Air Traffic Control Specialists (ATCS), Traffic Management Coordinator (TMC) and Staff Specialists by the U.S. Federal Aviation Administration, Department of Transportation. Plaintiffs bring this action on behalf of themselves and other employees similarly situated for a declaratory judgment, backpay and other relief, pursuant to 29 U.S.C. Section 216(b), 28 U.S.C. Section 1346(a)(2) and 28 U.S.C. Sections 1491, 2201 and 2202 and 5 U.S.C. Section 5596, to remedy the defendant's willful and unlawful violations of federal law complained of herein.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1346(a)(2), 28 U.S.C. Section 1491, and 29 U.S.C. Section 216(b). Venue is proper pursuant to 28 U.S.C. Section 1402.

3. Plaintiff Mark G. Abbey is a resident of and he is currently employed as an Air Traffic Control Specialist by defendant in New York and was so employed at all times material herein. His written consent was appended to the original complaint as Attachment A. His written consent form set forth the plaintiff's name and home address.

4. Additional persons who are plaintiffs in this action are also current or former employees of the defendant employed as ATCS, TMC and Staff Specialists at various locations and they have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. Section 216(b). Such written consents are appended to

this complaint as Attachment A.  These written consent forms set forth each plaintiff's name and home address.

5.  Each of the plaintiffs in this action is an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C. Section 203(e)(1).

6.  The defendant Government of the United States is, and at all material times has been, a "public agency" and "employer" within the meaning of the FLSA, 29 U.S.C. Section 203(x) and Section 203(d).  Defendant employs the plaintiffs and other employees in similar activities and has its principal place of business in Washington, D.C.

## FACTS

7.  Section 7(a) of the FLSA (29 U.S.C. Section 207(a)) provides that an employer shall compensate its employees at a rate not less than one and one-half times their regular rate for each hour employed in excess of 40 hours per week.  Pursuant to this statutory provision, and at all times material herein, the plaintiffs and other employees similarly situated have been entitled to overtime pay for all hours at which they have been employed in excess of 40 hours per week.

8.  At all or some of the times material herein, and since May 1, 2004, as well as before, the plaintiffs have worked as ATCS, TMC and/or Staff Specialists.  While working in these positions, the plaintiffs have worked hours in excess of forty (40) hours per week.

9.  At all or some of the times material herein, and since May 1, 2004, as well as before, when plaintiffs have worked as ATCS, TMC and/or Staff Specialists, they

4

have received various types of pay in addition to their basic pay. Among other types of pay, plaintiffs who work in the United States and its territories outside the contiguous 48 states currently receive and have received cost of living allowances (COLA) of up to 25% of their basic pay. Plaintiffs working in the contiguous 48 states currently receive and have received locality pay calculated at the rates set forth under the Federal Employee Pay Comparability Act, 5 U.S.C. §§ 5301, 5304. Plaintiffs have also received Organizational Success Increases (OSI) and Superior Contributions Increases (SCI), which have been paid both as additions to their biweekly pay and in lump sums covering time periods greater than a pay period. Further, certain plaintiffs who have worked at undesirable locations currently receive or have received in the past payments of up to 10% of their basic pay as Controller Incentive Pay (CIP).

     10.    At all times material herein, and since May 1, 2004, as well as before, when plaintiffs have worked as ATCS, TMC and/or Staff Specialists, plaintiffs have, on occasion, received compensatory time as payment for working in excess of 40 hours a week. Such compensatory time has been paid at the rate of one hour of compensatory time for each hour of overtime worked or in the form of "credit hours", which is just another form of compensatory time paid at the rate of one hour per one hour of overtime work.

     11.    At all times material herein, the defendant has suffered or permitted plaintiffs to work before and after the official starting times of their shifts without compensating plaintiffs with compensation for such work time. For at least some of these instances, and at the larger air traffic facilities at which plaintiffs work, a "CRU-

ART" machine is used to record work time.  Although the CRU-ART machine permits the machine to be manipulated to reflect a time other than the actual clock in time for the employee, it is plaintiffs' understanding that computerized records exist that reflect the actual work time.

