# In the United States Court of Federal Claims

No. 07-272 C

(E-Filed:  October 14, 2009)

| | |
|---|---|
| MARK G. ABBEY, ET AL., | ) |
| | ) |
| Plaintiffs, | ) Interlocutory Appeal; |
| | ) Certification for Appeal Under |
| v. | ) Section 1292(d)(2); Timeliness |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>Gregory K. McGillivary</u>, Washington, DC, for plaintiffs.  <u>Sara L. Faulman</u>, Washington, DC, of counsel.

<u>Hillary A. Stern</u>, with whom were <u>Todd M. Hughes</u>, <u>Tony West</u>, Assistant Attorney General and <u>Jeanne M. Davidson</u>, Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  <u>Eden Brown Gains</u>, <u>Elizabeth Head</u> and <u>Michael Doherty</u>, Federal Aviation Administration, Washington, DC, of counsel.

## ORDER

Before the court is Defendant's Motion to Certify Interlocutory Appeal (defendant's Motion to Certify or Def.'s Mot. Certify).  The United States (government or defendant) requests that the court amend its July 31, 2008 Opinion (Opinion) to include the express findings required by 28 U.S.C. § 1292(d)(2) to certify the Opinion for interlocutory appeal.  Def.'s Mot. Certify 1.  Plaintiffs oppose defendant's Motion to Certify arguing that the motion is untimely and does not meet the requirements for certification.  Pls.' Opp'n to Def.'s Mot. Certify 1, 2.

I.    Background

The underlying dispute concerns overtime compensation for employees of the Federal Aviation Administration (FAA). On October 4, 2007, plaintiffs filed a Motion for Summary Judgment before this court on four separate counts. Count I alleged that defendant failed to calculate properly the regular rate of pay used to determine Fair Labor Standards Act (FLSA) overtime pay. Count II alleged that defendant violated the FLSA by compensating plaintiffs with compensatory time or credit hours at a rate of one hour for each hour of overtime pay worked instead of paying them at a rate of one and one-half times an employee's regular rate of pay as required by the FLSA. Count III alleged that defendant suffered or permitted plaintiffs to work before and after the official starting times of their shifts without compensating plaintiffs for such work time. Count IV alleged that defendant conducted the schedule and vacation leave bidding process for plaintiffs during time periods in which plaintiffs were off duty, but that defendant has not provided plaintiffs with compensation for this work time.

The court issued its Opinion on July 31, 2008 granting plaintiffs' motion for summary judgment regarding Count II. Abbey v. United States, 82 Fed. Cl. 772 (2008). The court determined that the FAA may not compensate its employees with compensatory time or credit hours at the rate of one hour of compensatory time or credit hour for one hour of overtime worked, but rather must pay employees at the rate required by the FLSA. Id. at 725. The court denied summary judgment on all other counts. Id.

The parties filed a Joint Preliminary Status Report (JPSR) on November 5, 2008 which stated in relevant part:

> With the exception of the discovery of the computerized payroll records for the plaintiffs, damages discovery with respect to Count II is stayed until either a decision on whether the Government plans to file an interlocutory appeal is negative, the court denies permission to file an interlocutory appeal or a decision on interlocutory appeal at the Court of Appeals is reached. Upon lifting the stay the parties require 90 days for discovery related to damages on Count II.

JPSR 3. On May 29, 2009, eight months after the JPSR was filed, plaintiffs filed a motion requesting the court lift the stay on Count II. It had been ten months since the court issued the underlying Opinion and defendant had not filed a motion for interlocutory appeal nor made any representations to the court or the plaintiffs regarding whether it would seek an interlocutory appeal. Plaintiffs urged the court to lift the stay, arguing that ten months was an untimely delay for defendant to file (or decide to file) its interlocutory appeal. Pls.' Mot. to Lift Stay 2-4.

2

On June 29, 2009, one month after plaintiffs requested the court lift the stay, defendant first notified the court of its interest in filing an interlocutory appeal.  In a footnote in its Opposition to Plaintiffs' Motion to Lift the Stay of Discovery on Count II of Plaintiffs' Complaint (defendant's Opposition to Lift the Stay or Def.'s Opp'n to Lift Stay), defendant stated its intent to seek certification for interlocutory appeal.  Def.'s Opp'n to Lift Stay 1 n.1.  The only reference to interlocutory appeal is found in a footnote.[1]  Defendant states that it had by then received oral approval from the Solicitor General to file for interlocutory appeal, but was still waiting for the requisite written approval before filing for interlocutory appeal.  Id.  This footnote, buried in defendant's Opposition to Lift the Stay, filed eleven months after the underlying Opinion, was the first notice of defendant's intent to file for interlocutory appeal.

