# In the United States Court of Federal Claims

No. 07-272C

(E-Filed May 5, 2017)[1]

|  |  |
|---|---|
| MARK G. ABBEY, et al., | ) |
| Plaintiffs, | ) |
| v. | ) RCFC 26(e)(1) supplemental disclosure; RCFC 37(c)(1) exclusion sanction |
| THE UNITED STATES, | ) |
| Defendant. | ) |

Gregory K. McGillivary, Washington, DC, for plaintiffs.  Sara L. Faulman, Washington, DC, of counsel.

Hillary A. Stern, Senior Trial Counsel, with whom where Benjamin C. Mizer, Acting Assistant Attorney General, Robert E. Kirschman, Director, and Reginald T. Blades, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.  Brett Daee and Michael Doherty, Senior Attorneys, Office of Chief Counsel, Federal Aviation Administration, Washington, DC, of counsel.

## OPINION AND ORDER

CAMPBELL-SMITH, Judge

     Plaintiffs in this case, current and former air-traffic-control specialists or traffic-management coordinators, allege that they are entitled to compensation from the Federal Aviation Administration (FAA) for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (FLSA).  In the complaint, plaintiffs claim that defendant failed to properly compensate them for hours worked in excess of their basic work requirements.  See ECF

---

[1]    This Opinion was filed under seal on March 31, 2017, ECF No. 339.  The court instructed the parties to file any requests for the redaction of protected material on or before April 17, 2017.  Id. at 1, n.1.  Neither party has proposed redactions.  Accordingly, this opinion is published without redactions.

No. 105 at 7 (second count of plaintiffs' sixth amended complaint).[2]  Specifically, plaintiffs claim that defendant "violated the FLSA by paying plaintiffs in the form of compensatory time or 'credit hours' at the rate of one hour for each hour of overtime hour worked." Id. at 7-8.  Such compensation was allegedly a problem because the FLSA requires certain employees to be paid for overtime hours at a rate of one and one-half times the rate of regular pay. See id.

Now before the court is the parties' dispute regarding defendant's request to supplement the record with new evidence it claims is pertinent to the calculation of damages. See ECF No. 327 at 5; ECF No. 331 at 1-2.  For the reasons set forth below defendant's request is **DENIED**.

I.   Background

This case was originally filed on May 1, 2007.  See ECF No. 1.  After years of litigation, discovery was closed on December 14, 2011.  See ECF No. 204 at 10. On December 27, 2011, the parties filed joint stipulations of facts.  See ECF No. 207.  As part of those facts, the parties stipulated that plaintiffs' damages expert based his calculations on payroll records dated from May 2, 2004 through October 1, 2009.  See id. at 3-4.  A trial was held to determine damages in March 2012.  The evidence at trial related to credit hours used by plaintiffs up to October 1, 2009, the date on which the FAA discontinued the credit hour program at issue.  See ECF No. 307 at 9; ECF No. 310-1 at 12-13.

The parties, thereafter, submitted post-trial briefs to the court, and the court issued its opinion on September 6, 2012.  See ECF No. 286.  Following the entry of judgment, defendant appealed the court's finding of liability.  The Federal Circuit remanded the case for consideration of a narrow issue relating to whether the FAA's overtime policies were fully or partly lawful, see ECF No. 326 at 3, but did not disturb the court's method for calculating damages, see id. at 15.  On remand, the parties filed cross motions for summary judgment to assist the court in deciding the issue of liability left open by the Federal Circuit.  See ECF Nos. 305, 306. On December 1, 2015, the court issued its decision on liability, and ordered the parties to cooperate in calculating damages in accordance with the opinion.  See ECF No. 326 at 17.

---

[2]   Plaintiffs' complaint contained four counts.  See ECF No. 105.  Plaintiffs voluntarily dismissed the first and third counts, the court entered summary judgment for plaintiffs on the second count, and entered summary judgment for defendant on the fourth count.  See ECF No. 286 at 2.  As such, the damages discussed in this opinion relate only to the second count of the complaint.