       12.    At all times material herein, defendant has conducted a system by which the work schedules and vacation dates of plaintiffs and other ATCS are determined pursuant to a bidding process, with those ATCS with the most seniority governing the order in which the process is conducted.  At all times material, and in particular within the past two years, defendant has conducted the schedule and vacation leave bidding process for plaintiffs during time periods in which plaintiffs are "off-duty" (time periods defendant does not schedule plaintiffs to be on-duty), such as conducting this process by telephone while plaintiffs are at home or at the facility after plaintiffs have been clocked out.   When defendant has conducted the schedule and vacation leave bidding while plaintiffs are "off-duty," defendant has not provided plaintiffs with any compensation for this work time.

## CLAIMS FOR RELIEF FOR
## VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

### COUNT I

### FAILURE TO PROPERLY CALCULATE THE FLSA REGULAR RATE

13.     Plaintiffs incorporate by reference paragraphs 1 through 12 in their entirety and restate them herein.

14.     Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that overtime shall be paid to employees for work hours in excess of forty (40) hours per week at the rate of one and one-half times an employee's "regular rate of pay." At all times material herein, during the work weeks in which plaintiffs have worked in excess of forty (40) hours per week, defendant United States has failed to properly calculate the "regular rate of pay" used to calculate FLSA overtime pay. Defendant has violated the FLSA by:

　　　　a. Failing to use the proper divisor for computing the regular rate for COLA by dividing COLA by all hours worked rather than by plaintiffs work hours used for plaintiffs' basic pay – i.e., 40 hours per week;

　　　　b. Failing to include lump sum OSI and SCI payments in the regular rate of pay at which FLSA overtime is paid;

　　　　c. Miscalculating the regular rate of pay for those plaintiffs who receive CIP by dividing the CIP received by all hours worked rather than 40 hours; and

　　　　d. On those occasions in which compensatory time, including credit hours, is cashed out, failing to include all forms of renumeration

7

      received by an employee in the rate at which the compensatory time

      (and credit hours) is cashed out.

15. By failing to properly calculate the regular rate of pay for plaintiffs and other employees similarly situated as required under law, the defendant has violated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA. As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

16. As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

17. Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

18. Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to

recover interest on their back pay damages for the defendant's failure to pay them overtime compensation.

19. Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), the Back Pay Act, 5 U.S.C. § 5596 as well as other applicable laws and regulations.

## COUNT II

## IMPROPER PAYMENT OF COMPENSATORY TIME

20. Plaintiffs incorporate by reference paragraphs 1 through 12 in their entirety and restate them herein.

21. Section 7(a) of the FLSA, 29 U.S.C. § 207(a), provides that overtime shall be paid to employees for work hours in excess of forty (40) hours per week at the rate of one and one-half times an employee's "regular rate of pay." At all times material herein, during the work weeks in which plaintiffs have worked in excess of forty (40) hours per week, defendant United States has violated the FLSA by paying plaintiffs in the form of compensatory time or "credit hours" at the rate of one hour for each hour of overtime hour worked. Payment of compensatory time or credit hours as compensation for FLSA overtime hours is only permitted for employees to whom 5 U.S.C. § 5543 applies. In accordance with 49 U.S.C. § 40122(f)(2), the pay provisions of Title 5 do not apply to the plaintiffs. Thus, at all times material herein, defendant has violated, and continues to violate the premium overtime pay provisions of section 7(a) of the FLSA by failing to pay plaintiffs at the time and one-half rate for each overtime hour worked and, by failing to pay plaintiffs in cash.

22.     By failing to pay plaintiffs at the rate of one and one half times their regular rate of pay for each overtime hour worked and by compensating plaintiffs in compensatory time and/or credit hours rather than cash for each overtime hour worked, defendant has violated the FLSA with respect to plaintiffs and other employees similarly situated, and is continuing to violate in a willful and intentional manner, the provisions of the FLSA.  As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

23.     As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them.  Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

24.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

25.     Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to

26.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), the Back Pay Act, 5 U.S.C. § 5596 as well as other applicable laws and regulations.

## COUNT III

### FAILURE TO COMPENSATE PLAINTIFFS FOR PRE-SHIFT AND POST-SHIFT WORK ACTIVITIES

27.     Plaintiffs incorporate by reference paragraphs 1 through 12 in their entirety and restate them herein.

28.     Section 3(g) and Section 7(a) of the FLSA, 29 U.S.C. §§ 203(g) and 207(a), provide that overtime shall be paid to employees for all hours an employee is suffered or permitted to work in excess of forty (40) hours per week at the rate of one and one-half times an employee's "regular rate of pay."  At all times material herein, plaintiffs have been suffered or permitted to perform work activities, without compensation, before their official scheduled starting times for work and after their official starting times for work.  Thus, at all times material herein, defendant has violated, and continues to violate the premium overtime pay provisions of section 7(a) of the FLSA by failing to pay plaintiffs for all hours worked.