On July 14, 2009, defendant filed its Motion to Certify.  Def.'s Mot. Certify 1-2.  Defendant requests certification for interlocutory appeal regarding whether the FAA may compensate its employees at the rate of one hour of compensatory time or one credit hour for one hour of overtime worked.  Id.  Defendant seeks interlocutory appeal pursuant to 28 U.S.C. § 1292(d)(2).  Id. at 1.  On July 24, 2009 plaintiffs filed their Opposition to Defendant's Motion to Certify for Interlocutory Appeal (plaintiffs' Opposition to Certification or Pls.' Opp'n to Def.'s Mot. Certify).  In plaintiffs' Opposition to Certification, they requested the court deny certification for interlocutory appeal and restated their request that the court lift the stay on discovery regarding damages for Count II.  Pls.' Opp'n to Def.'s Mot. Certify 1-2.

II.     Discussion

The United States Court of Appeals for the Federal Circuit has jurisdiction over appeals of final decisions of the United States Court of Federal Claims.  28 U.S.C. § 1295(a)(3) (2006).  A decision is final when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment."  Catlin v. United States, 324 U.S. 229, 233 (1945).  Interlocutory relief is an exception to the final judgment rule.  See 28 U.S.C. § 1292(d)(2); Am. Mgmt. Sys., Inc. v. United States, 57 Fed. Cl. 275, 276 (2003).  Interlocutory relief is available only in exceptional cases where there is a possibility of unnecessary delay and expense or protracted and expensive litigation.  Northrop Corp. v. United States, 27 Fed. Cl. 795, 798 (1993).  Interlocutory appeal should be used sparingly and, in general, federal courts should retain a firm final judgment rule.  Wolfchild v. United States, 78 Fed. Cl. 472, 481 (Fed. Cl. 2007).

---

[1]The footnote states:  "As soon as we receive the Solicitor General's written approval, we will file our motion to certify the Court's order for interlocutory appeal."  Def..'s Opp. to Lift Stay 1 n.1.

The statute governing the certification of interlocutory appeals in this court states:

> [W]hen any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order . . . .

28 U.S.C. § 1292(d)(2) (2006).  There are three factors which determine whether certification is appropriate:  whether there is a controlling question of law, whether there is a substantial ground for difference of opinion with respect to the question presented and whether an immediate appeal, may materially advance the ultimate termination of the litigation.  See 28 U.S.C. § 1292(d)(2).  "Interlocutory appeals under this section are reserved for exceptional or rare cases and should be authorized only with great care so as to avoid unnecessary piecemeal litigation."  Jaynes v. United States, 69 Fed. Cl. 450, 460 (2006) (internal quotations omitted).

The language of section 1292(d)(2) is "virtually identical" to the language of section 1292(b), which governs interlocutory appeals in federal district court.  Scholl v. United States, 68 Fed. Cl. 58, 59 (2005); see also United States v. Connolly, 716 F.2d 882, 883 n.1 (Fed. Cir. 1983); Jaynes, 69 Fed. Cl. at 460 n.15.  Because the operative language is identical, the legislative history and case law governing the interpretation of section 1292(b) is persuasive in reviewing motions for interlocutory appeal under section 1292(d)(2).  Scholl, 68 Fed. Cl. at 59.

"Prior to applying the three-part statutory test, however, in this instance a threshold requirement for certification must be addressed.  Any such request for certification must be timely."  Wolfchild, 78 Fed. Cl. at 481.  A judge should not grant a request for interlocutory appeal that a party was inexcusably delayed in filing.  Richardson Elecs., Ltd., v. Panache Broad. of Pa. (Richardson), 202 F.3d 957, 958 (2000).  Under the applicable rules, after an issue is certified for interlocutory appeal, a party has only ten days to file for appeal with the Court of Appeals.  28 U.S.C. § 1292 (d)(1); see Fed. R. App. P. 5(a).  Certification has no corresponding time limit, but timeliness must be treated as a threshold issue because amending an earlier order to include certification for interlocutory appeal, as the defendant has requested here, effectively extends the ten-day time limit within which a party can appeal.  See Weir v. Propst, 915 F.2d 283, 287 (7th Cir. 1999); Wolfchild, 78 Fed. Cl. at 481.  An amendment that effectively extends the

4

ten-day limitation within which a party can appeal is proper only if there is a reason for the delay.  Id.