In January 2016, the parties filed individual statements outlining their respective positions on the damages calculations. See ECF Nos. 327, 331. The parties' dispute centers on whether defendant can offset the damages award with payroll record evidence, dated after September 2009, which is not already part of the record. See ECF No. 327 at 5, ECF No. 331 at 2. In its initial filing regarding this updated payroll record evidence, defendant represented that it provided the additional payroll record evidence regarding credit hours to plaintiff on two occasions, in December 2014 and December 2015. See ECF No. 331 at 2, n.2.

The court responded to the parties' submissions with an order directing defendant to show cause why its request to submit new evidence at this very late stage in the proceedings should not be denied. See ECF No. 330. In its response to the court's order, defendant argues its new evidence should be admitted because the evidence is important and will not prejudice the plaintiffs. See ECF No. 332 at 1. Defendant also insists that it has a reasonable excuse for not providing the evidence before now—it claims that the arguments before the court until now did not call for such evidence. See id. at 6-9. Plaintiffs oppose the use of new evidence on the basis that defendant's failure to timely produce the evidence is unjustified and prejudicial. See ECF No. 333 at 5-7.

The court then ordered supplemental briefing from the parties to address whether any prejudice created by the submission of the new evidence could be cured at this juncture. See ECF No. 336. In its supplemental brief, defendant maintains that the evidence would not be prejudicial to plaintiffs, and that additional discovery could be conducted. See ECF No. 338 at 8. Plaintiffs argue, however, that the prejudice created by the new evidence is extensive and cannot be cured. See ECF No. 337 at 6-11. Notably, in its supplemental brief, defendant revised its statement as to when it first provided updated payroll records to plaintiffs, claiming that it did so in August 2010, rather than its previously stated date of December 2014. ECF No. 338 at 4.

II.   Legal Standards

Rule 26(a) of the Rules of the United States Court of Federal Claims (RCFC) governs, inter alia, the disclosures a party is required to make at the outset of discovery:

> [A] party must, without awaiting a discovery request, provide to the other parties . . . a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses[.]

RCFC 26(a)(1)(A)(ii). This duty to disclose is a continuing one. A party must supplement or correct a previous disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the

3

additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." RCFC 26(e)(1)(A).

When analyzing the duty to supplement, this court considers the following factors: "(1) whether there was a prior response; (2) whether the response became materially incorrect or incomplete; (3) whether the government knew that the response was incomplete; and (4) whether the corrective information was otherwise made known to [p]laintiff through the discovery process or in writing." Zoltek Corp. v. United States, 71 Fed. Cl. 160, 164 (2006) (citing Tritek Techs., Inc. v. United States, 63 Fed. Cl. 740, 746-470 (2005)).[3]

In the event that supplementation is required, but is not timely offered, the court may exclude the additional evidence as a sanction:

> If a party fails to provide information or identify a witness as required by RCFC 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

RCFC 37(c)(1). This exclusion sanction is "automatic and mandatory" unless the violation was substantially justified or harmless. Zoltek Corp., 71 Fed. Cl. at 167 (citations omitted).

In considering whether a failure to disclose under RCFC 26(e) is either substantially justified or harmless error, the court applies a five factor test, considering: (1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; and (5) the explanation for the failure to disclose. See id. at 168. "The first four factors relate largely to the harmlessness exception, whereas the explanation for the failure to disclose relates to the justification requirement." Id. In determining whether a party's untimely disclosure was substantially justified, this court applies a reasonable person standard. Id. at 170.

III.   Discussion

The issue before the court is a discrete one—whether defendant should be permitted to submit new evidence, specifically approximately six years of payroll records, at this late stage in the proceedings. Defendant claims that such evidence should

---

[3]   In the Zoltek decision, the court cited a previous version of the rule regarding supplementation, then numbered RCFC 26(e)(2). The sections are substantially similar, imposing the same duty, and thus the court considers the same factors relevant here.

4

be permitted as consistent with the court's damages calculus, and to avoid a windfall for plaintiffs. See ECF No. 331 at 2. As explained above, it is undisputed that the particular evidence defendant wishes to use in its damages calculations is not part of the record now before the court. In evaluating this issue, therefore, the court must determine whether defendant was under a duty to disclose the information at an earlier point in the proceedings, and if so, whether its failure to do so was harmless or justified.