29.     By failing to pay plaintiffs at the rate of one and one half times their regular rate of pay for each overtime hour worked, defendant has violated the FLSA with respect to plaintiffs and other employees similarly situated, and is continuing to violate

in a willful and intentional manner, the provisions of the FLSA. As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

30.     As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

31.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

32.     Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them overtime compensation.

33.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), the Back Pay Act, 5 U.S.C. § 5596 as well as other applicable laws and

**COUNT IV**

**FAILURE TO COMPENSATE PLAINTIFFS
FOR TIME SPENT OFF DUTY BIDDING ON WORK AND LEAVE SCHEDULES**

34.   Plaintiffs incorporate by reference paragraphs 1 through 12 in their entirety and restate them herein.

35.   Section 3(g) and Section 7(a) of the FLSA, 29 U.S.C. §§ 203(g) and 207(a), provide that overtime shall be paid to employees for all hours an employee is suffered or permitted to work in excess of forty (40) hours per week at the rate of one and one-half times an employee's "regular rate of pay." At all times material herein, plaintiffs have been suffered or permitted to perform work activities off duty, while at home or after their regular scheduled work hours, without compensation. Specifically, defendant and its supervisors have caused plaintiffs to engage in bidding on their work and vacation leave schedules while off-duty. At all times material herein, defendant's failure to compensate plaintiffs for such work time violates and continues to violate the premium overtime pay provisions of section 7(a) of the FLSA by failing to pay plaintiffs for all hours worked.

36.   By failing to compensate plaintiffs and other employees who are similarly situated for time spent bidding on work schedules and vacation leave, defendant has failed to compensate plaintiffs and other employees similarly situated at the rate of one and one half times their regular rate of pay for each overtime hour worked and defendant has violated and is continuing to violate in a willful and intentional manner,

the provisions of the FLSA. As a consequence, at all times material herein, the plaintiffs have been unlawfully deprived of overtime compensation and other relief for the maximum statutory period allowed under federal law.

37.    As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined. The employment and work records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant and its public agencies are under a duty imposed by the Government Accounting Office retention schedule, the FLSA (29 U.S.C. §211 (c)) and various statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

38.    Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the Defendant's failure to pay overtime compensation.

39.    Pursuant to the Back Pay Act, 5 U.S.C. § 5596, plaintiffs are entitled to recover interest on their back pay damages for the defendant's failure to pay them overtime compensation.

40.    Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b), the Back Pay Act, 5 U.S.C. § 5596 as well as other applicable laws and regulations.

WHEREFORE, the plaintiffs, on their own behalf and on behalf of others similarly situated, pray that this Court:

(a) Enter judgment declaring that the defendant has willfully and wrongfully violated its statutory obligations, and deprived each of the plaintiffs of his rights;

(b) Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c) Award plaintiffs monetary liquidated damages equal to their unpaid compensation, plus interest;

(d) Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(e) Grant such other relief as may be just and proper.

Respectfully submitted,

Dated:  February 27, 2009

/s/ Gregory K. McGillivary
Gregory K. McGillivary
WOODLEY & MCGILLIVARY
1125 15th Street, N.W.
Suite 400
Washington, D.C.  20005
(202) 833-8855 (Telephone)
(202) 452-1090 (Facsimile)

Attorney of Record

**CERTIFICATE OF SERVICE**

    I hereby certify that Plaintiffs' Fifth Amended Complaint was electronically filed on this 27th of February, 2009 with the Clerk of the Court using the CM/ECF System which will send notification of such filing to defendant's attorney:

>Hillary A. Stern
>Commercial Litigation Branch
>Civil Division
>Department of Justice
>Attn:  Classification Unit
>8th Floor
>1100 L Street N.W.
>Washington, D.C. 20530
>(202) 616-0177 (telephone)
>(202) 305-7643 (facsimile)

        <u>/s/ Gregory K. McGillivary</u>
        Gregory K. McGillivary