If an issue is certified for interlocutory appeal, the party seeking appeal under section 1292(d)(2) must file for appeal with the Federal Circuit within 10 days of certification.  28 U.S.C. § 1292(c), (d)(2); see Fed. R. App. P. 5(a).  Unlike certification of interlocutory appeal, parties must file for appeal within 10 days of certification or they are barred for untimeliness.  Richardson, 202 F.3d at 958.  Although there is no strict time period within which parties must seek certification, this flexibility should not be used as a bypass the 10-day limit.  Weir, 915 F.2d at 287.  Otherwise, the limitation imposed by permitting appeal within the ten days immediately following certification would be effectively nullified.  See id.

The Advisory Notes to Rule 5(a) of the Federal Rules of Appellate Practice, requiring a party file an appeal within 10 days of certification, endorse the view that "the district court's power to amend its order to include the prescribed certification statement [should be] limited to the ten-day period after an entry of the order during which time a motion to amend a judgment may be served . . . ."  Aparico v. Swan Lake, 643 F.2d 1109, 1111 n.4 (5th Cir. 1979).  Despite this endorsement and the language of section 1292(d)(2), which refers to "immediate appeal," see 28 U.S.C. § 1292(d)(2), courts have consistently granted parties leeway in seeking certification.  See, e.g., Marriott Int'l Resorts, L.P. v. United States (Marriott), 63 Fed. Cl. 144, 144-47 (2004).

However, delay is permissible "only if there is a reason for the delay."  Weir v. Propst, 915 F.2d at 287.  Permissible reasons for delay would be "if developments since the interlocutory order had been entered demonstrated, as had been unclear earlier, that the order resolved a controlling question of law about which there was a substantial ground for a difference of opinion."  Id.  Parties should not confuse flexibility by the court with blanket permission to extend the time within which a party may seek certification.  Otherwise, the ten-day limit to appeal would be effectively nullified.  Id.  The question before this court is whether the year-long delay between the Opinion of this court and the defendant's motion seeking certification of interlocutory appeal is too long to constitute an "immediate appeal" within the meaning of section 1292(d)(2).

Delays longer than three months have generally been found to be untimely and motions to certify interlocutory appeals have been denied.  Wolfchild, 78 Fed. Cl. at 481 ("[C]ertification by amending a prior order was allowed up to three months after the order was issued when good cause was shown for the delay.  When delays were longer, certification was denied.") (internal citations omitted); Scholl, 68 Fed. Cl. at 60 (denying motion to certify as untimely after four-month delay); see, e.g., Fabricant v. Sears

Roebuck & Co., No. 98-1281-Civ, 2001 U.S. Dist. Lexis 24518 (S.D. Fla. Jan. 26, 2001) (denying motion to certify as untimely after forty-six day delay); Ferraro v. Sec'y of Dep't of Health & Human Servs., 780 F. Supp. 978, 979 (1992) (denying motion to certify as untimely after plaintiff's two-and-one-half-month delay).

Delays shorter than three months have generally been found to be timely.  Am. Mgmt. Sys., Inc., 57 Fed. Cl. at 276 (permitting certification after a two-month delay); Vereda, Ltda. v. United States, 46 Fed. Cl. 569, 570-71 (2000) (granting certification after three month delay, without discussion of timeliness).  But see Fabricant, 2001 U.S. Dist. Lexis 24518, at *4 (denying motion to certify as untimely after forty-six day delay).  Although certain delay is permissible, "[a]s the Supreme Court has observed, the congressional design underlying section 1292(b) was to reserve interlocutory review for exceptional cases while generally retaining for the federal courts a firm final judgment rule."  Am. Mgmt. Sys., Inc., 57 Fed. Cl. at 276 (internal quotations omitted).  Even within the three-month window, timeliness is not automatic and a party must still articulate a reason for the delay.  Compare Marriott, 63 Fed. Cl. at 145 (granting certification after seventy-three days when defendant was first granted a stay for the express purpose of deciding whether to seek certification for an interlocutory appeal or to seek a writ of mandamus), with Green v. City of New York, No. 05-CV-0429 (DLI)(ETB), 2006 WL 3335051, at *2 (E.D.N.Y. Oct. 23, 2006) (denying motion for certification of interlocutory appeal where no justification was offered for two-month delay).