    A.    Defendant failed to discharge its duty to supplement disclosures

As an initial matter, the material at issue clearly qualifies as required disclosures under RCFC 26(a). Defendant has asserted as an affirmative defense that "[p]laintiffs have received full payment under all applicable statutes and regulations for all of the hours which they have worked." ECF No. 113 at 9. The updated payroll records are documents or electronically stored information that defendant "has in its possession, custody, or control" that it now seeks to "use to support its claims or defenses." RCFC 26(a)(1)(A)(ii). Because the records at issue were not initially disclosed by defendant, the court must determine whether defendant met any obligation to supplement its disclosures when the information became available.

As noted above, the court's analysis typically involves consideration of four factors: "(1) whether there was a prior response; (2) whether the response became materially incorrect or incomplete; (3) whether the government knew that the response was incomplete; and (4) whether the corrective information was otherwise made known to [p]laintiff through the discovery process or in writing." Zoltek Corp., 71 Fed. Cl. at 164 (citing Tritek Techs., Inc., 63 Fed. Cl. at 746-470).

The court need not belabor the initial part of this analysis because defendant concedes its duty to supplement. In its response to the court's December 1, 2015 opinion, defendant states: "[I]n providing the updated credit hour usage to plaintiffs, the Government is properly supplementing information previously requested by plaintiffs in discovery, as we are required to do by the Rules of the United States Court of Federal Claims. RCFC 26(e)." See Doc. 331 at 6.

The critical question, then, is "whether the corrective information was otherwise made known to [plaintiffs] through the discovery process or in writing," such that it would excuse the complained-of delay. Zoltek Corp, 71 Fed. Cl. at 164. "While information may be considered to have been 'otherwise made known' where the alleged disclosure is clear and unambiguous, where the alleged disclosure is not sufficiently clear, it cannot satisfy the requirements of RCFC 26." Tritek Techs., Inc. v. United States, 63 Fed. Cl. 740, 748 (2005).

Here, defendant initially stated that updated payroll records were first provided to plaintiff in December 2014. See ECF No. 331 at 2 n.2, 7. In its supplemental brief,

however, defendant revised this statement, and represented to the court that in August 2010, it provided "plaintiffs with updated credit hour usage data demonstrating credit hour usage and accrual by plaintiffs up to and including April 24, 2010." ECF No. 338 at 4.

As a foundation for this revision, defendant cites to the following statement, which appears twice in the documents plaintiff filed in support of its partial motion for summary judgment: "On August 13, 2010, after the production of plaintiffs' expert report, the FAA provided additional data for the Abbey plaintiffs to cover the time period up to April 24, 2010." ECF No. 152-5 at 7 (McGillivary declaration); ECF No. 154 at 16 (plaintiff's proposed findings of fact). Defendant's characterization of this statement is too ambitious. Plaintiff's admission that it received "additional data" does not demonstrate a clear and unambiguous disclosure of "credit hour usage and accrual." Furthermore, the fact that in December 2011, the parties stipulated that plaintiffs' damages expert based his calculations on records dated from May 2, 2004 through October 1, 2009, cuts against any inference that updated credit hour usage and accrual was part of that August 2010 disclosure.

As a further attempt to demonstrate timely disclosure, defendant points to the trial testimony of Ms. Sherri Jensen, and plaintiffs' general knowledge of the credit hour system:

> Ms. Sherri Jensen, a Management and Program Analyst in the Office of Human Resource Management, Federal Aviation Administration (FAA), testified on March 5, 2012, that, pursuant to the parties['] 2009 Collective Bargaining Agreement, air traffic controllers could no longer earn credit hours but could continue to use credit hours earned prior to October 1, 2009. Thus, plaintiffs were on notice that credit hour usage was continuing (which, of course, they knew because they were the ones using credit hours.)

ECF No. 331 at 6-7.