Reasonable delay will not bar certification of an issue.  If a party does not receive notice of the certification through fault of the court, the court may vacate its earlier opinion and certify the issue a second time, notwithstanding the extended delay.  In re City of Memphis, 293 F.3d 345, 350 (6th Cir. 2002) (ultimately denying certification on the merits after finding party was not barred for untimeliness when delay was a result of court's action).  Neglect by a party, however, will not excuse failure to file an appeal within 10 days, and re-certification after an unjustified delay by a party is improper.  See id. at 348-50.  A party that is unable to articulate a reasonable justification for a delay will be denied permission.  See, e.g., Richardson, 202 F.3d at 958 (finding defendant's excuse that it needed two months to familiarize itself with a case that had been largely dormant for nine years to be "patently inadequate"); In re Buspirone, 210 F.R.D. 43, 49 (S.D.N.Y. 2002) (noting the lack of reasonable justification for a three-month delay in denying defendant's motion to certify interlocutory appeal).

There are only a few cases where a party has sought certification of an interlocutory appeal after a delay comparable to the delay in this case.  Delays of comparable length have resulted in denial of certification in nearly every instance.

Wolfchild, 78 Fed. Cl. 481-82 (denying certification for interlocutory appeal of three issues when there were delays of thirty months, nineteen months and eleven months); Gagen v. Sharar, No. Civ 99-1427 PHX RCB, 2006 U.S. Dist. Lexis 81176, at *6-7 (D. Ariz. Nov. 6, 2006) ("defendant's unexplained delay of fifteen months cannot be tolerated").

The only exception that this court has found where certification was permitted after such an extended delay is Aparico v. Swan Lake (Aparico), 643 F.2d 1109, a case heavily relied upon by defendant. Def.'s Reply to Pls.' Opp'n 4-5. In Aparico the Fifth Circuit permitted interlocutory appeal even though a year had passed since the underlying order was filed. Id. at 1110. The issue had been originally certified for interlocutory appeal, but defendant failed to perfect the appeal within the ten-day window. Id. at 1111. After the year delay, a different judge re-certified the issue, and, after much discussion, the Fifth Circuit permitted the appeal. Id. Aparico is distinguishable from the case before the court.

In Aparico, the issue was certified by the District Court for the Canal Zone District in 1979. Id. at 1111 n.2. The Panama Canal Act of 1979 required that all litigation in the Canal Zone District be terminated by 1982. Id. In certifying the issue the district court emphasized "the necessity of resolving all litigation in the District Court for the Canal Zone District by April, 1982 . . . ." Id. The court noted the unique situation it found itself in, faced with a strict deadline by which it had to conclude not only the case at issue, but also all other cases before the district court. Id. In its reliance on Aparico, defendant makes no note of the unique circumstances surrounding the Canal Zone District at the time the case was decided.

The lack of a bright-line rule regarding timeliness of an interlocutory appeal has resulted in varying case law. A summation of the current state of the law regarding timeliness of interlocutory appeals will be helpful in clarifying the law. In Wolfchild, the Court of Federal Claims denied certification where defendant waited thirty, nineteen and eleven months to certify issues that appeared in three separate rulings. 78 Fed. Cl. 481. In Scholl v. United States, the Court of Federal Claims denied defendant's motion as untimely after a four-month delay. 68 Fed. Cl. at 60. In Scanlon v. M.V. Super Servant 3, the First Circuit noted that the Rhode Island District Court appropriately denied certification as untimely after a four-month delay. 429 F.3d 6, 9 (1st Cir. 2005). In Weir v. Propst, the Seventh Circuit found certification untimely when the district court granted certification after a two-month delay. 915 F.2d at 287. In Richardson, the Seventh Circuit again found certification untimely after a two-month delay. 202 F.3d at 958.