The weakness in defendant's argument here is two-fold. First, even assuming Ms. Jensen's testimony was sufficient to make plaintiffs aware of the existence of additional, potentially relevant payroll records, that awareness is not the same as actually producing those records. After all, she testified only that plaintiffs could use previously-accrued credit hours, not that they did so. See ECF No. 263, Tr. at 510:9-10. But perhaps more problematic is the fact that the evidence about which Ms. Jensen testified was available long before trial. Defendant offers no justification for its failure to supplement before Ms. Jensen testified. Plaintiffs' general awareness of the credit hour system is simply not equivalent to a "clear and unambiguous disclosure," sufficient to put plaintiffs on notice of defendant's intention to submit specific, previously undisclosed offsets.

6

Defendant makes much of emphasizing that the court's methodology for calculating damages, laid out in the September 2012 opinion, included an offset for credit hours.  See ECF No. 331 at 2-3; ECF No. 332 at 4.  It argues that consideration of the new records is entirely consistent with, and indeed necessary to, the court's approach.  See ECF No. 332 at 5.  In the court's view, however, this point actually undercuts defendant's position that its December 2014 supplemental disclosure was timely.  Even assuming, for the sake of argument, that defendant did not have a duty to disclose the information prior to the March 2012 trial, the methodology laid out in the September 2012 opinion, should have immediately put defendant on notice that the record on which it wished to base its damages calculations was incomplete.

For these reasons, the court finds that defendant had a duty to make supplemental disclosures, and that it did not discharge that duty in a timely manner.

      B.      The evidence should be excluded under RCFC 37(c)(1)

Because defendant failed to supplement its disclosures in a timely manner, the court must exclude the evidence it now seeks to use "unless the failure was substantially justified or is harmless." RCFC 37(c)(1).  See also Zoltek Corp., 71 Fed. Cl. at 167 (noting that exclusion is "automatic and mandatory unless the party violating [RCFC] 26 shows that the violation was justified or harmless") (citations omitted).  Defendant bears the burden to prove that its failure was substantially justified or harmless. Id. at 167.

To determine whether defendant's failure to supplement its disclosures was substantially justified or harmless, the court looks to the factors identified in Zoltek Corp. v. United States:  (1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; and (5) the explanation for the failure to disclose.  See Zoltek Corp., 71 Fed. Cl. at 168.  See also MicroStrategy Inc. v. Business Objects, S.A., 429 F.3d 1344, 1357 (Fed. Cir. 2005) (citing S. States Rack & Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003)).  "The first four factors relate largely to the harmlessness exception, whereas the explanation for the failure to disclose relates to the justification requirement." Zoltek Corp., 71 Fed. Cl. at 168. (citing S. States Rack & Fixture, 318 F.3d at 596-597).

          1.      Defendant's failure was not substantially justified

Defendant offers several explanations for its failure to supplement its disclosures at an earlier point in the proceedings.  First, defendant notes that at the time of the March 2012 trial, payroll records dated after March 2012 did not yet exist.  See ECF No. 332 at 7.  This explanation is facially insufficient, as it fails entirely to account for the data between October 2009 and March 2012 that did exist.

7

Second, defendant argues that withholding relevant data was reasonable because had it prevailed on remand, plaintiffs would not be entitled to recover any damages. See id. at 7-8. But permitting a party to violate its duty under the discovery rules because that party believes it will ultimately prevail on the merits of its position is simply illogical.

Finally, defendant asserts that while its appeal was pending, the issue of damages was irrelevant. "Once the Court issued its December 1, 2015, [sic] decision finding that the FAA's credit hour policies were not entirely within its authority, the issues of damages again became relevant, as confirmed by the Court's order that the parties attempt to reach agreement as to the amount of damages due." Id. at 9. Defendant reasoned that, "[a]lthough this evidence could, perhaps, have been submitted earlier, there was no practical reason to do so, and the Government's reasons for why it did not do so are reasonable." Id. The court disagrees with defendant's position in the strongest terms. Not only do the rules of this court require supplementation, the idea that the relevance of certain information depends on the stage of the proceedings is antithetical to the orderly, efficient, and fair management of litigation.