In <u>Morton County Board of Trustees v. Cicero</u>, the Northern District of Illinois found certification untimely after a three-month delay.  25 F. Supp. 2d 882, 885 (N. D. Ill. 1998).  In <u>In re Buspirone</u>, the Southern District of New York found certification untimely after a three-month delay.  210 F.R.D. at 49-50.  In <u>Ferraro v. Secretary of Health and Human Services</u>, the Eastern District of New York found certification untimely after a two and a half-month delay.  780 F. Supp. at 979.  In <u>Loretta Fabricant v. Sears Roebuck & Co.</u>, the Southern District of Florida found certification untimely after a forty-six day delay.  2001 U.S. Dist. Lexis 24518, at *6.  In <u>Hypertherm, Inc. v. American Torch Tip Company</u>, the District of New Hampshire found certification untimely after a five-month delay.  No. 05-cv-373-JD, 2008 U.S. Dist. Lexis 31453, at * 3 (D.N.H. April 15, 2008).  In <u>Green v. New York</u>, the Eastern District of New York denied a motion for certification as untimely after a two-month delay.  2006 WL 3335051, at *2.  In <u>Gagen v. Sharar</u>, the District of Arizona found that a fifteen-month delay was inexcusable.  2006 U.S. Dist. Lexis 81176, at *6-7.

The Court of Federal Claims permitted certification after a two-month delay in <u>American Management Systems, Inc. v. United States</u>, with no mention of the timeliness of defendant's motion.  57 Fed. Cl. 275.  The Court of Federal Claims has permitted certification several times when the party seeking certification has filed within three months of the underlying order.  <u>E.g.</u>, <u>Marriott</u>, 63 Fed. Cl. at 144; <u>Vereda Ltda. v. United States</u>, 46 Fed. Cl. at 570-71.

The Government attempts to excuse its delay by pointing to the extensive consideration and necessary approvals required to seek certification.  Def.'s Reply to Pls.' Opp'n 2-3.  Specifically, defendant reminds the court that the Solicitor General herself must approve the decision to seek interlocutory appeal.  Def.'s Mot. Certify 3 n.1.  In addition to any delay that might ordinarily be expected defendant reminds the court that during the year which this case was at a standstill, the Administration changed, further complicating matters.  Def.'s Reply to Pls.' Opp'n 3-4.  The change in Administration resulted in many personnel changes throughout Department of Justice (DOJ).  <u>Id.</u> Defendant requests the court excuse its delay owing to the numerous changes in personnel and the disruption such changes inevitably cause.  <u>Id.</u>

The court is not unsympathetic to the challenges DOJ faces with its shifting personnel, but DOJ had more than five months under the prior Administration and more than six months under the current Administration to file its appeal.  Under recent authority in this court, a party has only three months within which to seek interlocutory appeal.  <u>Wolfchild</u>, 78 Fed. Cl. at 481.  The prior Administration was in office for five months after the underlying Opinion in this case was issued, more time than is usually permitted a party seeking interlocutory appeal.  <u>See</u>, <u>e.g.</u>, <u>Scanlon</u>, 429 F.3d at 8;

Richardson, 202 F.3d at 958; Weir, 915 F.2d at 286; Scholl, 68 Fed. Cl. at 59; Ferraro, 780 F. Supp. at 979.

A change in the Administration will excuse some delay on the defendant's part in filing an action, but it will not excuse a full year-long delay.  In Marriott, the government faced a similar time line in seeking interlocutory appeal. 63. Fed. Cl. 144.  The underlying order was issued at the end of July, and the government filed its motion seeking interlocutory appeal on November 2 of the same year, three months after the underlying order.  Id. at 144.  The order that was the subject of the Marriott appeal was also made during an election year, and yet, despite the possibility that there may have been a change in the administration, the government managed to complete all necessary steps and file its motion before the outcome of the election was known.  See id.  The government in this case has articulated no specific reason it was unable to follow a similar schedule in seeking interlocutory appeal.  See Def.'s Reply to Pls.' Opp'n; Def.'s Mot. Certify.  The court simply does not discern how it can read section 1292(d)(2) (including the words "immediate appeal"), in a way that can encompass a motion filed nearly a full year after the underlying Opinion.  Defendant's Motion to Certify is untimely.

Pursuant to the JPSR of November 5, 2008, the stay of discovery was scheduled to remain in place until the defendant decided not to file for interlocutory appeal, the court denied permission to file an interlocutory appeal or the Federal Circuit ruled on interlocutory appeal.  JPSR 3.  Because the court denies defendant's motion to certify Count II for interlocutory appeal, the STAY is LIFTED.  The parties agreed that, upon lifting the stay, discovery related to damages on Count II would require 90 days to complete.  JPSR 3.  The parties shall complete discovery regarding damages with respect to Count II on or before Monday, January 11, 2010.

III.    Conclusion

For the foregoing reasons, defendant's Motion seeking certification for interlocutory appeal is DENIED.  The stay of discovery regarding Count II is LIFTED.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Chief Judge

9