The court finds that none of the explanations offered by defendant as bases for its failure to supplement could reasonably be considered sufficient to excuse its violation of Rule 26(e). See Zoltek, 71 Fed. Cl. at 170 ("Substantial justification is justification sufficient to satisfy a reasonable person that parties could disagree as to whether compliance with the disclosure requirement was required.").

2.  Defendant's failure is not harmless

Upon consideration of the present circumstances, the court finds that: (1) the information withheld by defendant is important; (2) the late disclosure of the evidence significantly prejudices plaintiffs; (3) allowing the evidence in would certainly cause substantial disruption; and (4) a sufficient cure for the prejudice is not available.

The payroll records at issue here are clearly important. This fact is amply demonstrated both by defendant's vociferous argument in support of its desire to admit the evidence, and the apparent practical implications of that evidence on plaintiff's recovery. Indeed, in defendant's own words: "The value of the updated payroll information is great; this payroll information is critical to the accurate calculation of damages in this case." ECF No. 332 at 4. Defendant insists that plaintiff's opposition is "absurd[ ]" see id. at 11, and that failing to permit consideration of the records at issue would result in an "improper windfall" recovery, see id. at 10. Notably, the possibility of a materially different recovery is supported by defendant's expert's conclusion that more than 186,000 credit hours were used by plaintiffs between September 27, 2009 and 2014. See ECF No. 331 at 7.

The late disclosure of the payroll records both significantly prejudices plaintiffs and would cause substantial disruption in the case. Defendant suggests that accounting for the new information would be a simple matter of making additional mathematical calculations, thus not causing material inconvenience to plaintiffs. See ECF No. 332 at 5-6; ECF No. 338 at 6. Plaintiffs disagree. They claim that "the new evidence raises more questions than it answers," and that dealing with those questions "will require a substantial amount of additional discovery, unnecessarily causing further delay to the ultimate resolution of this case." ECF No. 333 at 15. Specifically, plaintiffs claim they would be entitled to an opportunity to explore:

> how the credit hour system that defendant previously represented had ended on October 1, 2009, was being used, who was eligible, how credit hours were somehow accrued as well as used, and significantly, whether liquidated damages should be awarded for credit hours used throughout the case as the unjustified late payment of overtime.

Id. If even a relatively small portion of the discovery plaintiffs outline is ultimately necessary, the effort, time, and money it would take is likely to materially prejudice plaintiffs. This is particularly true, and particularly disruptive, given the exceedingly advanced stage of the proceedings.

Defendant suggests that reopening discovery would cure any prejudice suffered by plaintiffs. See ECF No. 338 at 8. Plaintiffs argue that the resulting delay of this case, in which discovery closed and trial was held more than five years ago, would effect incurable prejudice if the court admitted defendant's updated payroll records. See ECF No. 337 at 9-11. The court agrees. Allowing defendant to use the updated payroll records in its calculations would be patently unfair without permitting plaintiffs to prepare any opposition to those records. Doing so would require, at minimum, reopening discovery. Reopening discovery at this stage would unjustifiably cost plaintiffs time and resources for which the court cannot provide compensation.

Because defendant's failure to timely supplement its disclosures was harmful and was not justified, the updated payroll records must be excluded. See also Zoltek Corp., 71 Fed. Cl. at 167 (noting that exclusion is "automatic and mandatory unless the party violating [RCFC] 26 shows that the violation was justified or harmless") (citations omitted).

IV.   Conclusion

Defendant had numerous opportunities to disclose some or all of the payroll records it now seeks to admit—during discovery, at the trial on damages, or even in the post-trial briefing. Disclosure at any of those points in time would have been both more sensible and fairer than disclosure at this exceedingly late stage. The court does not find that defendant's failure to supplement its disclosures was intentional or malicious. Nevertheless it was a mistake that cannot now be corrected, and defendant must bear the consequences. For these and the reasons explained above, defendant's request to file new payroll record evidence of damages offsets is **DENIED**.

On or before **July 30, 2017**, the parties shall jointly calculate and file a stipulation with the court for the amount of compensation to which each representative plaintiff is entitled.

IT IS SO ORDERED

                                                s/ Patricia Campbell-Smith
                                                PATRICIA CAMPBELL-SMITH
                                                Judge